1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   Novato, California  94948-6169
4  (415) 898-1555
   (415) 898-1247 (Fax No.)
5

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12 MARGARET McCUE, as Wrongful Death      )    No. C 08-3181-EMC
   Heir, and as Successor-in-Interest to   )
13 STANLEY McCUE, Deceased; and            )
   STEPHANIE FINCH and JEFFERY             )
14 McCUE, as Legal Heirs of STANLEY        )
   McCUE, Deceased, JOANN                  )    COMPLAINT FOR SURVIVAL,
15 VALLADON, as Wrongful Death Heir,       )    WRONGFUL DEATH - ASBESTOS;
   and as Successor-in-Interest to GEORGE  )
16 VALLADON, Deceased; and BRAD            )    DEMAND FOR JURY TRIAL
   VALLADON, JOYCE SISSOM, TERRY           )
17 VALLADON, as Legal Heirs of GEORGE      )
   VALLADON, Deceased, MARGARET            )
18 LINDSEY, as Wrongful Death Heir, and    )
   as Successor-in-Interest to ROBERT      )
19 LINDSEY, Deceased; and CYNTHIA          )
   LINDSEY TATE and MARCUS                 )
20 LINDSEY, as Legal Heirs of ROBERT       )
   LINDSEY, Deceased,                      )
21                                         )
            Plaintiffs,                    )
22                                         )
   vs.                                     )
23                                         )
   GENERAL ELECTRIC COMPANY,               )
24 KAISER VENTURES LLC, NEWPORT            )
   NEWS SHIPBUILDING AND DRY               )
25 DOCK COMPANY, UNITED STATES             )
   STEEL CORPORATION,                      )
26                                         )
            Defendants.                    )
27 _____        )

28

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

# I.

# PARTIES

1.     Plaintiffs in this action are the above captioned successor-in-interest to, or the personal representative of the estate of decedents; and the personal representatives on behalf of the legal heirs, or the heirs-at-law, of the decedents, and are all hereinafter referred to as "Plaintiffs".

2.     The persons who sustained asbestos-related lung injuries and death as a result of their inhalation of asbestos fibers through their occupational exposure to asbestos, hereinafter "decedents" are, with their date of death: STANLEY McCUE died July 5, 2007;  GEORGE VALLADON died August 9, 2007; and ROBERT LINDSEY  died August 26, 2007.

3.     MARGARET McCUE is the spouse of  STANLEY McCUE, Deceased, JOANN VALLADON is the spouse of  GEORGE VALLADON, Deceased, and MARGARET LINDSEY is the spouse of  ROBERT LINDSEY, Deceased, and are hereinafter referred to as "surviving spouse".

4.     Each of these decedents sustained an asbestos-related lung disease and death by precisely the same mechanism: the inhalation of asbestos fibers released during the handling of asbestos-containing products at their jobsites.

5.     The pathogenesis of each plaintiffs' asbestos-related diseases is explained on **Exhibit A**, attached to plaintiff's complaint and incorporated by reference herein.

6.     All of plaintiffs' claims arise out of a similar series of occurrences:  repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at decedents' worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the decedents, resulting in cumulative, progressive, incurable lung diseases.

7.     Each plaintiff claims damages for an asbestos-related disease arising from an identical series of occurrences not dependent on each individual decedents' worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by decedents, caused serious lung disease.

1  The allegations of plaintiffs regarding the nature of decedents' asbestos-related diseases, the

2  nature of asbestos; the propensity of asbestos to cause disease, the criteria for diagnosis of

3  disease, are all identical.

4      8.      Plaintiffs are informed and believe, and thereon allege, that at all times herein

5  mentioned, defendants were and are corporations, partnerships, unincorporated associations, sole

6  proprietorships and/or other business entities organized and existing under and by virtue of the

7  laws of the State of California, or the laws of some other state or foreign jurisdiction, and that

8  said defendants, and each of them, were and are authorized to do and are doing business in the

9  State of California, and that said defendants have regularly conducted business in the State of

10  California.

11                                        **II.**

12              **JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

13      9.      <u>Jurisdiction</u>:  Plaintiffs MARGARET McCUE,  STEPHANIE FINCH and

14  JEFFERY McCUE are citizens of the State of Arizona.  Plaintiffs JOANN VALLADON, BRAD

15  VALLADON, JOYCE SISSOM, TERRY VALLADON are citizens of the State of Nevada.

16  Plaintiffs MARGARET LINDSEY and CYNTHIA LINDSEY TATE and are citizens of the

17  State of Georgia.Plaintiff MARCUS LINDSEY is a citizen of the State of Alabama.  Defendant

18  GENERAL ELECTRIC COMPANY is a  corporation incorporated under the laws of and having

19  its principal places of business in the State of Connecticut.   Defendant KAISER VENTURES

20  LLC  is a  corporation incorporated under the laws of and having its principal places of business

21  in the State of California. Defendant NEWPORT NEWS SHIPBUILDING AND DRY DOCK

22  COMPANY is a  corporation incorporated under the laws of and having its principal places of

23  business in the State of the State of Virginia. Defendant UNITED STATES STEEL

24  CORPORATION is a  corporation incorporated under the laws of and having its principal places

25  of business in the State of Pennsylvania.

26      This Court has original jurisdiction under 25 USC § 1332, in that it is a civil action

27  between citizens of different states in which the matter in controversy exceeds, exclusive of costs

28  and interest, seventy-five thousand dollars.

1      10.   <u>Venue / Intradistrict Assignment</u>.   Venue is proper in the Northern District of

2  California and assignment to the San Francisco Division of said district is proper as a substantial

3  part of the events or omissions which give rise to the claims asserted by plaintiffs herein

4  occurred  within the County of San Francisco, California, and all of the defendants are subject to

5  personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

<u>FIRST CAUSE OF ACTION</u>
(Negligence - Survival)

10  PLAINTIFF MARGARET McCUE AS SUCCESSOR-IN-INTEREST TO DECEDENT

11  STANLEY McCUE  COMPLAINS OF DEFENDANTS KAISER VENTURES LLC, THEIR

12  "ALTERNATE ENTITIES,"AND EACH OF THEM; PLAINTIFF JOANN VALLADON AS

13  SUCCESSOR-IN-INTEREST TO DECEDENT GEORGE VALLADON COMPLAINS OF

14  DEFENDANTS  KAISER VENTURES LLC, NEWPORT NEWS SHIPBUILDING AND DRY

15  DOCK COMPANY, THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; PLAINTIFF

16  MARGARET LINDSEY AS SUCCESSOR-IN-INTEREST TO THE DECEDENT ROBERT

17  LINDSEY,   COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, UNITED

18  STATES STEEL CORPORATION, THEIR "ALTERNATE ENTITIES,"AND EACH OF

19  THEM;  EACH FOR A COUNT FOR NEGLIGENCE (SURVIVAL) ALLEGE AS FOLLOWS:

21      11.   At all times herein mentioned, each of the named defendants was the successor,

22  successor in business, successor in product line or a portion thereof, assign, predecessor,

23  predecessor in business, predecessor in product line or a portion thereof, parent, holding

24  company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole

25  or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

26  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

27  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

28  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious conduct of each successor, successor in business, successor in product line or a portion thereof, assign, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded, that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and advertised a certain product, namely asbestos, and other products containing asbestos. The following defendants, and each of them, are liable for the acts of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual destruction of plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE ENTITY; defendants, and each of them, caused the destruction of plaintiffs' remedy against each such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill originally attached to each such ALTERNATE ENTITY:

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| GENERAL ELECTRIC COMPANY | MATTERN X-RAY |
| | HOTPOINT ELECTRIC APPLIANCE COMPANY LIMITED |
| | TRUMBULL ELECTRIC MANUFACTURING COMPANY |
| | G E INDUSTRIAL SYSTEMS |
| | CURTIS TURBINES |
| | PARSONS TURBINES |
| | GENERAL ELECTRIC JET ENGINES |

////

////

////

1   ////

2   UNITED STATES STEEL CORPORATION          USX CORPORATION
    (FKA USX CORPORATION)                    CONSOLIDATED WESTERN PIPE & STEEL
3                                            CONSOLIDATED WESTERN STEEL CORPORATION
                                             CONSOLIDATED STEEL SHIPYARD
4                                            WESTERN PIPE & STEEL
                                             CONSOLIDATED SHIPBUILDING CORP.
5                                            UNITED STATES STEEL, LLC
                                             U.S. STEEL SUPPLY
6                                            U.S. STEEL COMPANY
                                             COLUMBIA STEEL COMPANY
7                                            AMERICAN BRIDGE & IRON
                                             CARNEGIE-ILLINOIS STEEL CORPORATION
8                                            FEDERAL SHIPBUILDING
                                             AMERICAN TRISTAR
9                                            OIL WELL SERVICING COMPANIES
                                             OIL WELL SUPPLY COMPANY
10                                           MARATHON OIL CORPORATION
                                             COLUMBIA-GENEVA STEEL DIVISION
11
    KAISER VENTURES LLC                      KAISER VENTURES, INC.
12                                           KAISER STEEL RESOURCES, INC.
                                             KAISER CO., INC.
13                                           KAISER STEEL CORPORATION
                                             KAISER RESOURCES, INC.
14                                           KAISER SHIPYARD - VANCOUVER
                                             KSC RECOVERY, INC. (Successor to the Bankruptcy Estate
15                                            of Kaiser Steel Corporation)

16
17          12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and

18   each of them, were and are engaged in the business of researching, manufacturing, fabricating,

19   designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

20   supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating,

21   promoting, representing, servicing, installing, contracting for installation, repairing, marketing,

22   warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

23   or otherwise directing and/or facilitating the use of, or advertising a certain product, namely

24   asbestos and other products containing asbestos.

25          13.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and

26   each of them, singularly and jointly, negligently, and carelessly researched, manufactured,

27   fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed

28   to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale,
    supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted,

1  installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted,

2  rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos,

3  and other products containing asbestos, in that said products caused personal injuries to users,

4  consumers, workers, bystanders and others, including the decedents herein, (hereinafter

5  collectively called "exposed persons"), while being used in a manner that was reasonably

6  foreseeable, thereby rendering said products hazardous, unsafe, and dangerous for use by

7  "exposed persons".

8       14.    Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to

9  exercise due care in the pursuance of the activities mentioned above and defendants, and each of

10  them, breached said duty of due care.

11       15.    Defendants, their ALTERNATE ENTITIES and each of them, knew, or should

12  have known, and intended that the aforementioned asbestos and products containing asbestos

13  and related products and equipment, would be transported by truck, rail, ship, and other common

14  carriers, that in the shipping process the products would break, crumble, or be otherwise

15  damaged; and/or that such products would be used for insulation, construction, plastering,

16  fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

17  limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

18  breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

19  release of airborne asbestos fibers, and that through such foreseeable use and/or handling

20  "exposed persons", including decedents herein, would use or be in proximity to and exposed to

21  said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

22  persons working in proximity to said products, directly or through reentrainment.

23       16.    Decedents have used, handled, or been otherwise exposed to asbestos and

24  asbestos-containing products referred to herein in a manner that was reasonably foreseeable.

25  Decedents' exposure to asbestos and asbestos-containing products is on current information as

26  set forth at various locations and circumstances in **Exhibit A,** attached hereto and incorporated

27  by reference herein.

28  ////

1    ////

2    17.    As a direct and proximate result of the acts, omissions, and conduct of the

3    defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, decedents' exposure

4    to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

5    or harm to the decedents as set forth in **Exhibit A**, attached to plaintiffs' complaint and

6    incorporated by reference herein.

7    18.    Plaintiffs are  informed and believes, and thereon alleges, that progressive lung

8    disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos

9    fibers

10    without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

11    asbestos and asbestos-containing products over a period of time.

12    19.    Decedents suffered from a condition related to exposure to asbestos and asbestos-

13    containing products.  Decedents were not aware at the time of exposure that asbestos or asbestos-

14    containing products presented any risk of injury and/or disease.

15    20.    As a direct and proximate result of the aforesaid conduct of the defendants, their

16    "alternate entities," and each of them, decedents incurred liability for physicians, surgeons,

17    nurses, hospital care, medicine, hospices, X-rays and other medical treatment, the true and exact

18    amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to amend this

19    complaint accordingly when the true and exact cost thereof is ascertained.

20    21.    As a direct and proximate result of the aforesaid conduct of the defendants, their

21    ALTERNATE ENTITIES, and each of them, decedents incurred liability for the reasonable

22    value of medial care provided by decedents' family members measured by, inter alia, the costs

23    associated with the hiring a registered nurse, home hospice, or other service provider, the true

24    and exact amount thereof being unknown to plaintiffs at this time, and plaintiffs pray leave to

25    amend this complaint accordingly when the true and exact costs are known or at time of trial.

26    22.    As a direct and proximate result of the aforesaid conduct of defendants, their

27    ALTERNATE ENTITIES, and each of them, decedents suffered permanent injuries to his

28    person, body, and health, including, but not limited to, asbestosis, other lung damage, and cancer

and related sequelae, and the mental and emotional distress attendant thereto, and ultimately death, from the effect of exposure to asbestos fibers, all to his general damage in the sums to be proven at trial.

23.    As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedents incurred loss of income, benefits, entitlements, wages, profits, and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiffs; and leave is requested to amend this complaint to conform to proof at the time of trial.

24.    As a further direct and proximate result of the said conduct of the defendants, their ALTERNATE ENTITIES, and each of them, decedents' exposure to asbestos and asbestos-containing products caused severe and permanent injury to decedents, and ultimately decedents died on the dates previously stated herein.

25.    Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

26.    Defendants, their ALTERNATE ENTITIES, and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors, and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

27.    The herein-described conduct of said defendants, their ALTERNATE ENTITIES, and each of them, was and is despicable, willful, malicious, fraudulent, outrageous, and in conscious or reckless disregard and indifference to the safety, health, and rights of "exposed persons", including decedents herein, giving rise to decedents' claim herein alleged for punitive damages against said defendants.

WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as hereinafter set forth.

////

1  ////

2  ////

3                    SECOND CAUSE OF ACTION

4                    (Products Liability - Survival)

5  PLAINTIFF MARGARET McCUE AS SUCCESSOR-IN-INTEREST TO DECEDENT

6  STANLEY McCUE  COMPLAINS OF DEFENDANTS KAISER VENTURES LLC, THEIR

7  "ALTERNATE ENTITIES,"AND EACH OF THEM; PLAINTIFF JOANN VALLADON AS

8  SUCCESSOR-IN-INTEREST TO DECEDENT GEORGE VALLADON COMPLAINS OF

9  DEFENDANTS  KAISER VENTURES LLC, NEWPORT NEWS SHIPBUILDING AND DRY

10  DOCK COMPANY, THEIR "ALTERNATE ENTITIES,"AND EACH OF THEM; PLAINTIFF

11  MARGARET LINDSEY AS SUCCESSOR-IN-INTEREST TO THE DECEDENT ROBERT

12  LINDSEY,   COMPLAINS OF DEFENDANTS GENERAL ELECTRIC COMPANY, UNITED

13  STATES STEEL CORPORATION, THEIR "ALTERNATE ENTITIES,"AND EACH OF

14  THEM;  EACH FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

15  ACTION FOR PRODUCTS LIABILITY (SURVIVAL), COMPLAIN AS FOLLOWS:

16        28.    Plaintiffs incorporates herein by reference, as though fully set forth herein, each

17  paragraph of the First Cause of Action  herein.

18        29.    Defendants, their "alternate entities", and each of them, knew and intended that

19  the above-referenced asbestos and asbestos-containing products would be used by the purchaser

20  or user without inspection for defects therein or in any of their component parts and without

21  knowledge of the hazards involved in such use.

22        30.    Said asbestos and asbestos-containing products were defective and unsafe for

23  their intended purpose in that the inhalation or ingestion of asbestos fibers causes serious disease

24  and/or death.  The defect existed in the said products at the time they left the possession of

25  defendants, their ALTERNATE ENTITIES, and each of them.  Said products did, in fact, cause

26  personal injuries, including asbestosis, other lung damage, cancer, and death to "exposed

27  persons", including decedents herein, while being used in a reasonably foreseeable manner,

28  thereby rendering the same defective, unsafe, and dangerous for use.

1  ////

2  ////

3    31.    "Exposed persons" did not know of the substantial danger of using said products.

4  Said dangers were not readily recognizable by "exposed persons".  Said defendants, their

5  ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

6  which decedents and others similarly situated were exposed.

7    32.    In researching, manufacturing, fabricating, designing, modifying, testing or

8  failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying,

9  offering for sale, supplying, selling, inspecting, testing, authorizing, approving, certifying,

10  facilitating, promoting, representing, endorsing servicing, installing, contracting for installation,

11  repairing, marketing, warranting, rebranding, manufacturing for others, packaging and

12  advertising asbestos and asbestos-containing products, defendants, their ALTERNATE

13  ENTITIES, and each of them, did so with conscious disregard for the safety of "exposed

14  persons" who came in contact with said asbestos and asbestos-containing products, in that said

15  defendants, their ALTERNATE ENTITIES, and each of them, had prior knowledge that there

16  was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-

17  containing products, including, but not limited to, asbestosis, other lung damages, and cancer.

18  Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or

19  with the assistance of, said defendants, their ALTERNATE ENTITIES, and each of them, and

20  which knowledge was obtained by said defendants, their ALTERNATE ENTITIES, and each of

21  them on or before 1930, and thereafter.

22    33.    On or before 1930, and thereafter, said defendants, their ALTERNATE

23  ENTITIES and each of them, were aware that members of the general public and other "exposed

24  persons", who would come in contact with their asbestos and asbestos-containing products, had

25  no knowledge or information indicating that asbestos or asbestos-containing products could

26  cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

27  members of the general public and other "exposed persons", who came in contact with asbestos

28  and asbestos-containing products, would assume, and in fact did assume, that exposure to

1   asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

2   hazardous to health and human life.

3   ////

4       34.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

5   of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

6   lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

7   market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

8   asbestos-containing products without attempting to protect "exposed persons" from, or warn

9   "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

10  asbestos-containing products.  Rather than attempting to protect "exposed persons" from, or

11  warn "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos

12  and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

13  intentionally failed to reveal their knowledge of said risk, and consciously and actively

14  concealed and suppressed said knowledge from "exposed persons" and members of the general

15  public, thus impliedly representing to "exposed persons" and members of the general public that

16  asbestos and asbestos-containing products were safe for all reasonably foreseeable uses.

17  Defendants, their ALTERNATE ENTITIES, and each of them, engaged in this conduct and

18  made these implied representations with the knowledge of the falsity of said implied

19  representations.

20      35.    The above-referenced conduct of said defendants, their ALTERNATE

21  ENTITIES, and each of them, was motivated by the financial interest of said defendants, their

22  ALTERNATE ENTITIES, and each of them, in the continuing, uninterrupted research, design,

23  modification, manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for

24  sale, supply, sale, inspection, installation, contracting for installation, repair, marketing,

25  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating,

26  or otherwise directing and/or facilitating the use of, or advertising of asbestos and asbestos-

27  containing products.  In pursuance of said financial motivation, said defendants, their

28  ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

1   persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

2   containing products to cause injury to "exposed persons" and induced persons to work with and

3   be exposed thereto, including decedents.

4   ////

5       36.    Plaintiffs alleges that the aforementioned defendants, their ALTERNATE

6   ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

7   products, to be safe for their intended use, but that their asbestos and asbestos-containing

8   products, created an unreasonable risk of bodily harm to exposed persons.

9       37.    Plaintiffs relied upon defendants', their ALTERNATE ENTITIES, and each of

10  their representations, lack of warnings, and implied warranties of fitness of asbestos and their

11  asbestos-containing products.  As a direct, foreseeable, and proximate result thereof, decedents

12  suffered permanent injury and death as alleged herein.

13      38.    As a direct and proximate result of the actions and conduct outlined herein,

14  decedents have suffered the injuries and damages herein alleged.

15      WHEREFORE, plaintiffs pray judgment against defendants, their "alternate entities", and

16  each of them, as hereinafter set forth.

17

18                  THIRD CAUSE OF ACTION
                    (Negligence - Wrongful Death)
19

20  PLAINTIFF MARGARET McCUE INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND

21  AS SUCCESSOR-IN-INTEREST TO DECEDENT STANLEY McCUE AND PLAINTIFFS

22  STEPHANIE FINCH and JEFFERY McCUE AS LEGAL HEIRS OF STANLEY McCUE,

23  DECEASED, COMPLAIN OF DEFENDANTS KAISER VENTURES LLC, THEIR

24  "ALTERNATE ENTITIES,"AND EACH OF THEM; PLAINTIFF JOANN VALLADON

25  INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST

26  TO DECEDENT GEORGE VALLADON AND PLAINTIFFS BRAD VALLADON, JOYCE

27  SISSOM, TERRY VALLADON AS LEGAL HEIRS OF GEORGE VALLADON, DECEASED,

28  COMPLAIN OF DEFENDANTS  KAISER VENTURES LLC, NEWPORT NEWS

1  SHIPBUILDING AND DRY DOCK COMPANY, THEIR "ALTERNATE ENTITIES,"AND

2  EACH OF THEM; PLAINTIFF MARGARET LINDSEY INDIVIDUALLY, AS WRONGFUL

3  DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DECEDENT ROBERT LINDSEY,

4  AND PLAINTIFFS CYNTHIA LINDSEY TATE and MARCUS LINDSEY AS LEGAL HEIRS

5  OF ROBERT LINDSEY ,DECEASED, COMPLAIN OF DEFENDANTS GENERAL

6  ELECTRIC COMPANY, UNITED STATES STEEL CORPORATION, THEIR "ALTERNATE

7  ENTITIES,"AND EACH OF THEM;   EACH FOR A THIRD, SEPARATE, FURTHER AND

8  DISTINCT CAUSE OF ACTION FOR NEGLIGENCE (WRONGFUL DEATH), COMPLAIN

9  AS FOLLOWS:

10      39.    Plaintiffs  incorporates by reference each paragraph contained within the First

11  Cause of Action as though fully set forth herein.

12      40.    The heirs at law of the decedents and their relationship to the decedents are set

13  forth above.

14      41.    The individuals set forth as heirs constitute all of the surviving heirs of the

15  respective decedents.

16      42.    As a direct and proximate result of the conduct of the defendants, their

17  ALTERNATE ENTITIES, and each of them, as aforesaid, the exposure to asbestos and asbestos-

18  containing products caused decedents to develop diseases from which condition decedents died.

19  Plaintiffs were unaware that the death caused by asbestos-related disease until within one year of

20  filing the complaint.

21      43.    At all times prior to his death, decedents were a faithful and dutiful spouse to their

22  surviving spouse.

23      44.    As a direct and proximate result of the conduct of defendants, and each of them,

24  and the death of decedents, decedents' heirs have sustained pecuniary loss resulting from the loss

25  of care, society, comfort, attention, services, and support of decedents all to the damage of

26  decedents' heirs.

27      45.    As a further direct and proximate result of the conduct of defendants, and each of

28  them, and the death of decedents, decedents' heirs have incurred funeral expenses in an amount

1  currently not ascertained.

2       WHEREFORE, plaintiffs pray judgment against defendants, and each of them, as

3  hereinafter set forth.

4  ////

5                              FOURTH  CAUSE OF ACTION
                              (Products Liability - Wrongful Death)

6

7  PLAINTIFF MARGARET McCUE INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND

8  AS SUCCESSOR-IN-INTEREST TO DECEDENT STANLEY McCUE AND PLAINTIFFS

9  STEPHANIE FINCH and JEFFERY McCUE AS LEGAL HEIRS OF STANLEY McCUE,

10  DECEASED, COMPLAIN OF DEFENDANTS KAISER VENTURES LLC, THEIR

11  "ALTERNATE ENTITIES,"AND EACH OF THEM; PLAINTIFF JOANN VALLADON

12  INDIVIDUALLY, AS WRONGFUL DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST

13  TO DECEDENT GEORGE VALLADON AND PLAINTIFFS BRAD VALLADON, JOYCE

14  SISSOM, TERRY VALLADON AS LEGAL HEIRS OF GEORGE VALLADON, DECEASED,

15  COMPLAIN OF DEFENDANTS  KAISER VENTURES LLC, NEWPORT NEWS

16  SHIPBUILDING AND DRY DOCK COMPANY, THEIR "ALTERNATE ENTITIES,"AND

17  EACH OF THEM; PLAINTIFF MARGARET LINDSEY INDIVIDUALLY, AS WRONGFUL

18  DEATH HEIR, AND AS SUCCESSOR-IN-INTEREST TO DECEDENT ROBERT LINDSEY,

19  AND PLAINTIFFS CYNTHIA LINDSEY TATE and MARCUS LINDSEY AS LEGAL HEIRS

20  OF ROBERT LINDSEY ,DECEASED, COMPLAIN OF DEFENDANTS GENERAL

21  ELECTRIC COMPANY, UNITED STATES STEEL CORPORATION, THEIR "ALTERNATE

22  ENTITIES,"AND EACH OF THEM;   EACH FOR A FOURTH, SEPARATE, FURTHER AND

23  DISTINCT CAUSE OF ACTION FOR PRODUCTS LIABILITY (WRONGFUL DEATH),

24  COMPLAIN AS FOLLOWS:

25       46.     Plaintiffs incorporates herein by reference, as though fully set forth herein, each

26  paragraph of the First, Second and Third Causes of Action herein.

27       47.     As a direct and proximate result of the conduct of defendants, and each of them,

28  decedents' heirs have sustained the injuries and damages previously alleged.

1    WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",

2    and each of them, as hereinafter set forth.

3    ////

4    ////

5

6                                    **IV.**

7                          **DAMAGES AND PRAYER**

8    WHEREFORE, plaintiffs prays judgment against defendants, their "alternate entities",

9    and each of them in an amount to be proved at trial in each individual case, as follows:

10    (a)    For plaintiffs' general damages according to proof;

11    (b)    For plaintiffs' loss of income, wages and earning potential according to proof;

12    (c)    For plaintiffs' medical and related expenses according to proof;

13    (d)    For plaintiffs' cost of suit herein;

14    (e)    For exemplary or punitive damages according to proof;

15    (f)    For damages for fraud according to proof; and

16    (g)    For such other and further relief as the Court may deem just and proper, including

17    costs and prejudgment interest.

18    Dated: June 30, 2008                    BRAYTON❖PURCELL LLP

19                                                    /s/  David R.  Donadio

20                                        By:    _____
                                                David R.  Donadio
21                                                Attorneys for Plaintiffs

22

23                                    **JURY DEMAND**

24    Plaintiffs hereby demand trial by jury of all issues of this cause.

25    Dated: June 30, 2008                    BRAYTON❖PURCELL LLP

26                                                    /s/  David R.  Donadio

27                                        By:    _____
                                                David R.  Donadio
28                                                Attorneys for Plaintiffs

EXHIBIT A

**Decedent: <u>STANLEY McCUE , deceased</u>**

**Decedent's injuries:**  Decedent was diagnosed with lung cancer on or about October 2007, and with asbestosis on or about December 1994, and with asbestos-related pleural disease on or about February 1994.  Decedent died on July 5, 2007.

**Defendants:**  Plaintiffs contend that the asbestos-containing products to which Decedent  was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.

Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products:

<u>Stanley McCue, deceased</u>

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Tillie Lewis Foods Inc. Stockton, CA | Tillie Lewis Foods, Inc. Stockton, CA | Unknown | Approx. 7/1959-12/1959; 7/1960-12/1960; 7/1961-12/1961; 4/1962-12/1962; 7/1963-12/1963; 4/1964-12/1964; 10/1965-12/1965 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| John Inglis Frozen Foods Co. & S A Gerrard Farming Corp. Modesto, CA | Unknown | Unknown | Approx. 10/1959-12/1959 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is

currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| L C Brosemer & Robt L. Brosemer Sacramento, CA | Sacramento Engineering & Machine Works Sacramento, CA | Unknown | Approx. 10/1959-12/1959; 10/1968-12/1968 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Naval Exchange Treasure Island Naval Exchange San Francisco, CA | Treasure Island Naval Exchange, Naval Station Treasure Island San Francisco, CA | Unknown | Approx. 10/1960-12/1960 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Haig Berberian Modesto, CA | Berberian Orchards, Modesto, CA | Unknown | Approx. 10/1963-12/1963 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Leland P. Foust Modesto, CA | Foust Trailer Repair, Modesto, CA | Unknown | Approx. 1/1964-3/1964 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

K:\Injured\109944\FEDA (WD).wpd

2

EXHIBIT "A"

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Greater Western Real Estate Investment Trust Indio, CA | Unknown | Unknown | Approx. 4/1964-6/1964 |

Job Duties: Decedent was unable to recall the specifics of this employment. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dekens & Riley Machine Shop Blythe, CA | Dekens & Riley Machine Shop Blythe, CA | Unknown | Approx. 4/1964-6/1964 |

Job Duties: Decedent was unable to recall the specifics of this employment. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Hogan MGF Inc., Escalon, CA | Unknown | Unknown | Approx. 10/1964-3/1966 |

Job Duties: Decedent was unable to recall the specifics of this employment. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Gunther-Shirley-Lane Mile 18 Joint Venture, Glenbrook, NV | Gunther-Shirley-Lane Mile 18 Joint Venture, Glenbrook, NV | Unknown | Approx. 4/1966-6/1966 |

Job Duties: Decedent was unable to recall the specifics of this employment. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| | Location of | | Exposure |
|---|---|---|---|

EXHIBIT "A"

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| Ralph Bambacigno, Modesto, CA | Bambacigno Steel Co., Modesto, CA | Unknown | Approx. 4/1966-6/1966 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| P E Vanpelt Inc., Oakdale, CA | Unknown | Unknown | Approx. 7/1966-9/1966 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bambacigno Steel Co. a California Corp., Modesto, CA | Bambacigno Steel Corp., Modesto, CA | Unknown | Approx. 7/1966-9/1966 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nestle Food Company, Glendale, CA | Unknown | Unknown | Approx. 7/1966-12/1966 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Colberg's Boat Works, Stockton, CA | Colberg's Boat Works, Stockton, CA various barges and tour boats; | Welder | Approx. 1/1966-6/1966; 10/1966-6/1967; 10/1967-3/1968 |

HARBOR KING,
HARBOR QUEEN,
HARBOR PRINCE
HARBOR PRINCESS
RICE QUEEN

Job Duties:  Decedent did repair work on barges and tour boats.  Decedent worked in close proximity to insulation.  Decedent removed and replaced gaskets.  Decedent cut the tour boats in two and made them approximately 20 feet longer.  Decedent used asbestos blankets.  Decedent wore a paper dust mask.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Bechtel Corporation | various locations, including: | Rigger/Welder | 1967-1968; 1969-1970; 1972-1975; 1976-1977;1983 |
| | Four Corner Power Plant, Farmington, NM | | 1967-1968 for approximately one year.  1983 for 14 days |
| | Mojave Powerhouse, Laughlin, NV | | 1969-1970 |
| | Navajo Powerhouse (Salt River Project), Page, AZ | | 1972-1975 for approximately 3 years |
| | Coronado Powerhouse, St. Johns, AZ | | 1976-1977 for approximately 1½ years |
| | Cholla Powerhouse, Joseph City, AZ. | | 1975 for approximately 8 months |

Job Duties:  Decedent performed welding jobs.  Decedent used welding blankets which he cut to size.  Decedent removed and replaced gaskets.  Decedent helped wrap pipes.  Decedent occasionally wore asbestos gloves   At the Navajo power plant in Page, dececent worked on boilers.  Decedent removed and replaced gaskets.  Decedent used asbestos blankets.  Decedent worked on scaffolding underneath where insulators were working.  Decedent wore paper dust

masks.  At the Cholla Power Plant in Joseph City, decedent worked on boilers.  Decedent removed and replaced gaskets.  Decedent used asbestos blankets.  Decedent worked on scaffolding underneath where insulators were working.  Decedent wore paper dust masks.  Decedent worked in close proximity to the installation of boiler and steampipe insulation.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Stanislaus Food Products Co Corp., Modesto, CA | Unknown | Unknown | Approx. 7/1968-9/1968 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Floyd E. & Betty Lou Knecht, Manteca, CA | Superior Stainless, Manteca, CA | Unknown | Approx. 10/1968-12/1968 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Phil Ward & Chet Schmid, Ceres, CA | Phil Ward Co., Ceres, CA | Unknown | Approx. 10/1968-12/1968; 1/1971-3/1971 |

Job Duties:  Decedent was unable to recall the specifics of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Kaiser Steel, Bakersfield, CA | Edmonton Pump Station, Bakersfield, CA | Welder | 1968 approximately 6-8 months |

EXHIBIT "A"

Job Duties:  Decedent performed welding work on a penstock.  Decedent used asbestos blankets which he cut to size.  Decedent used asbestos gloves.   Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Combustion Engineering | PG&E, Pittsburg, CA | Welder | 1970;1982 |

Job Duties:  Decedent worked on boilers.  Decedent tore out boiler insulation.  Decedent removed and replaced gaskets.  Decedent performed welding jobs at power plants.  Decedent used asbestos blankets.  Decedent worked on boilers and headers.  Decedent installed boiler insulation.  Decedent removed and replaced gaskets.  Decedent wore paper dust masks.   Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Combustion Engineering | PG&E, Morro Bay, CA | Welder | 1982 for 26 days |

Job Duties:  Decedent worked on boilers.  Decedent tore out boiler insulation.  Decedent removed and replaced gaskets.  Decedent worked in close proximity to rip-out of insulation.  Decedent wore paper dust masks.   Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| American Bridge | Melones Dam, Tuolome County, CA | Welder | 1972 for approximately 6 months |

Job Duties:  Decedent performed welding work on a penstock.  Decedent used asbestos blankets.  Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Research Cotrell, Wilcox, AZ | Apache Station Powerhouse (ARIZEL), AZ | Welder | 1977 for approximately 6 months |

Job Duties:  Decedent worked on a precipitator and on a scrubber.  Decedent used asbestos

EXHIBIT "A"

blankets and removed and replaced gaskets.    Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Babcock & Wilcox<br>PO Box 311<br>Barberton OH 44203 | Louisiana Pacific,<br>Snowflake, AZ | Welder/<br>Boilermaker | 1978-1980<br>1993<br>1994<br>1995<br>1996<br>1997 |

Job Duties:   Decedent performed welding jobs on boilers.  Decedent used welding blankets. Decedent removed and replaced gaskets.    Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Jesco,<br>Farmington,<br>NM | Power Plant (Decedent did not recall if it was Four Corners or San Juan),<br>Farmington,  NM | Welder | August 1980  2 weeks |

Job Duties:  Decedent worked on boilers.  Decedent removed and replaced gaskets.  Decedent used asbestos blankets.  Decedent worked on scaffolding underneath where insulators were working.  Decedent wore paper dust masks.    Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Reinches,<br>St. Johns, AZ | Coronado Powerhouse,<br>St. Johns, AZ | Welder | September 1980<br> 3 days |

Job Duties: Job duties:  Decedent performed welding jobs on manways.  Decedent removed and replaced gaskets.   Plaintiff currently contends decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Babcock & Wilcox | various locations including: | Welder | 1980;1981;1983; |

|  | 1985-1993 |
|---|---|
| Louisiana Pacific Paper Mill, Snowflake, AZ | 1980 for 1 day; January 1981-April 1981 for 46 days; 1983 for 6 days |
| PG&E, Moss Landing, CA | April 1981-July 1981 for 82 days; 1985 for 23 days; 1986 for 10 days; 1987 for 20 days; 1988 for 4 days; 1989 for 10 days; 1990 for 11 days; 1991 for 40 days; April 1992 for 9 days; November 1992 for 11 days; December 1992 for 11 days |
| PG&E, Morro Bay, CA | 1985 for 49 days; 1987 for 35 days; 1992 for 9 days |
| Four Corners Power Plant, Farmington, NM | 1986 for 16 days |
| Apache Station Powerhouse, (ARIZEL), AZ | 1986 for 99 days |
| PG&E, Antioch, CA | 1988 for 40 days; 1992 for 11 days |
| Port of Stockton, Stockton, CA | 1988 for 3 days |
| Crown Simpson Paper Mill, Anderson, CA | 1988 for 5 days; 1989 for 3 days |
| PG&E, Pittsburg, CA | 1990 for 2 days |

|                              |                      |
| ---------------------------- | -------------------- |
| Shell Oil Refinery, Martinez, CA | October 1991 for 19 days. |
| Tracy Biomass Power, Ltd., Tracy, CA | January 1993 for 5 days |

Job Duties:  Decedent performed welding jobs on boilers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| -------- | -------------------- | --------- | -------------- |
| Catalytic, Joseph City, AZ | Cholla Powerhouse, Joseph City, AZ | Welder | 1980 for 1 day |

Job Duties:  Decedent performed welding duties on boilers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| -------- | -------------------- | --------- | -------------- |
| M.M. Sundt Co., St. Johns, AZ | Coronado Powerhouse, St. Johns, AZ | Welder | November 1980-December 1980 26 days |

Job Duties:   Decedent worked on boilers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| -------- | -------------------- | --------- | -------------- |
| Van Dyke Western | Superior Mining Copper Smelting, Miami, AZ | Welder | September1981 for 11 days |

Job Duties:  Decedent performed welding duties on boilers.   Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| -------- | -------------------- | --------- | -------------- |
| Western Power, P.O. Box 25225, Albuquerque, NM 87125. | Power Plant (Decedent did not recall if it was Four Corners or San Juan), Farmington, NM | Welder | March 1982 for 10 days |

Job Duties:  Decedent worked on boilers. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Schneider Power Corp., 125 7th Street, Pittsburgh, PA 15222. | Power Plant (Decedent did not recall if it was Four Corners or San Juan), Farmington, NM | Welder | March 1982-August 1982; April 1989 |
| | Unknown jobsite, Stockton, CA | | 1989 for 10 days |

Job Duties:  Decedent performed welding jobs on boilers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plains Electric Generator & Transmission Co-op | Unknown power plant | Welder | June 1982-August 1982 |

Job Duties:  Decedent worked on boilers. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Atlantic Plant Maintenance, 2510 Baltway 8, Pasadena, TX 77503. | Power Plant (Decedent ddid not recall if it was Four Corners or San Juan), Farmington, NM | Welder | March 1983-April 1983; March 1984-May 1984; December 1984; January 1985; January 1993 |
| | Coronado Powerhouse, St. Johns, AZ | | 1984 for 61 days; 12/94 for 15 days; 1985 for 8 days |
| | Stanford University, Palo Alto, CA | | 1993 for 7 days 1997 |

Job Duties:   Decedent performed welding jobs on boilers.  Decedent removed and replaced

gaskets. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Electrical Energy Services, Inc., P.O. Box 1980, Farmington, NM 87499. | Power Plant (Decedent did not recall if it was Four Corners or San Juan), Farmington, NM | Welder | April 1983-May 1983; September 1984-October 1984 (1983 for 14 days 1984 for 9 days) |

Job Duties:   Decedent worked on boilers. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Kiewit Graves, Kodiak, AK | Penstock Generating Station, Kodiak, AK | Welder | June 1983-October 1983 (134 days) |

Job Duties:  Decedent performed welding duties in manways on penstocks.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Sohio AK Petroleum Co., Pouch 6-612, Anchorage, AK 99502. | Sohio Oil Module Station, Prudhoe Bay, AK | Welder | June 1984-October 1984 (25 days) |

Job Duties:   Decedent performed welding duties on pipes.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Salt River Project | Coronado Powerhouse, St. Johns, AZ | Welder | March 1987-April 1987; November 1987-December 1987 ( 67 days) |

Job Duties:  Decedent performed welding duties on boilers. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| PSF Industries, Inc., P.O. Box 3747, Seattle, WA 98124. | Crown-Simpson Pulp Mill, Eureka, CA | Welder | November 1988; October 1989; October 1990; April 1991; October; November 1992 (1992 for 8 days; 1989 for 10 days; 1990 for 6 days; 1991 for 7 days; 1992 for 7 days) |
| | Crown-Simpson Paper Mill, Anderson, CA | | 1992 for 2 days |

Job Duties:   Decedent performed welding jobs on boilers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| CH Murphy-Clark-Ullman, 5565 N. Dolphin Street, Portland, OR 97217 | Crown-Simpson Pulp Mill, Eureka, CA | Welder | December 1988 (8 days) |
| | Louisiana Pacific, Samoa, CA | | 1989 for 4 days; 1990 for 8 days |
| | Sierra Pacific Lumber Mill, Quincy, CA | | 1990 for 7 days |
| | Lumber Mill, Hayfork, CA | | 1990 for 5 days; 1992 for 5 days |
| | Garbage Burner, Crows Landing, CA | | March 1992 for 3 days |

1994,1996 and
1997

Job Duties:   Decedent performed welding jobs on boilers.   Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.
.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Riley Stoker Corp., P.O. Box 15040, Worcester, MA 01615 | Sierra Pacific Power Co., Tracy Clark Power Plant, Sparks, NE | Welder | November 1989 (11 days) |

Job Duties:  Decedent performed welding jobs on boilers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Swinerton & Walberg, 580 California Street, San Francisco, CA 94104 | various locations, including: | Welder | 1990-1992 |
| | PG&E, Moss Landing, CA | | 1990 for 6 days |
| | Port of Stockton, Stockton, CA | | 1990 for 5 days |
| | PG&E, Pittsburg, CA | | 1991 for 12 days |
| | GWF Co-gen, Hanford, CA | | 1992 for 6 days |

Job Duties:  Decedent performed welding jobs on boilers. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Performance Mechanical, Inc., P.O. Box 1516, Pittsburg, CA 94565 | various locations, including: | Welder | March 1990, February, March 1992 |
| | GWF Co-gen, | | 1992 for 23 days |

Pittsburg, CA

Job Duties:  Decedent performed welding jobs on boilers. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| ARB, Inc., 4042 Patton Way, Bakersfield, CA 93308 | PG&E, Moss Landing, CA | Welder | November 1992 for 11 days |

Job Duties:  Decedent performed welding jobs on boilers.   Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dillingham Construction, Inc., P.O. Box 1089, Pleasanton, CA 94566. | Port Chicago, CA | Welder | January 1993 (4 days) 1994 1995 |

Job Duties:   Decedent performed welding jobs on a GWF co-gen.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fru-Con Construction Corp 15933 Clayton Road Ballwin MO 63011-2172 | Unknown | Unknown | 1993 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| PZR Corporation 5 Neponset Street Worcester MA 01606 | Unknown | Unknown | 1994 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is

currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Swinerton Builders<br>260 Townsend Street<br>San Francisco CA | Unknown | Unknown | 1994 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bechtel Construction Co.<br>50 Beale Street<br>San Francisco CA | Unknown | Unknown | 1994 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| A R B Inc.<br>26000 Commercentre Drive<br>Lake Forst CA | Unknown | Unknown | 1994 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Swinerton Industrial Inc.<br>1 Kaiser Plaza Suite 701<br>Oakland CA | Unknown | Unknown | 1995 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| PSF Industries Inc.<br>P.O. Box 3747<br>Seahtle WA 98124 | Unknown | Unknown | 1995<br>1996 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Scott Co of California<br>P. O. Box 5555<br>San Leandro CA | Unknown | Unknown | 1995 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Foster Wheeler Constructors Inc.<br>Perryville Corporate Park<br>Clinton NJ 08809 | Unknown | Unknown | 1996 |

Job Duties:   Plaintiff is currently unaware of the duties of this employment.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.


**Decedent: <u>GEORGE VALLADON , deceased</u>**

**Decedent's injuries:**  Decedent was diagnosed with asbestosis and asbestos-related pleural disease on or about March 2003.  Decedent died on August 9, 2007

**Defendants:**  Plaintiffs contend that the asbestos-containing products to which Decedent  was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.

Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below.  The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the manufacturers and distributors of asbestos-containing products

EXHIBIT "A"

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Quarter Master Corps., Oakland, CA | Chevrolet Plant, 73rd Ave & Foothill Blvd., Oakland, CA | Laborer | 6/1944-8/1944 |

Job Duties: Decedent packaged clothing and cut cardboard boxes.  Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Tribune Pub. Co. | Oakland Tribune Oakland, CA | Newspaper deliveryman | 12/1944-1/1945 |

Job Duties: Decedent recalled delivering papers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Dewey and Almy Chemical Company | Dewey and Almy Chemical Company San Leandro, CA | Laborer | 4/1945-6/1945 |

Job Duties: Decedent recalled cleaning out drums filled with lagging adhesive.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Naval Supply Center, Oakland, CA | Naval Supply Center, Oakland, CA | Laborer | 6/1945-8/1945 |

Job Duties: Decedent performed warehouse work.  Decedent loaded and unloaded aircraft parts, including but not limited to aircraft wings, wiring and gun turrets.  Decedent was currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Bethlehem Steel Shipbuilding, Alameda, CA | Bethlehem Steel Shipbuilding, Alameda, CA | Laborer | 7/1946-9/1946 |

Job Duties: Decedent worked for a steel fabricating company.  Decedent got iron and steel ready for the shop by putting slings around the metal so that it could be lifted by the crane.  Decedent occasionally worked in the shop, using a torch to cut holes in steel.  Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Marine Corps | U.S. Marine Corps | Military Policeman | 7/1946-6/1948; 10/1950-8/1951 |
| | U.S. Marine Corps Recruiting Depot, San Diego, CA | Trainee | 7/1946-9/1946 |
| | U.S. Marine Corps Air Station, El Toro, CA | Truck Driver | 9/1946-12/1947 |
| | Naval Prison, Terminal Island Base, San Pedro, CA | Military Police | 12/1947-6/1948 |
| | Long Beach Naval Shipyard, Long Beach, CA | Military Police | 6/1948 |
| | Camp Pendleton, Oceanside, CA; MSNS GENERAL E.T. COLLINS (AP-147) | Infantryman | 10/1950-11/1950 |
| | U.S. Marine Corps, Korea; USS MONTROSE (APA-212); USS MONTRAIL (APA-213) | Infantryman/ Truck Driver | 11/1950-8/1951 |

Job Duties: Decedent attended basic training while in San Diego, California.  Decedent drove a dump truck while at U.S. Marine Corps Air Base in El Toro, California.  Decedent picked up aircraft parts while driving the dump truck.  Decedent observed NORTHROP  "Black Widow" P-61 aircraft being maintained.  Decedent was discharged from Long Beach Naval Shipyard in

Long Beach, California.  Decedent was called back into the U.S. Marine Corps in October of
1950.  Decedent learned combat while at Camp Pendleton in Oceanside, California.  Decedent
sailed aboard the <u>MSNS GENERAL E.T. COLLINS</u> to Korea.  Decedent performed combat,
patrolled and drove a truck while in Korea.  Decedent sailed aboard the <u>USS MONTROSE</u> and
the <u>USS MONTRAIL</u> on the way home from Korea and remembers that there was asbestos
covered pipe above his bunk and that the pipecovering had tears in the canvas.  Decedent was
currently unable to recall the names of any supervisors or co-workers.  Plaintiff currently
contends that decedent may have been exposed to asbestos during this employment.

| <u>Employer</u> | Location of<br><u>Exposure</u> | <u>Job Title</u> | Exposure<br><u>Dates</u> |
|---|---|---|---|
| Norstrom Valve Company<br>Oakland, CA | Norstrom Valve Co.<br>Oakland, CA | Grinder | 1948 |

Job Duties: Decedent drove a forklift.  Decedent ground valve bodies of NORSTROM valves.
Plaintiff currently contends that decedent may have been exposed during this employment.

| <u>Employer</u> | Location of<br><u>Exposure</u> | <u>Job Title</u> | Exposure<br><u>Dates</u> |
|---|---|---|---|
| Leader Auto Supply<br>Oakland, CA | Leader Auto Supply<br>Oakland, CA | Salesman | 12/1948-6/1949 |

Job Duties: Decedent recalled selling auto parts.  Decedent recalled selling BENDIX brakes and
removing them from the boxes to show to customers.  Decedent also recalled selling clutch parts,
gaskets and mufflers.  Decedent recalled removing these other parts from the boxes to show
them to customers.  Decedent was unable to recall the names of any supervisors or co-workers.
Plaintiff currently contends that decedent may have been exposed to asbestos during this
employment.

| <u>Employer</u> | Location of<br><u>Exposure</u> | <u>Job Title</u> | Exposure<br><u>Dates</u> |
|---|---|---|---|
| Aircraft Engineering &<br>Maintenance, Oakland, CA | Oakland International<br>Airport, Oakland, CA | Aircraft<br>Mechanic<br>(Student) | 7/1948-12/1949 |

Job Duties: Decedent  learned about aircraft from top to bottom.  Decedent  recalled that the
wiring and pipes on the aircraft were wrapped with asbestos cloth.  Decedent installed and
removed aircraft parts.  Decedent worked on the engines of STEARMAN aircraft.  Decedent
worked on PRATT-WHITNEY gasoline R-2000 engines.  Decedent also recalled working on the
NORTH AMERICAN B-25 aircraft which had WRIGHT engines.  Decedent recalled
performing engine work and adjusting the brakes on these aircraft.  Decedent recalled observing

others replace engine gaskets on these aircraft.  Decedent recalled the following classmate: Trenton Barber, address unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this schooling.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Aircraft Engineering and Maintenance, Oakland, CA | Oakland International Airport, Oakland, CA | Sheet metal Mechanic | 07/1949-12/1949 |

Job Duties: Decedent worked on wings and engine covers of aircraft.  Decedent recalled working on R-5 D aircraft manufactured by DOUGLAS.  Decedent recalled that each of these aircraft had four PRATT & WHITNEY engines.  Decedent recalled performing overhaul work on these aircraft.  Decedent recalled that these aircraft's had asbestos wiring and seals that were repaired and/or replaced.  Decedent worked in close proximity to a co-worker, Jim Michiado, Oakland, California, who was removing asbestos from the engine ring to perform spot welding.  Decedent recalled that the asbestos was on the engine ring to contain heat.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Hughes Co. Berkeley, CA | Melrose Building Maintenance, 4501 Tidewater, Oakland, CA | Warehouseman | 04/1950-09/1950 |

Job Duties: Decedent loaded and unloaded flat cars,  box cars, and trucks.  Decedent unloaded the first sheetrock that came into the bay area.  Decedent also unloaded and handled Portland cement and a lime product that was used to make plaster.  Decedent transported the sheetrock to homes in the Oakland Hills, California and Hayward, California.  Decedent cleaned up broken sheetrock that occasionally fell off of the vehicle while being transported.  Decedent also loaded and unloaded button board, that contained asbestos as a binder.  Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff currently contends that decedent  may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fry's Wrecking Yard, San Leandro, CA | Fry's Wrecking Yard, 1638 152nd Ave., San Leandro, CA | Automobile Wrecker | 07/1951-9/1952 |

Job Duties: Decedent wrecked vehicles.  Decedent  cut the vehicles using a cutting torch.

Decedent wore goggles and gloves to perform this work. Decedent removed the brake drums and clutches from the vehicles and separated the transmissions from the engines. Decedent performed this work on FORD, DAIMLERCHRYSLER, CHEVROLET, PIERCE ARROW, STUDEBAKER, DODGE, PACKARD MOTOR CAR COMPANY and AUSTIN HEALEY vehicles. Decedent sold the good brake drums in a shop and the bad brake drums were taken by truck to a scrap yard. Decedent worked with his father-in-law and owner, Willard Fry (deceased). Decedent recalled the following additional co-workers: Mick Bartlett, deceased; John Fry, deceased; E.B. Landry, deceased. Plaintiff currently contends that decedent  may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Western Asbestos Co. San Francisco, CA | Riordan High School, San Francisco, CA | Insulator | 7/1952-6/1953 (approx. 2-4 weeks) |

Job Duties: Decedent recalled mixing JOHNS-MANVILLE insulating cement, carrying materials, and insulating piping. Decedent applied UNIBESTOS insulation to the steamlines under the school's basement. Decedent worked in close proximity to various trades, including but not limited to: welders, carpenters, lathers, plumbers, plasterers, painters, cement finishers, electricians, pipefitters and laborers. Decedent worked with the following co-worker: Dominic Amandola, deceased. Plaintiff currently contends that decedent  may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Western Asbestos Co. San Francisco, CA | PG&E Powerhouse, Antioch, CA; Antioch #2 | Insulator | 7/1952-6/1953 (approx. 6 months) |

Job Duties: Decedent worked as an insulator's apprentice mixing insulating cement and bringing insulators the supplies that they needed in order to perform their work. Decedent recalled bringing materials to others working on a boiler. Decedent recalled observing others working inside this boilers installing firebrick and refractory materials. Decedent  recalled installing insulation on the first floor of the powerhouse at a pumping station. Decedent also cut pipecovering to make fittings for elbows. Decedent retrieved JOHNS-MANVILLE pipecovering from a large tent that was being used for a warehouse. Decedent worked in close proximity to various trades, including but not limited to: welders, carpenters, electricians, pipefitters, plumbers, riggers, crane operators, operating engineers, boilermakers and laborers. Decedent recalled that the general contractor was BECHTEL. Decedent  recalled that the other trades on this job were also working under BECHTEL. Decedent recalled that BECHTEL had laborers on the job to clean up after all the trades every day. Decedent recalled the following supervisors:

Harry Fry, deceased; Thurman Gates, deceased.  Plaintiff recalls the following co-workers: Ed Morse, deceased; Bill Stein, deceased; Earl Beck, deceased; Rudy Brakovich, address unknown. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Western Asbestos Co. San Francisco, CA | Falstaff Brewing Corp., San Jose, CA | Insulator | 7/1952-6/1953 (approx. 1-2 weeks) |

Job Duties: Decedent recalled carrying materials.  Decedent removed and installed cork insulation.  Decedent recalled working on the ammonia pumps and up in the roof removing and replacing insulation.  Decedent recalled working in the vicinity of the following trades: plumbers, fitters, electricians, welders, laborers, and carpenters.  Decedent recalled the following co-worker:  John Pernez, Sr., deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Western Asbestos Co. San Francisco, CA | Kaiser Hospital, Walnut Creek, CA | Insulator | 7/1952-6/1953 |

Job Duties: Decedent applied insulation to the air conditioning ducts. Decedent recalled working around the following  trades: sheet metal workers, plumbers, sprinkler fitters,  carpenters, laborers, electricians, and plasterers.  Decedent worked with the following co-workers:  John Perniz, Sr., deceased, and Joe P. Sandoval, deceased.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Western Asbestos Co. San Francisco, CA | Fairmont Hospital, San Leandro, CA | Insulator | 7/1952-6/1953 |

Job Duties:  Decedent applied JOHNS-MANVILLE pipecovering to pipes in a new boiler room, containing 2 boilers.  Decedent recalled removing and replacing old piping.  Decedent  recalled mixing mud.  Decedent  also applied pipe covering in a tunnel that housed pipes coming from the boilers.  Decedent worked in close proximity to laborers sweeping up the debris in the tunnels creating a lot of dust.  Decedent recalled performing work in the boiler room.  Decedent worked in close proximity to various trades, including but not limited to: pipefitters, welders, carpenters, plasterers, sprinkler fitters, electricians, laborers, sheetrockers and plumbers.

Decedent  recalled the plumbers, electricians, and pipefitters scraping off fireproofing materials
in order to install their hangers.  Decedent  recalls the laborers cleaning up after everybody.
Decedent worked with the following co-workers:  Rudolph Brajkovich, deceased, and Benjamin
Norrie, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos
during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Louis Stores, Inc. Oakland, CA | Louis Stores, Inc. Oakland, CA | Warehouseman | 7/1953-12/1953 |

Job Duties:  Decedent did not recall his job duties during this employment.  Plaintiff is currently
unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co. | Todd Shipyard, Alameda, CA; various ships, including but not limited to: USS MONTEREY (1932) | Insulator | 10/1953-9/1955 |

Job Duties:  Decedent worked as an insulator's apprentice, carrying supplies from the warehouse
to the ships, so that the insulators could perform their jobs.  Decedent retrieved JOHNS-
MANVILLE insulation, PABCO mud, and "wet-ass" mix that was used to contain heat at very
high temperatures.  Decedent  recalled installing and removing insulation materials.  Decedent
worked in close proximity to pipefitters removing and installing asbestos gaskets.  Decedent
recalled working around the following trades employed by TODD SHIPYARDS:  painters,
welders, pipefitters, electricians, boilermakers.  Decedent  recalled working aboard the
MONTEREY off and on for approximately one month.  Decedent recalled performing work in
the boiler rooms, passageways, and various other compartments aboard the MONTEREY and
other vessels he worked aboard at TODD SHIPYARDS.  Decedent  recalled working in both
boiler rooms aboard the MONTEREY while others, employed by TODD, were working on the
inside of the boilers.  Decedent recalled the TODD pipefitters removing pipe insulation in his
presence.  Specifically, decedent  recalled pipefitters, employed by TODD, directing his work
and instructing him as to what pipe insulation to remove.  Decedent also  recalled TODD
specifying which materials to install.  Decedent worked with the following co-workers:  Buddy
Drose, deceased; Ray Kelly, deceased; William Green Sr. (c/o Brayton❖Purcell LLP); Rudolph
Brajkovich, deceased; William Brajkovich, deceased, Hal Edwards, deceased, Steve Gilovich,
address unknown; and Edward Paolucci, deceased.  Plaintiff currently contends that decedent
may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co. | Mare Island Naval Shipyard, Vallejo, CA; Shop 51; Machine Shop | Insulator | 10/1953-9/1955 (off & on) |

Job Duties: Decedent worked in Shop 51, which did not have much ventilation.  Decedent also worked in a machine shop where he was insulating steam piping and mixing insulating cement.  Decedent  installed JOHNS-MANVILLE insulation and PABCO insulating cement to pipes.  Decedent worked in close proximity to various trades, including but not limited to: pipefitters, plumbers, electricians, carpenters, welders and laborers.  In shop 51, decedent recalled insulating piping, duct work, and fan housings.  Decedent also recalled mixing insulating cement in shop 51.  Decedent  recalled working around the above-mentioned trades in addition to sprinkler fitters and sheetmetal workers.  Decedent  worked with the following co-workers:  Bill Riley, address currently unknown; Buddy Drose, address currently unknown; Rudolph Brajkovich, deceased; William Brajkovich, deceased; William Green Sr. (c/o Brayton❖Purcell LLP); Allan Edwards, deceased, and Edward Paolucci, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mundet Cork Corporation | Mare Island Naval Shipyard, Vallejo, CA; Shop 51; Machine Shop | Insulator | 4/1953-9/1953; 7/1961-3/1962 (off & on) |

Job Duties:  Decedent worked in Shop 51, which did not have much ventilation.  Decedent also worked in a machine shop where he was insulating steam piping and mixing insulating cement.  Decedent  installed JOHNS-MANVILLE insulation and PABCO insulating cement to pipes.  Decedent worked in close proximity to various trades, including but not limited to: pipefitters, plumbers, electricians, carpenters, welders and laborers.  In shop 51, decedent recalled insulating piping, duct work, and fan housings.  Decedent also recalled mixing insulating in shop 51.  Decedent  recalled working around the above-mentioned trades in addition to sprinkler fitters and sheet metal workers.  Decedent worked with the following co-workers:  Bill Riley, address currently unknown; Buddy Drose, address currently unknown; Rudolph Brajkovich, deceased; William Brajkovich, deceased; William Green Sr. (c/o Brayton❖Purcell LLP); Allan Edwards, deceased, and Edward Paolucci, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mundet Cork Corporation | Lucky Lager Brewery | Insulator | 5/1953-9/1953 |

San Francisco, CA                                            (off & on)

Job Duties:  Decedent worked at Lucky Lager Brewery while the brewery was being remodeled and having new pipes installed.  Decedent brought MUNDET CORK insulation to the journeymen, who then applied it to the pipes.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, riggers, plumbers, carpenters, electricians, welders and laborers.  Decedent worked with the following co-workers:  Paul Hanson (Flathead Lake, Montana), Jack Coplin, deceased; Steven Gilivich, deceased, Rudolph Brajkovich, deceased; William Brajkovich, deceased; Allan Edwards, deceased, and Stanley Silva, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mundet Cork Corp. | Union Ice Co. San Jose, CA | Insulator | 5/1953-9/1953 (approx. 2-4 weeks) |

Job Duties:  Decedent applied cork insulation mastic to the pipes in the storage room.  Decedent recalls delivering insulation materials to his co-workers and mixing insulating cement.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, electricians, laborers, carpenters, cement finishers, and plumbers. Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co. San Francisco, CA | Pleasant Hill High School, Pleasant Hill, CA | Insulator | 10/1953-9/1955 (Approx. 2 weeks) |

Job Duties:  Decedent re-insulated a KEWANEE boiler with JOHNS-MANVILLE insulation.  Decedent recalled insulating steam piping.  Decedent recalled mixing insulating cement.  Decedent recalled working around the following trades: electricians, plumbers, pipefitters, carpenters, laborers, sprinkler fitters, plasterers, and lathers.  Decedent worked with the following co-workers:  Rudolph Brajkovich, deceased, and William Brajkovich, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co | Charles Ayers Co. | Insulator | 10/1953-9/1955 |

San Francisco, CA                Pier 36, San Francisco, CA                        (approx. 1 month)

Job Duties: Decedent recalled working on a ship and in a shop making insulation pads and mixing insulating cement to be installed aboard the ship.  Aboard the ship, decedent recalled bringing materials to the mechanics and installing insulation materials in one of the hulls and in the boiler room.  Decedent recalled working in close proximity to others removing existing insulation.  Decedent re-insulated the top of a marine boiler with JOHNS-MANVILLE insulation.  Decedent  had to blow asbestos dust off the top of the boiler to perform his job because the boiler was so dusty.  Decedent  recalled others working on the boiler.  Decedent recalled seeing the boiler opened up while others replaced refractory materials inside it.  Decedent recalled that his crew removed insulation from this boiler and then re-insulated it.  Decedent recalled others replaced the gasket on the manhole of this boiler.  Decedent  recalled observing others dismantling valves and pumps.  Decedent recalled working around the following additional trades: pipefitters, welders, chippers painters, riggers, steamfitters, and plumbers.  Decedent recalled that all of these trades were employed by the owner/operator of Pier 36.  Decedent worked with the following co-workers:  Rudolph Brajkovich, deceased, and William Brajkovich, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co. San Francisco, CA | San Francisco International Airport, San Francisco, CA | Insulator | 10/1953-9/1955 (off & on) |

Job Duties: Decedent worked in the United Airlines chrome plating shop, which was very dirty and dusty.  Decedent replaced pipe insulation with JOHNS-MANVILLE insulation.  Decedent recalled bringing insulation materials to his co-worker and mixing insulating cement.  Decedent recalled there was a pile of insulation materials which had been removed from the piping.  Decedent recalled working around UNITED AIRLINES employees cleaning aircraft parts.  Decedent worked with the following co-worker:  Red Sturgeon, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co. San Francisco, CA | California State Prison, Vacaville, CA | Insulator | 10/1953-9/1955 (off & on) |

Job Duties: Decedent worked on the new construction of the prison.  Decedent recalled delivering insulation materials to his co-workers.  Decedent worked in the basement, applying PABCO pipecovering to pipes.  Decedent worked near WESTERN ASBESTOS workers who

were also applying asbestos insulation.  Decedent recalled that the WESTERN ASBESTOS insulators were Roy Thurstead and Dallas Peterson, deceased. Decedent worked with the following co-workers: Rudolph Brajkovich, deceased; William Brajkovich, deceased; Thomas Andrews, Sr., deceased, and Anthony Polozzi, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charles Ayers Co. San Francisco, CA | Fairmont Hospital, San Leandro, CA | Insulator | 10/1953-9/1955 (off & on) |

Job Duties:  Decedent applied PABCO pipecovering to hot water pipes that ran through the wall of  the new wards.  Decedent also delivered insulation materials to his co-workers and mixed insulating cement.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, welders, carpenters, electricians, painters, sheetrockers and laborers.  Decedent  worked with the following co-worker:  Rudolph Brajkovich, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co. Emeryville, CA | Hillsdale Shopping Center San Mateo, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 (approx. 6 mos.) |

Job Duties:  Decedent worked on the new construction of the Hillsdale Shopping Center.  Decedent recalled delivering materials to his co-workers throughout the entire shopping center.  Decedent recalled that his employer had the HVAC contract on this job.  Decedent applied PABCO pipecovering to pipes.  Decedent mixed asbestos insulating cement.  Decedent  recalled applying insulation materials in a pumping station, boiler room, and to piping which ran the entire length of the structure.  Decedent worked in close proximity to various trades, including but not limited to: welders, pipefitters, plumbers, sprinkler fitters, carpenters, painters, sheetrockers, electricians and laborers.  Decedent  recalled the pipefitters installing pumps and valves.  Decedent recalled the electricians removing fireproofing materials in order to install hangers for their conduit.  Decedent recalled the plumbers and pipefitters removing fireproofing from the beams.  Decedent recalled the laborers performing cleanup duties.  Decedent worked with the following co-workers:  Paul Hansen, Bigfork, Montana; Jack Barbera, address currently unknown; Richard Gomez, address unknown; Joseph Gomez, Suisun City, California; Andy Ghio, deceased, and Donald Connelly, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Location of | | | Exposure |
|---|---|---|---|

| Employer | Exposure | Job Title | Dates |
|----------|----------|-----------|-------|
| Plant Asbestos Co., Emeryville, CA | Heart's Department Store, Redwood City, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 (approx. 2 weeks) |

Job Duties:  Decedent applied PABCO  insulation materials to duct work and piping.  Decedent recalled mixing insulating cement.  Decedent recalled others applying spray-on fireproofing materials.  Decedent worked in close proximity to various trades, including but not limited to: fireproofers spraying fireproofing fibers on the beams, sheetrockers, plumbers, electricians, welders, pipefitters, carpenters, painters and laborers.  Decedent recalled the fireproofers mixing their materials in a hopper.  Decedent recalled that McKENZIE was the general contractor on this job.  Decedent worked with the following co-worker:  Paul Hansen, Bigfork, Montana.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Plant Asbestos Co., Emeryville, CA | Plant Asbestos Co., Elementary School in San Mateo, CA and a high school in Redwood City, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 |

Job Duties:  Decedent worked on remodel jobs at both of these schools in San Mateo, California, and Redwood City, California. Decedent used fiberglass blankets or board and canvas to wrap pipes.  Decedent recalled applying PABCO insulation on hot water piping.  Decedent recalled being around others mixing mud.  Decedent applied asbestos tape that was 3" wide and 1/16" thick on the duct work to stop air leaks.  Decedent dipped the asbestos tape in paste then stuck it on the pipes to insulate the duct work.  Decedent recalled the following co-workers:  Don Connelly, address unknown; Paul Hanson, Bigfork, Montana; Louis Z. Calvillo, deceased; Jack Barbera, address unknown. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Plant Asbestos Co., Emeryville, CA | Burgermeister Brewery, San Francisco, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 (a few days) |

Job Duties:  Decedent worked with the following co-workers:  Andy Ghio, deceased; Donald Connelly, address currently unknown; Louis Z.Calvillo, deceased and Jack Barbera, address currently unknown.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Eastridge Shopping Center, San Jose, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 (approx. 3 mos.) |

Job Duties:  Decedent worked on the new construction of the Eastridge Shopping Center. Decedent applied fiberglass insulation to duct work and PABCO ½ round insulation  to hot water pipes in the hallways and inside the stores.  Decedent worked inclose proximity to various trades, including but not limited to: pipefitters, plumbers, tapers, sprinkler fitters, laborers, welders, carpenters, painters, electricians and sheetrockers.  Decedent recalled the sheetrockers and tapers installing and finishing drywall materials.  Decedent recalled the plumbers installing valves and pumps.  Decedent worked with the following co-workers:  Jack Barbera, address unknown; Paul Hanson, Bigfork, Montana; Andy Ghio, deceased; Richard Gomez; Joseph Gomez, Suisun City, California; Donald Connelly, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co. Emeryville, CA | Stanford University Palo Alto, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 |

Job Duties:  Decedent worked on a hot water storage tank.  Decedent installed PABCO block insulation in the tank, then applied insulating cement and canvas to the tank.  Decedent recalled his co-worker sweeping underneath the tank in order to remove dust and debris with a broom provided by STANFORD.  Plaintiff worked with the following co-worker:  John Wyss, Jr. (c/o Brayton❖Purcell LLP).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Standard Oil, Richmond, CA; Dewax Area | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 |

Job Duties:  Decedent applied PABCO insulation to steam lines in the Dewax area.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Accent Foods, San Jose, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 |

Job Duties:  Decedent applied PABCO foam glass on the outside of 3-4 storage tanks.  Decedent worked with the following co-workers:  Paul Hansen, Bigfork, Montana; Andy Ghio, deceased; Richard Gomez, address currently unknown; Joseph Gomez,  Suisun City, California; and Jack Barbara, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Dixon Meat Packing Co., Dixon, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 |

Job Duties:  Decedent applied foam-glass to pipes.  Decedent bumped against pipes that were wrapped in old existing asbestos insulation while performing his job duties.  Decedent worked with the following co-worker:  Louis Z. Calvillo, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | NASA-Ames Research Center, Moffett Field, Sunnyvale, CA | Insulator | 7/1955-06/1959; 4/1967-6/1969; 1/1976-3/1976 |

Job Duties:  Decedent  worked in a hangar, applying PABCO insulation to steamlines.  Decedent also applied rigid fiberglass and PABCO insulation on the duct work in the new control tower.  Decedent  recalled the following co-worker:  Paul Hansen, Bigfork, Montana.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., | Lockheed, | Insulator | 7/1955-06/1959; |

| | | | |
|---|---|---|---|
| Emeryville, CA | Sunnyvale, CA | | 4/1967-6/1969;<br>1/1976-3/1976 |

Job Duties:  Decedent recalled working at this location on a number of different occasions during this time span.  Decedent applied pipecovering to new pipes in an unknown building on duct work and in the  chiller room.  Decedent also recalled insulating air conditioning duct work.  Decedent recalled working in a chiller room applying insulation to the chillers and associated piping.  Decedent recalled working around the following trades: sheet metal workers, pipefitters, sprinkler fitters, electricians, plumbers, laborers, welders, carpenters.  Decedent recalled installing fiberglass pipecovering, POWERHOUSE CEMENT all purpose mud and canvas on copper pipe.  Decedent recalled working with insulation materials manufactured by OWENS CORNING.  Decedent recalled performing clean up with tools, including a broom, provided by LOCKHEED. Decedent recalled that inspectors employed by LOCKHEED were there to inspect the work.  Decedent recalled having to check in, have fingerprints taken, and be issued a badge every day by the LOCKHEED security guard before entering the facility.  Decedent worked with the following co-workers:  Richard Gomez, Suisun, California; Louis Z. Calvillo, deceased; Joseph Gomez, Suisun City, California; Stan Silva, deceased; Andy Ghio, deceased, and Jack Barbara, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Plant Asbestos Co.,<br>Emeryville, CA | Consolidated Rendering<br>Plant, South San Francisco,<br>CA | Insulator | 7/1955-06/1959;<br>4/1967-6/1969;<br>1/1976-3/1976 |

Job Duties:  Decedent applied PABCO pipecovering to steamlines on a remodel job.  Plaintiff recalls old insulation materials lying around.  Plaintiff worked with the following co-workers: Louis Z. Calvillo, deceased; Andy Ghio, deceased, and Jack Barbara, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Wulfert Company, Inc.<br>Dublin, CA | Wulfert Company, Inc.<br>Dublin, CA | Laborer | 7/1955-9/1955 |

Job Duties: Decedent installed chain-link fences.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| | Location of | | Exposure |
|---|---|---|---|

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| J.T. Thorpe Co. Richmond, CA | PG&E, Pittsburg, CA | Insulator | 11/59-12/59 (2-3 mos.) |

Job Duties: Decedent applied "wet-ass" mix, chicken wire and black coat to the breaching that carried the exhaust from the boiler to the stack, then painters would come in and paint the breaching. Decedent insulated an unventilated steam drum, with JOHNS-MANVILLE super-X in the pumping station. Decedent also recalled working at a pumping station. Decedent recalled others working on valves and pumps. Decedent recalled working around the following trades: laborers, carpenters, fitters, welders, painters, riggers, crane operators/operating engineers, and electricians. Decedent recalled that the general contractor, BECHTEL, hired his employer and the other subcontractors on the job. Decedent recalled PG&E employees on this job. Decedent worked with the following co-workers: Anthony Anzalone, deceased; Bill Stein, deceased; Penny Christensen, address unknown; Vic Nelson, address unknown; Johnny Byron, deceased; Felix Sadler, address unknown; Jack Cuthbertson, deceased; Robert Cuthbertson, Concord, and Freddy Louge, Pittsburg, California. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lorentzen Co. Oakland, CA | U.C. Berkeley-Earth Science Building, Berkeley, CA | Insulator | 10/1959-6/1961 (approx. 4-6 mos.) |

Job Duties: Decedent worked on the new construction of the Earth Science Building. Decedent insulated duct work using fiberglass ridge board, and used JOHNS-MANVILLE pipecovering on the pipes. Decedent recalled applying CANADIAN BLUE mud. Decedent recalled insulating existing pipe where the old existing insulation had not been throughly removed. Decedent worked in close proximity to various trades, including but not limited to: sheet metal workers, carpenters, plumbers, pipefitters, welders, painters, electricians, sheetrockers and laborers. Decedent recalled the pipefitters installing valves and pumps. Decedent recalled that the general contractor on this job was MORRISON- KNUDSEN. Decedent worked with the following co-workers: Robert Wildoner (c/o Brayton❖Purcell LLP); Emile "E.B." Landre, deceased; Fred Grimes, deceased; Edward Morse, deceased; Herb Woods (c/o Brayton❖Purcell LLP) and Buddy Drose, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lorentzen Co. Oakland, CA | Skyline High School, 12250 Skyline Blvd., | Insulator | 10/1959-6/1961 (1 year) |

Oakland, CA

Job Duties: Decedent worked on the new construction of Skyline High School. Decedent recalled working in multiple buildings on this job insulating duct work, hot water pipe lines, and breaching lines. Decedent installed insulation on a KEWANEE boiler. Decedent insulated the breeching of the boiler, as well. Decedent used JOHNS-MANVILLE and PABCO brand insulation, as well as an unknown mud that was manufactured in Napa, California. Decedent applied insulation to air conditioning ducts and plumbing and steamlines. Decedent recalled others installing pumps and valves. Decedent worked in close proximity to various trades, including but not limited to: pipefitters, welders, sheet metal workers, tapers/sheetrockers, painters, roofers, plumbers, carpenters, electricians and laborers. Decedent worked with the following co-workers: Fred Grimes, deceased; Robert Wildoner (c/o Brayton❖Purcell LLP); Rudolph Brajkovich, deceased, and William Brajkovich, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lorentzen Co. Oakland, CA | Pier 29, various unknown ships, San Francisco, CA | Insulator | 10/1959-6/1961 |

Job Duties: Decedent worked aboard unknown ships. Decedent applied JOHNS-MANVILLE insulation to steamlines and boiler heads on the ships. Decedent occasionally had to remove existing insulation from the pipes in order to do his job. Decedent performed sling damage repair to insulation on pipes that had been caused by the other trades aboard ship. Decedent worked in close proximity to various trades, including but not limited to: pipefitters, electricians, carpenters, plumbers and welders. Decedent worked with the following co-workers: Jack Morgan, address currently unknown; William Brajkovich, deceased, and Rudolph Brajkovich, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lorentzen Co. Oakland, CA | Chevrolet Factory, 73rd Ave. & Foothill Blvd., Oakland, CA | Insulator | 10/1959-6/1961 |

Job Duties: Decedent applied green ROCKWOOL outside of a new bake oven used to dry paint. Decedent worked in close proximity to various trades, including but not limited to: electricians, carpenters, laborers, sheet metal workers and welders. Decedent recalled working with mag mud. Decedent recalled the following supervisor: Cliff Clark (Oakland, California). Plaintiff worked with the following co-workers: Rudolph Brajkovich, deceased, and William Brajkovich, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during

this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lorentzen Co.<br>Oakland, CA | Pier 36, San Francisco, CA | Insulator | 10/1959-6/1961 |

Job Duties: Decedent worked in the Pad Shop at Pier 36.  Decedent made pads using asbestos cloth that were going to be used for steam valves and flanges.  Decedent recalled the following trades: welders, pipefitters, electricians, laborers and plumbers.  Decedent worked with the following co-workers:  Emile "E.B." Landre, deceased, and Jack Morgan, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lorentzen Co.<br>Oakland, CA | Draft Board,<br>11th & Clay Street,<br>Oakland, CA | Insulator | 10/1959-6/1961 |

Job Duties: Decedent worked at the Draft Board during a remodel.  Decedent applied JOHNS-MANVILLE or PABCO brand rigid pipecovering.  Decedent insulated fittings with stiff insulating cement.  Decedent worked in close proximity to various trades, including but not limited to:  welders, pipefitters, plumbers, carpenters, painters, sheetrockers, electricians and laborers.  Decedent worked with the following co-worker:  William Brajkovich, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mundet Cork Co.<br>N Bergen, NJ | Ferry Building,<br>San Francisco, CA | Insulator | 4/1953-9/1953;<br>7/1961-3/1962 |

Job Duties: Decedent applied PABCO pipecovering and canvas to plumbing pipes and internal fiberglass sound proofing duct work.  Decedent recalled others working with sheetrock.  Decedent worked in close proximity to various trades, including but not limited to:  welders, pipefitters, plumbers, carpenters, painters, sheetrockers, electricians and laborers.  Decedent worked with the following co-workers:  William Brajkovich, deceased, and Buddy Drose, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fiberglas Co., San Francisco, CA | Sears Roebuck & Co., San Jose, CA | Insulator | 2/1962-5/1962 (approx. 3-4 months) |

Job Duties: Decedent worked on the new construction of Sears Roebuck & Co. Decedent applied PABCO pipecovering and block to pipes. Decedent recalled working with FIBERGLAS insulation. Decedent applied 85% mag mud to pipes, as well. Decedent recalled using a shovel and broom supplied by the general contractor at this job site. Decedent recalled working around a boiler. Decedent worked in close proximity to COLLINS ELECTRIC workers who put up conduit and switchboxes and pulled wire. Decedent saw these electricians chip fireproofing off steel beams in order to clamp and hang struts. Decedent worked in close proximity to various trades, including but not limited to: welders, pipefitters, plumbers, carpenters, painters, sheetrockers, and laborers. Decedent recalled the following supervisor: Jim Carrier (address currently unknown). Decedent worked with the following co-workers: Bill Debear (address currently unknown); Joe Gomez (address currently unknown); Paul Hansen, (Flathead Lake, Montana); Donald Connelly, address currently unknown; Louis Z. Calvillo, deceased; James Clark, deceased, Alameda, California and Stanley Silva, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fiberglas Co., Sacramento, CA | Sears Roebuck & Co., Sunnyvale, CA | Insulator | 2/1962-5/1962 |

Job Duties: Decedent worked on the new construction of Sears Roebuck & Co. Decedent applied PABCO pipecovering to pipes, and PABCO block insulation to breeching. Decedent applied 85% mag mud to pipes, as well. Decedent recalled using brooms and shovels supplied by the general contractor at the site. Decedent worked in close proximity to various trades, including but not limited to: welders, pipefitters, plumbers, carpenters, painters, sheetrockers, electricians and laborers. Decedent worked with the following co-workers: Paul Hansen, address currently unknown; Donald Connelly, address currently unknown; Louis Z. Calvillo, deceased; James Clark, deceased; Hans Siebert, Alameda, California, and Stanley Silva, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fiberglas Co., Sacramento, CA | Libby Owens Ford Glass, Lathrop, CA | Insulator | 2/1962-5/1962 |

Job Duties: Decedent worked on the new construction of  Libby Owens Ford Glass.  Decedent installed cork on the duct work.  Decedent applied KAYLO block.  Decedent worked in close proximity to various trades, including but not limited to:  welders, pipefitters, plumbers, carpenters, painters, sheetrockers, electricians and laborers.  Decedent applied FIBERGLAS brand insulation to the pipes and applied asbestos canvas, as well.  Decedent worked with the following co-workers:  Jim Lewis (address currently unknown); Rudolph Brajkovich, deceased; William Brajkovich, deceased; Edward Morse, deceased, and Howard, last name currently unknown, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fiberglas Co., Sacramento, CA | Sacramento County Hospital, Sacramento, CA | Insulator | 2/1962-5/1962 |

Job Duties: Decedent worked during the remodel of Sacramento County Hospital.  Decedent applied black blanket fiberglass insulation on the pipe shaft and ducts.  Decedent recalled working with MIRACLE CEMENT glue.  Decedent worked in close proximity to sheetrockers who were leaving broken sheetrock all over the ground.  Decedent had to walk through the broken sheetrock to do his job.  Decedent recalled the following co-worker:  Ed Morris (deceased).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Broad & Associates, Inc. Santa Clara, CA | Unknown  Elementary School Redwood City, CA | Insulator | 4/1962-12/1962 |

Job Duties: Decedent applied fiberglass insulation on pipes under a building.  Decedent had to crawl through broken sheetrock in order to do his job.  Decedent recalled the following trades:  sheetmetal workers, plumbers, carpenters, painters and laborers.  Decedent worked with the following co-workers:  Grant Thorn, deceased; Felix Seidler, deceased, and Joe Mesas, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Broad & Associates, Inc. Santa Clara, CA | Unknown department store San Jose, CA | Insulator | 4/1962-12/1962 |

Job Duties: Decedent wrapped the ducts with fiberglass insulation.  Decedent recalled the following trades:  sheetrockers, sheet metal workers, carpenters, painters, laborers and sprinkler fitters.  Decedent recalled the following co-workers:  Joe Mesas (address currently unknown), Ron Furia (address currently unknown) and Grant Thorn (deceased).  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Broad & Associates, Inc. Santa Clara, CA | Unknown location in Palo Alto, CA | Insulator | 4/1962-12/1962 |

Job Duties: Decedent used Styrofoam insulation to cover pipes.  Decedent recalled the following trades:  sheetrockers, sheet metal workers, carpenters, painters, laborers and sprinkler fitters.  Decedent recalled the following co-workers:  Joe Mesas (address currently unknown), Felix Sidler (deceased) and Grant Thorn (deceased).  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Armstrong Cork Co. | Armstrong Cork Co., unknown location | Insulator | 10/62-12/62 |

Job Duties: Decedent applied insulation to pipes.  Decedent worked with the following co-workers: Del Furia, deceased; Ronald Furia, deceased, and Ed Gardner, address currently unknown.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Armstrong Cork Co. | Naval Air Station, Alameda, CA | Insulator | 10/62-12/62 |

Job Duties: Decedent applied JOHNS-MANVILLE fiberglass ridge board in the clean room at Naval Air Station, Alameda, California, and applied JOHNS-MANVILLE pipecovering to pipes in the building next door.  Decedent recalled the following trades:  sheet metal workers, carpenters, laborers and painters.  Decedent worked in close proximity to carpenters installing Formica paneling.  Decedent worked with the following co-worker:  Billy Joe McClary (c/o Brayton❖Purcell LLP).  Plaintiff currently contends that decedent may have been exposed to

asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fiberglas Co., San Francisco, CA | Stanford Research Institute, Palo Alto, CA | Insulator | 12/62-3/67 |

Job Duties: decedent recalled working on two occasions. On the first occasion, decedent worked on the new construction of Stanford Research Institute. Decedent applied FIBERGLAS brand insulation, POWERHOUSE all purpose mud, and canvas on pipes and ducts. Decedent also recalls applying a black mastic "no drip" insulation on the cold water piping. Decedent worked in close proximity to various trades, including but not limited to: pipefitters, welders, electricians, sprinkler fitters, sheet metal workers, plumbers, painters, tapers, carpenters, sheetrockers and laborers. Decedent recalled that the electricians were installing hangers for their rigid pipe conduit, pulling wires, through the conduit and installing electrical boxes. Decedent recalled them scraping off fireproofing materials while performing their work. Decedent recalled the laborers performing daily clean up work. Decedent recalled the sprinkler fitters installing hangers and running pipe. Decedent recalled them scraping off fireproofing materials while performing their work. Decedent recalls the plumbers scraping fireproofing materials off the beams to install hangers for their piping. Decedent recalled the sheetrockers installing sheetrock and applying joint/taping and finish compounds. Decedent recalled the sheetrockers sanding those compounds when they dried. Decedent recalled observing others working in the boiler room. Decedent worked with the following co-worker: Johnny Pernez, Jr., Fremont, California; Jim Currier, San Jose, California; Bob Boga, Fremont, California; Pete Peterson, address unknown.

On the second occasion, decedent recalled working on the construction of a new building installing insulation materials on duct work and piping. Decedent recalled working around the following trades: plumbers, electricians, painters, sheetrockers, floor tilers, ceiling workers, carpenters, laborers, and sprinkler fitters. Decedent recalled the sheetrockers installing, finishing, and sanding drywall materials. Decedent recalled the floor tilers installing and cutting linoleum tile and mastic. Decedent recalled the ceiling workers installing and cutting acoustical ceiling tiles. Decedent recalled the electricians installing electrical boxes and running conduit. Decedent recalled the laborers performing clean up duties on a daily basis. Decedent recalled the sprinkler fitters cutting ceiling tiles in conjunction with their work installing sprinkler heads and performing testing and finish work. Decedent recalled making complaints about the dusty conditions on this job. Decedent recalled STANFORD employees inspection and checking the progress of the job. Decedent recalled the following co-workers: Raymond Lovell; and Paul Hansen, Bigfork, Montana. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Fiberglas Co., | Alexian Brothers Hospital, | Insulator | 12/62-3/67 |
| Sacramento, CA | San Jose, CA | | (several months) |

Job Duties: Decedent worked on the new construction of the Alexian Brothers Hospital. Decedent insulated throughout the building from start to finish. Decedent applied KAYLO insulation on the breeching of the boiler. Decedent used JOHNS-MANVILLE 85% mag mud. Decedent worked in close proximity to the following electrical contractor: COLLINS ELECTRIC. Decedent recalled COLLINS ELECTRIC employees pulling wires and running conduit in his presence on a daily basis. Decedent saw these electricians chip fireproofing off steel beams in order to clamp and hang struts. Decedent recalled others working with joint compound in his presence. Decedent worked in close proximity to various trades, including but not limited to: electricians, welders, plumbers, pipefitters, carpenters, painters, sheetrockers and laborers. Decedent worked with the following co-worker: Paul Hanson (address currently unknown) Bob Boga (address currently unknown), William Debaere, Albany, California. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | IBM, San Jose, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent worked on the new construction of various buildings at IBM. Decedent insulated pipes using PABCO mud and asbestos canvas. Decedent worked in close proximity to various trades, including but not limited to: operating engineers, electricians, pipefitters, carpenters, sheetrockers, plumbers, welders and laborers. Decedent recalled that the general contractor provided tools for the clean-up process. Decedent recalled the following co-workers: Joe Gomez (address currently unknown), Stanley Langner, deceased; Allan Edwards, deceased; Stanley Silva, deceased; Donald Connelly, address currently unknown and Paul Hansen, address currently unknown. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | A.J. Peters & Sons, San Jose, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent insulated duct lining with fiberglass for sound deafening. Decedent encountered a lot of asbestos while in the sheet metal yard. Decedent worked in close proximity to sheet metal workers. Decedent worked with the following co-workers: Donald Connelly, address currently unknown and Jack Barbera, address currently unknown. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Plant Asbestos Co., Emeryville, CA •Fab Shop | Insulator | 4/67-8/69 |

Job Duties: Decedent insulated fabricated parts for aerojet. Decedent used foam-glass pipecovering. Decedent worked with PABCO materials. Decedent recalled the following trades: electricians, plumbers, pipefitters, welders, carpenters, sprinkler fitters, laborers, painters and operating engineers. Decedent also cut boxes of mag block in half. Decedent recalled the following supervisors: Ed Seifert (address currently unknown). Decedent worked with the following co-worker: Stan Silva (address currently unknown), Stan Langer (address currently unknown), Herb Armbrust, deceased. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Aerojet-General Corp., Folsom, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent insulated pipes using foam-glass and Canadian blue mud. Decedent recalled AEROJET supplying shovels. Decedent worked in close proximity to various trades, including but not limited to: pipefitters installing and removing asbestos gaskets, carpenters, welders, plumbers, electricians and laborers. Decedent was unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Sears Roebuck & Co. (South Gate Mall), Winton Ave., Hayward, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent worked on the new construction of Sears Roebuck & Co. Decedent applied PABCO pipecovering to pipes and fittings. Decedent recalled others sanding joint compound in his presence. Decedent applied fiberglass ridge board in duct work. Decedent worked in close proximity to COLLINS ELECTRIC workers who put up conduit and switchboxes and pulled wire. Decedent saw these electricians chip fireproofing off steel beams in order to clamp and hang struts. Decedent worked in close proximity to various trades, including but not limited to: welders, pipefitters, plumbers, carpenters, painters, sheetrockers, and laborers. Decedent worked with the following co-workers: Al Edwards (address currently

unknown), Stanley Langner, deceased, and Stanley Silva, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | First Western Bank, 12th & Broadway, Oakland, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent worked on the new construction of the First Western Bank.  Decedent applied PABCO insulation, mag mud and blue mud to pipes.  Decedent recalled others working with gaskets in his presence.  Decedent worked in close proximity to various trades, including but not limited to: sheetrockers (creating a lot of dust while taping, topping and sanding sheetrock), welders, pipefitters, plumbers, carpenters and painters.  Decedent worked with the following co-workers: Stanley Langner, deceased; Stanley Silva, deceased; Edward "Frenchy" Coeuille, deceased, and Dan Coeuille, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Phillips Petroleum, Avon, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent worked on the remodel of Phillips Petroleum.  Decedent applied JOHNS-MANVILLE and PABCO pipecovering to pipes.  Decedent worked in close proximity to various trades, including but not limited to:  electricians, pipefitters, carpenters, sheetrockers, plumbers, welders, boilermakers, machinists, plasterers, riggers and laborers.  Decedent recalled the following co-workers:  Johnny Brodayo, (deceased), Paul Hanson (address currently unknown), Rocky Wahl (address currently unknown) and Fred Louge (address currently unknown).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Standard Oil, Richmond, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent worked during shut-downs at Standard Oil on two different occasions, for approximately 2 weeks each time.  Decedent recalled others performing demolition work in his presence.  Decedent applied PABCO pipecovering to pipes.  Decedent worked in close proximity to various trades, including but not limited to: electricians, pipefitters, carpenters, sheetrockers,

plumbers, welders, boilermakers, machinists, plasterers, riggers and laborers.  Decedent worked with the following co-worker:  Johnny Brodayo, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Avon Oil Refinery (aka Tosco), Avon, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent applied JOHNS-MANVILLE super-X insulation block on the bottom of a broken vessel, which was very dusty work.  Decedent recalled working with PABCO half-rounds.  Decedent recalled the following trades:  electricians, pipefitters, plumbers, carpenters, laborers, welders and riggers.  Decedent worked with the following co-workers:  Johnny Brodayo, address currently unknown; Paul Hansen, address currently unknown Rocky Wahl (address currently unknown), Fred Louge (address currently unknown) and William Stein, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Highland Hospital, Oakland, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent worked on an addition at Highland Hospital.  Decedent worked in a new boiler room while boilermakers were assembling a new boiler.  Decedent applied PABCO insulation on the breeching that the boilermakers had damaged.  Decedent recalled the following trades: electricians, plumbers, pipefitters, carpenters, laborers, sheetrockers and sprinkler fitters.  Decedent worked in close proximity to electricians installing conduit and laborers sweeping up debris.  Decedent worked with the following co-workers:  Carl Just, Jr. (address currently unknown), Gary Hanson (address currently unknown) and Thomas Just, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Mills College, Oakland, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent applied fiberglass insulation to new plumbing pipes.  Decedent recalled working with PABCO half-rounds.  Decedent recalled being within 6 feet of others performing demolition/construction work.  Decedent recalled his supervisor was Carl Just, Sr., address unknown.  Decedent recalled co-worker Carl Just, Jr., address unknown.  Plaintiff is currently

unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Fibreboard, Antioch, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent applied fiberglass blankets to duct work.  Decedent recalled the following trades: plumbers, pipefitters, sheet metal workers, electricians, sprinkler fitters, carpenters and laborers.  Decedent worked with the following co-worker:  Carl Just, Jr., address currently unknown.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Asbestos Co., Emeryville, CA | Hunts Cannery, B Street Hayward, CA | Insulator | 4/67-8/69 |

Job Duties: Decedent applied asbestos cloth to duct work.  Decedent recalled that the asbestos cloth got stuck in the pulley of a motor and was flopping around in the air like a flag, releasing asbestos dust.  Decedent recalled working with PABCO half-rounds.  Decedent recalled working with mag mud.  Decedent worked with the following co-worker:  Carl Just, Jr., address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| U.S. Navy San Francisco, CA | Hunters Point Naval Shipyard; USS MIDWAY (CVA-41) | Insulator | 8/1969-1/1970 |

Job Duties: Decedent applied insulation to steamlines on the USS MIDWAY using asbestos insulating cement and lagging.  Decedent worked around other insulators from Samoa who were creating a lot more dust than he was while tearing off amosite insulation.  Decedent observed laborers sweeping the dust near him.  Decedent applied fiberglass pipecovering and duct wrap insulation.  Decedent used asbestos cloth to finish the insulating. Decedent recalled working around pumps.  Decedent wore a respirator.  Decedent worked in close proximity to various trades, including but not limited to:  shipfitters, welders, carpenters, chippers and laborers. Decedent worked with the following co-worker: Michael Terkelsen (address currently

unknown).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Mare Island Naval Shipyard Controller Department Vallejo, CA | Mare Island Naval Shipyard Controller Department Building 51 Vallejo, CA | Insulator | 7/1969-3/1970 |

Job Duties: Decedent recalled working with products manufactured by the following companies: PABCO, JOHNS-MANVILLE and PHILIP CAREY. Decedent recalled the following co-worker:  Charles, Airs (address currently unknown).  Plaintiff currently contends that decedent may have been exposed during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Consolidated Insulation Co., Belmont, CA | U.C. Santa Cruz, Santa Cruz, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent worked on the new construction of U.C. Santa Cruz.  Decedent applied fiberglass pipecovering and JOHNS-MANVILLE pipecovering to pipes.  Decedent worked in close proximity to the following subcontractor:  ARMSTRONG CORK.  Decedent worked in close proximity to various trades, including but not limited to:  electricians, welders, plumbers, pipefitters, carpenters, painters, sheetrockers and laborers.  Decedent worked with the following co-worker:  Gene Thompson, address unknown; and a co-worker employed by Armstrong:  Earl Beck, Millbrae, California.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|----------------------|-----------|----------------|
| Consolidated Insulation Co., Belmont, CA | Eastridge Shopping Center, San Jose, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent worked on the new construction of the Eastridge Shopping Center.  Decedent applied fiberglass insulation to pipes. Decedent worked in close proximity to sheetrockers.  Decedent worked in close proximity to various trades, including but not limited to:

electricians, welders, plumbers, pipefitters, carpenters, painters, sheetrockers and laborers. Plaintiff worked with the following co-workers:  Edward Gardner (c/o Brayton❖Purcell LLP) and Jack Jugota, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Insulation Co., Belmont, CA | Naval Supply Center, Oakland, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied fiberglass insulation to pipes. Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Insulation Co., Belmont, CA | U.S. Post Office, Concord, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent used fiberglass pipecovering and blanket glass.  Decedent worked in close proximity to sheetrockers that were hanging, taping, sanding and topping sheetrock.  Decedent worked with the following co-worker: Jack Jugota, address currently unknown.  Decedent is currently unable to recall the names of any supervisors.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Insulation Co., Belmont, CA | St. Mary's College, Moraga, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent worked during remodeling at St. Mary's College.  Decedent replaced old pipecovering with fiberglass.  Decedent worked with the following co-worker:  Jack Jugota, address currently unknown.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Consolidated Insulation Co., Belmont, CA | Consolidated Insulation Co., unknown  bank in Berkeley, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied fiberglass pipecovering to pipes and duct work.  Decedent worked with the following co-worker:  Gene Thompson, address currently unknown.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Consolidated Insulation Co., Belmont, CA | U.S. Post Office, Walnut Creek, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied duct wrap to pipes. Decedent recalled working with SNAP-ON half-rounds.  Decedent worked in close proximity to sheetrockers hanging, cutting, taping and sanding sheetrock.  Decedent worked with the following co-worker:  Jack Jugota, address currently unknown.  Decedent was unable to recall the names of any supervisors.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Consolidated Insulation Co., Belmont, CA | Kaiser Medical Center, Oakland, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied fiberglass pipecovering to duct work.  Decedent worked in close proximity to fireproofers spraying fibers on the beams.  Decedent had to crawl through the fireproofing to perform his job duties.  Decedent worked with the following co-workers: Richard Collins (c/o Brayton❖Purcell LLP); William Debaere, Albany, California; Gene Thompson, address currently unknown.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Consolidated Insulation Co., Belmont, CA | Blue Cross Building, Oakland, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied fiberglass pipecovering and POWERHOUSE all-purpose cement to pipes.  Decedent recalled working with SNAP-ON half-rounds of insulation. Decedent worked

in close proximity to various trades, including but not limited to:  electricians, welders, plumbers, pipefitters, carpenters, painters, sheetrockers and laborers.  Decedent worked with the following co-workers:  Richard Collins (c/o Brayton❖Purcell LLP) and William Debaere, Albany, California.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Insulation Co., Belmont, CA | Agnew State Hospital, Santa Clara, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied asbestos-containing pipecovering in the new laundry room at Agnew State Hospital.  Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Insulation Co., Belmont, CA | General Electric Co., San Jose, CA | Insulator | 1/21/70-6/1970; 7/1970-6/1971; 1/1972-6/1972 |

Job Duties: Decedent applied PABCO pipecovering to pipes.  Decedent was unable to recall the names of any supervisors or co-workers.  Decedent recalls working around GENERAL ELECTRIC employees.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Fiberglass Co., San Francisco, CA | Nestle's, Salinas, CA | Insulator | 1/21/70-7/30/72 |

Job Duties: Decedent applied asbestos-containing insulating cement and non-asbestos containing pipecovering to refrigeration pipes.  Decedent recalled insulating a CAREY chiller.  Decedent worked in close proximity to various trades, including but not limited to:  electricians, welders, plumbers, pipefitters, carpenters, painters, sheetrockers and laborers.  Decedent recalled laborers cleaning up in his presence.  Decedent recalled the following supervisor:  Jim Currier (address currently unknown).  Decedent worked with the following co-workers:  Shorty Thompson (address currently unknown), Troy Crosby (address currently unknown), Rudolph Brajkovich, deceased; Emile Landre, deceased; Raymond Carrier, address currently unknown; Robert Boga

(c/o Brayton❖Purcell LLP); David Longman, deceased, and Bill Mahoney, address currently unknown. Decedent recalled Shorty Thompson giving him instructions. Decedent recalled NESTLE's employees lending him brooms and shovels. Decedent recalled a NESTLE's janitor cleaning up in his presence. Decedent recalled NESTLE's employees giving him instructions on what to insulate. Decedent recalled NESTLE's mechanics working on and opening up pumps in his presence. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Auto wrecking & Salvage Business, Carson City, NV | Carson City, NV | Owner | 11/1972-approx. 5/1974 |

Job Duties: Decedent owned and operated this auto wrecking and salvage yard. Decedent recalled operating this business with his wife and 2 sons. Decedent recalled dismantling parts from and performing maintenance work on vehicles. Decedent recalled that this yard had approximately 300 vehicles on it when he acquired it. Decedent recalled performing  work on the following types of vehicles:  FORD, GENERAL MOTORS, BUICK, CHEVROLET, INTERNATIONAL. Decedent recalled that they dismantled and removed parts from foreign vehicles including, but not limited to, the following:  PEUGEOT. Decedent recalled selling the following types of automotive parts which they removed from vehicles at the yard:  brakes, radiators, and transmissions. Specifically, decedent recalled removing and selling transmissions manufactured by the following:  GENERAL MOTORS and FORD. Decedent recalled removing gaskets  from the following manufacturers of vehicles:  FORD and CHEVROLET. Decedent also recalled performing maintenance work to forklifts. Specifically, decedent recalled performing brake and gasket work on the following vehicles: 1952 CHEVROLET Truck, INTERNATIONAL Flatbed Truck. Decedent recalled obtaining replacement parts, including brakes and gaskets, at the following locations:  VALLEY AUTO SUPPLY located in Carson City, Nevada and CARSON MOTORS (Carson City, Nevada). Decedent recalled the following co-workers:  Brad Valladon (address currently unknown) and Jo Ann Valladon (c/o Brayton❖Purcell LLP). Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Northern California Insulation, Inc. Sacramento, CA | Northern California Insulation, Inc. Sacramento, CA | Insulator | 1/1973-9/1973; 7/22/75-10/16/75; 6/22/76-8/6/77 |
| | Various commercial buildings throughout Reno, Nevada area | | |

Nugget Casino
Sparks, NV

Post Office, Reno, NV;
DeMill Plant
Hawthorne, NV

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Northern California Insulation, Inc. Sacramento, CA (cont.) | Various commercial buildings throughout Reno, Nevada area (cont.) | Insulator | 1/1973-9/1973; 7/22/75-10/16/75; 6/22/76-8/6/77 |
| | Several Unknown Schools, Reno, NV | | |
| | Federal Building Reno, NV | | |

Job Duties: Decedent recalled insulating piping and mixing and applying insulating cement. Decedent worked in close proximity to various trades, including but not limited to: electricians, welders, plumbers, pipefitters, carpenters, painters, sheetrockers and laborers.

At the Nugget job site, decedent recalled the following co-worker: Robert Calvillo (c/o Brayton❖Purcell LLP). At the Post Office job site, decedent recalled the following co-worker: Jack Mahoney (address currently unknown) and Mike Bening (address currently unknown).

At the DeMill Plant, decedent worked around boilers and saw 20 pumps being installed. Decedent recalled the following co-workers: Rhett Hawkins (address currently unknown), Jack Olson (address currently unknown), Gary Gertz (address currently unknown), Mel Swanson (address currently unknown), Mike Benning (address currently unknown) and Don Bening (address currently unknown).

At several school job sites, decedent recalled others hanging sheetrock in his presence. Decedent recalled the following co-worker: Jack Mahoney (address currently unknown).

At the Federal Building job site, decedent recalled the following co-worker: Fred Shair (c/o Brayton❖Purcell LLP).

Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Location of | | Exposure |
|---|---|---|

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| Nevada Insulation, 2830 Auburn Blvd., Sacramento, CA | Nugget Casino, Sparks, NV | Insulator | 7/1973-7/21/75 |

Job Duties: Decedent worked on the new construction of the Nugget Casino.  Decedent applied fiberglass pipecovering to pipes.  Decedent worked in close proximity to sheetrockers who were hanging, taping, sanding and topping sheetrock, which was very dusty.  Decedent observed insulators from CONSOLIDATED INSULATION applying insulation to heating ducts.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, welders, plumbers, carpenters, electricians, sheetrockers and laborers. Decedent worked with the following co-worker: Robert Calvillo, c/o Brayton❖Purcell LLP.  Decedent recalled the following CONSOLIDATED INSULATION workers: Bob Cantley, c/o Brayton❖Purcell LLP; Earl Beck, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nevada Insulation, 2830 Auburn Blvd., Sacramento, CA | Veterans Administration Hospital, Reno, NV | Insulator | 7/1973-7/21/75 |

Job Duties: Decedent replaced the existing pipecovering in the basement with fiberglass.  Decedent had to work in very dusty and dirty conditions because the people who had torn off the existing insulation had left it on the dirt floor.  Decedent worked by himself.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nevada Insulation, 2830 Auburn Blvd., Sacramento, CA | Prison Industries Northern Nevada Correctional Center, Reno, NV | Insulator | 7/1973-7/21/75 |

Job Duties: Decedent applied fiberglass pipecovering to storage tanks.  Decedent recalled that the plumbers were employed by McCLENAHAN.  Decedent worked with the following co-workers:  Neal Speer, deceased, and Jack Mahoney, deceased.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Nevada Insulation,<br>2830 Auburn Blvd.,<br>Sacramento, CA | Nevada Insulation,<br>unknown apartment<br>complex in Reno, NV | Insulator | 7/1973-7/21/75 |

Job Duties: Decedent worked on the new construction of an unknown apartment complex. Decedent applied fiberglass pipecovering to the pipes. Decedent insulated the air conditioning unit and while he was doing that, asbestos fireproofing fell down on him. Decedent worked in close proximity to the following plumbing contractor: McCLENAHAN. Decedent worked in close proximity to various trades, including but not limited to: fireproofers, pipefitters, welders, plumbers, carpenters, electricians, sheetrockers and laborers. Decedent recalled the following co-worker: Fred Shair (c/o Brayton❖Purcell LLP). Plaintiff currently contends that decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Nevada Insulation,<br>2830 Auburn Blvd.,<br>Sacramento, CA | National Guard Repair<br>Shop, Carson City, NV | Insulator | 7/1973-7/21/75 |

Job Duties: Decedent applied JOHNS-MANVILLE pipecovering on the heaters and walls. Decedent recalled applying POWERHOUSE insulating cement. Decedent worked in close proximity to various trades, including but not limited to: fireproofers, pipefitters, welders, plumbers, carpenters, electricians, sheetrockers and laborers. Decedent is currently unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Nor-Cal Insulation (aka<br>Nevada Insulation),<br>2830 Auburn Blvd.,<br>Sacramento, CA | Reed High School,<br>Sparks, NV | Insulator | 1/1973-9/1973;<br>7/22/75-10/16/75;<br>6/22/76-8/6/77 |

Job Duties: Decedent worked on the new construction of Reed High School. Decedent applied fiberglass pipecovering to the pipes. Decedent recalled applying POWERHOUSE insulating cement. Decedent recalled McCLENAHAN was the plumbing contractor. Decedent worked in close proximity to sheetrockers who were hanging, taping, sanding and topping sheetrock, which was very dusty work. Decedent worked in close proximity to various trades, including but not limited to: pipefitters, welders, plumbers, carpenters, electricians, sheetrockers and laborers. Decedent worked with the following co-worker: Fred Shair (c/o Brayton ❖Purcell LLP). Plaintiff currently contends that decedent may have been exposed to asbestos during this

employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nor-Cal Insulation (aka Nevada Insulation), 2830 Auburn Blvd., Sacramento, CA | Naval Ammunition Depot, Hawthorne, NV | Insulator | 1/1973-9/1973;7/22/75-10/16/75; 6/22/76-8/6/77 |

Job Duties: Decedent replaced the existing pipecovering with fiberglass on steamlines that were going to the cookers where powder was mixed.  Decedent worked at the main base applying pipecovering and duct wrap in a metal warehouse.  Decedent saw asbestos insulation all over the building.  Decedent worked with the following co-worker:  Fred Shair (c/o Brayton❖Purcell LLP).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nor-Cal Insulation (aka Nevada Insulation), 2830 Auburn Blvd., Sacramento, CA | Hawthorne Hospital, Hawthorne, NV | Insulator | 1/1973-9/1973; 7/22/1975-10/16/1975; 6/22/1976-8/6/1977 |

Job Duties: Decedent worked on the new construction of the Hawthorne Hospital.  Decedent applied fiberglass pipecovering and duct wrap.  Decedent recalled applying POWERHOUSE insulating cement.  Decedent worked in close proximity to sheetrockers who were hanging, taping, sanding and topping sheetrock, which was very dusty work.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, welders, plumbers, carpenters, electricians, sheetrockers and laborers.  Decedent worked with the following co-worker:  Fred Shair (c/o Brayton❖Purcell LLP).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Broad & Associates, Inc. Santa Clara, CA | Vallecitos Atomic Laboratory, Pleasanton, CA | Insulator | 1/28/1976-6/21/1976 (4 days) |

Job Duties: Decedent applied insulation to a steam drum under the boiler.  Decedent had to score JOHNS-MANVILLE blocks to wrap them around the drum, which created a lot of dust.  Decedent worked in close proximity to the following general contractor:  BECHTEL

CONSTRUCTION COMPANY.  Decedent worked in close proximity to various trades, including but not limited to: pipefitters, welders, plumbers, carpenters, electricians, boilermakers, sheetrockers and laborers.  Decedent recalled that BECHTEL employed the carpenters and laborers.  Decedent recalled that BECHTEL laborers cleaned up insulation debris in his presence.  Decedent recalled that BECHTEL laborers gave him a skill saw to cut asbestos block.  Decedent worked with the following co-workers:  John Perniz, Sr., deceased; Joe Mesas, address currently unknown; Ronald Furia, deceased, and Grant Thorne, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Consolidated Insulation Co. Belmont, CA | UCSF School of Dentistry San Francisco, CA | Insulator | 1/28/1976-6/21/1976 (2 weeks) |

Job Duties: Decedent worked on the new construction of the Dental Clinic.  Decedent applied fiberglass ridge board to duct work, as well as plumbing and heating pipes.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, welders, plumbers, carpenters, electricians, sheetrockers and laborers.  Decedent recalled others hanging sheetrock in his presence.  Decedent worked with the following co-workers:  Gene Thompson, address currently unknown; William Houston, deceased; James White, address currently unknown and Del Furia, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | County Building, Reno, NV | Insulator | 9/14/1977-3/26/1981 |

Job Duties: Decedent insulated the pipes in the equipment room with fiberglass insulation, Canadian blue mud and POWERHOUSE all-purpose one-shot insulating cement.  Decedent worked in close proximity to the following contractors: COLLINS ELECTRIC (electrical contractor) and HANSEN MECHANICAL (plumbing and heating contractor).  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, welders, plumbers, carpenters, electricians, sheetrockers, painters and laborers.  Decedent recalled the following co-workers:  Jack Mahoney (address currently unknown) and Tom Mahoney (address currently unknown).  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Lewis Insulation, | Comstock Hotel & Casino, | Insulator | 9/14/1977- |
| 400 S. 18th, Sparks, NV | Reno, NV | | 3/26/1981 |

Job Duties: Decedent worked on the new construction of the Comstock Hotel & Casino. Decedent insulated pipes with fiberglass and POWERHOUSE all-purpose asbestos insulating cement. Decedent worked in close proximity to the following general contractor: WALKER BALDWIN. Decedent worked in close proximity to sheetrockers hanging, cutting, taping, topping and sanding sheetrock. Decedent recalled the following co-worker: Jim Lewis (address currently unknown). Decedent currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Reno Bus Depot, Reno, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent worked on the remodeling of the Reno Bus Depot. Decedent applied fiberglass insulation on a boiler unit. Decedent recalled applying POWERHOUSE insulating cement. Decedent worked in and around old asbestos insulation that was on the ground. Decedent was unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Lewis Insulation, unknown school in Reno, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent performed underground insulating work. Decedent used asbestos fittings and applied asbestos POWERHOUSE all-purpose insulating cement on pipes. Decedent recalled applying SNAP-ON pipecovering. Decedent occasionally worked in close proximity to pipefitters. Decedent was unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Wooster High School, Sparks, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent worked on an addition to Wooster High School. Decedent applied fiberglass insulation on the pipes and the duct work. Decedent recalled applying

POWERHOUSE insulating cement. Decedent worked in close proximity to: pipefitters, welders, plumbers, carpenters, electricians, sheetrockers, painters and laborers. Decedent worked with the following co-worker: Jim Lewis, address currently unknown. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Mental Health Hospital, Reno, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent worked in the equipment room. Decedent recalled applying POWERHOUSE insulating cement. Decedent applied fiberglass insulation on the ceiling for sound deafening. Decedent applied ARMARFLEX insulation on the pipes under the sinks so that the workers would not burn their knees. Decedent had to crawl under the building to insulate pipes with KAYLO insulation. Decedent was unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Veterans Administration Hospital, Reno, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent worked in the basement. Decedent recalled applying POWERHOUSE mud. Decedent had to perform his job while stepping on asbestos insulation that had previously been removed from a few pipes. Decedent worked in close proximity to maintenance workers, who were employed by VETERANS ADMINISTRATION HOSPITAL, tearing old asbestos insulation from pipes and throwing it in a pile on the ground, creating a lot of dust. Decedent also worked in the stand-by generator room. Decedent's work environment was dusty. Decedent recalled the following co-worker: Jim Lewis (address currently unknown). Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Harrah's Casino, South Lake Tahoe, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent worked during the remodeling of Harrah's Casino. Decedent applied fiberglass pipecovering to pipes. Decedent used PABCO or JOHNS-MANVILLE insulating cement on the pipes. Decedent worked in close proximity to various trades, including but not limited to: plumbers, pipefitters and electricians. Decedent did not have any co-workers.

Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Gold Dust Hotel & Casino, Reno, NV | Insulator | 9/14/1977-3/26/1981 |

Job Duties: Decedent applied asbestos pipecovering to pipes and fiberglass blanket to duct work. Decedent worked in close proximity to various trades, including but not limited to: sheet metal workers and plumbers. Decedent recalled that McCLENAHAN was the plumbing contractor. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | State Computer Center, Carson City, NV | Insulator | 9/14/1977-3/26/1981 |

Job Duties: Decedent insulated an exhaust muffler on a diesel generator. Decedent used KAYLO block, Canadian blue mud, JOHNS-MANVILLE block insulation and POWERHOUSE all-purpose mud on the heads. Decedent finished the insulation by using mag and Canadian blue mud. Decedent recalled co-worker: Jim Lewis, address unknown. Decedent was unable to recall the names of any supervisors. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Nevada State Prison for Women, Carson City, NV | Insulator | 9/14/1977-3/26/1981 |

Job Duties: Decedent worked on an addition. Decedent applied fiberglass pipecovering and POWERHOUSE all-purpose insulating cement to pipes. Decedent worked in close proximity to the following general contractor: WALKER BALDWIN. Decedent recalled McCLENAHAN was the mechanical contractor. Plaintiff recalls the following co-workers: Jim Lewis (address currently unknown) and Bob Woolsley (address currently unknown). Decedent was unable to recall the names of any supervisors. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Lewis Insulation, | Carson Tahoe Hospital, | Insulator | 9/14/1977- |
| 400 S. 18th, Sparks, NV | Carson City, NV | | 3/26/1981 |

Job Duties: Decedent worked in the basement.  Decedent crawled through asbestos that had previously been removed and was left on the ground.  Decedent worked in the boiler room, applying insulation to tie-ins.  Decedent recalled working around a boiler and pumps.  Decedent recalled being present while others were applying joint compound.  Decedent worked in close proximity to an unknown pipefitting contractor that was located in Chico, California.  Decedent worked with the following co-worker:  Jack Mahoney, deceased.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Harrah's parking garage, and unknown office building in Reno, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent applied fiberglass insulation to duct work and pipes.  Decedent worked in close proximity to sheetrockers sanding, taping and applying topping compounds to sheetrock.  Decedent worked in close proximity to the following plumbing contractor:  McCLENAHAN MECHANICAL.  Decedent recalled co-worker:  Jack Mahoney, address currently unknown.  Decedent was unable to recall the names of any supervisors.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Siegler Elementary School, Carson City, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent applied Styrofoam insulation in a tank.  Decedent applied insulating cement to pipes.  Decedent worked in close proximity to various trades, including but not limited to: sheetrockers, pipefitters, welders, plumbers, carpenters, electricians, painters and laborers.  Decedent recalled that he was present while others applied and sanded joint compound in his presence.  Decedent recalled that McCLENAHAN was the mechanical contractor.  Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Lewis Insulation, 400 S. 18th, Sparks, NV | Supreme Court Building, Carson City, NV | Insulator | 9/14/1977- 3/26/1981 |

Job Duties: Decedent applied PABCO pipecovering in the boiler room. Decedent was unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation, 1072 Matley Lane, Reno, NV | Mental Health Hospital, Reno, NV | Insulator | 1981-1983 |

Job Duties: Decedent worked in various areas of the building, including but not limited to:  the basement and the boiler room. Decedent recalled plumbers disturbing existing insulation in his presence. Decedent applied fiberglass insulation to hot water pipes under the building. Decedent insulated the storage tank with asbestos block and mudded the heads with POWERHOUSE all-purpose insulating cement. Decedent replaced the insulation on the over-head pipes in the boiler. Decedent had to crawl through old asbestos insulation that was on the ground. Decedent recalled supervisor:  Bob Garell, address currently unknown. Decedent was currently unable to recall the names of any co-workers. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation, 1072 Matley Lane, Reno, NV | St. Mary's Hospital, Reno, NV | Insulator | 1981-1983 |

Job Duties: Decedent applied insulation to pipes. Decedent recalled there was broken asbestos pipecovering falling from the ceiling. Decedent recalled plumbers leaving insulation debris discarded around him. Decedent worked with the following co-worker:  Kenneth Hooks, Las Vegas, Nevada. Plaintiff currently contends that decedent may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation, 1072 Matley Lane, Reno, NV | University of Nevada, Reno, NV | Insulator | 1981-1983 |

Job Duties: Decedent worked in the mining building. Decedent worked in trenches while insulating steamlines. Decedent had to remove existing insulation in order to apply new insulation on the pipes. Decedent worked in close proximity to sheetrockers. Decedent worked with the following co-workers:  William Monahan, deceased, and John Smallen, address currently unknown. Plaintiff currently contends that decedent may have been exposed to

asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation, 1072 Matley Lane, Reno, NV | Nevada State Prison for Women, Carson City, NV | Insulator | 1981-1983 |

Job Duties:  Plaintiff applied fiberglass insulation to the duct work in the ceiling.  Plaintiff worked in close proximity to various trades, including but not limited to:  sheetrockers, plumbers and electricians.  Plaintiff is currently unable  to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation, 1072 Matley Lane, Reno, NV | Federal Building (Courthouse), Reno, NV | Insulator | 1981-1983 |

Job Duties: Decedent applied fiberglass insulation to the duct work in the ceiling.  Decedent worked in close proximity to various trades, including but not limited to:  sheetrockers, plumbers and electricians.  Decedent was  currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| B&C Insulation, 1072 Matley Lane, Reno, NV | Nevada State Hospital, Sparks, NV | Insulator | 1981-1983 |

Job Duties: Decedent worked on the new construction of the hospital.  Decedent used fiberglass pipecovering on the duct work, fiberglass board insulation and insulating cement.  Decedent worked in close proximity to various trades, including but not limited to:  pipefitters, welders, plumbers, carpenters, electricians, sheetrockers, painters and laborers.  Decedent worked with the following co-workers:  Kenerd "Red" Lawrence (c/o Brayton❖Purcell LLP); Kenneth Hooks, Las Vegas, Nevada; John Smallen, address currently unknown and William Monahan, deceased.   Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| B&C Insulation,<br>1072 Matley Lane, Reno, NV | J.C. Penney Warehouse,<br>Sparks, NV | Insulator | 1981-1983 |

Job Duties: Decedent worked during remodeling.  Decedent applied fiberglass insulation and asbestos cement on pipes and fittings under the computer room floor.  Decedent worked with the following co-workers:  Bob Gross, address currently unknown and Gary Garell, address currently unknown.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| B&C Insulation,<br>1072 Matley Lane, Reno, NV | Circus Circus,<br>Reno, NV | Insulator | 1981-1983 |

Job Duties: Decedent repaired insulation on fire damaged pipes.  Decedent had to cut off existing, damaged insulation in order to perform his job duties.  Decedent was unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| B&C Insulation,<br>1072 Matley Lane, Reno, NV | Reno Rendering,<br>Reno, NV | Insulator | 1981-1983 |

Job Duties: Decedent patched block insulation in a tank. Decedent used block insulation and canvas.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| Xebec, Carson City, NV | Xebec, Carson City, NV | Inventory Clerk | 1984-1985 |

Job Duties: Decedent received boxes of tubes containing computer parts.  Decedent counted the number of parts in each tube to make sure that there were the correct amount. Decedent recalled the following co-workers:  Jackie Buhl (address currently unknown) and Brenda Berndt (address currently unknown).  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|

| | | | |
|---|---|---|---|
| St. Theresa's,<br>3000 N. Lompaln,<br>Carson City, NV | St. Theresa's,<br>3000 N. Lompaln,<br>Carson City, NV | Laborer | 1986-1987 |

Job Duties: Decedent performed general maintenance at his church.  Decedent recalled the following co-worker:  Wendell Shewmaker (address currently unknown).  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of<br>Exposure | Job Title | Exposure<br>Dates |
|---|---|---|---|
| State of Nevada/Department of Prisons, Carson City, NV | State of Nevada/Department of Prisons, various prisons throughout Nevada | Warehouseman | 1987-1992 |

Job Duties: Decedent ran the warehouse.  Decedent sent out orders and put food on shelves. Decedent drove a truck to deliver the food to various prisons and fire camps throughout Nevada. Decedent recalled supervisors:  Paul James (address currently unknown), Elmer Davis (address currently unknown) and George Wooster, address currently unknown.  Decedent was unable to recall the names of any co-workers.  Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

Throughout his employment plaintiff recalls the following products/manufactures: ARMSTRONG, PHILIP CAREY, EAGLE PICHER, JOHNS-MANVILLE, KAISER GYPSUM sheetrock, MUNDET CORK pipe covering, KAYLO/OWENS CORNING blanket glass, PABCO/FIBREBOARD pipe covering, PLANT, UNIBESTOS.

NON-OCCUPATIONAL EXPOSURE:

Decedent performed approximately 12 brake jobs on vehicles belonging to his family and himself from 1948 or 1949 until the late 1980s.  Decedent performed approximately 12 clutch repairs on vehicles belonging to his family and himself from 1948 or 1949 until the late 1990s. Decedent performed these repairs in his garage.  Decedent used a brake adjuster, brake pliers, a socket set, ratchet and sand paper to perform the brake jobs.  Decedent used a socket set, screw driver and sand paper to perform the clutch repairs.  Decedent blew the excess brake dust out of the brake drum using compressed air and occasionally a water hose.  Decedent performed these repairs on many different vehicles, including but not limited to the following:  a 1931 Model A FORD; a 1936 FORD, a 1938 FORD, a 1939 FORD, a 1941 FORD, a 1951 CHEVROLET, a 1953 CHEVROLET, a 1960 PLYMOUTH station wagon, a 1964 CHEVROLET Impala, a 1966 BUICK, a 1968 LINCOLN, a 1935 FORD pick-up, a 1956 FORD pick-up and a 1949 FORD. Decedent used the following brands of brake replacement parts:  BENDIX, RAYBESTOS, WAGNER and LAHER SPRING & TIRE.  Decedent used the following brand of clutch replacement parts:  FORD, ABEX Velvetouch and WAGNER.  Decedent recalled the following

brands of gasket replacement parts: FORD and VICTOR. Decedent recalled the following brands of replacement mufflers: SMITTY'S. Decedent purchased parts from the following suppliers: LEADER AUTO SUPPLY in Oakland, California, from 1948 until the late 1960s, a FORD MOTOR COMPANY dealership in Oakland, California, and a CHEVROLET dealership in San Leandro, California. Decedent purchased BENDIX brakes from FOXWORTHY AUTO SUPPLY in San Leandro, California. Plaintiff currently contends that decedent may have been exposed to asbestos during these repairs.

Decedent performed home remodeling work on his home on Bengal Avenue in Hayward, California around 1960. Decedent added on a rumpus room to the side of the house. Decedent removed stucco and sheetrock in the process of building on this room. Decedent purchased cement from RHODES & JAMESON in Hayward, California and mixed it himself. Decedent purchased building materials including, KAISER GYPSUM joint compound, topping mud, and texturing mud from SAN LORENZO BUILDING SUPPLY on Hesperian Blvd., San Lorenzo, California. Decedent hung, taped, mudded and sanded the sheetrock. Decedent was assisted by Sal Laperri, Hayward, California.

Decedent performed the same work described above in building a rumpus room on the house of his neighbor Wilbur Miranda, Carson City, Nevada around 1960.

Decedent rebuilt and rewired the office at his auto wrecking and salvage business in Carson City, Nevada. Decedent hung sheetrock walls over the old sheetrock. Decedent recalled the following co-workers: his son, Steven Valladon, deceased; Ed Fry, Carson City, Nevada.

Decedent performed remodel work to his in-laws' home in San Leandro in the late 1960s. Decedent took down water-damaged sheet rock and hung new sheetrock. Decedent also installed sheetrock in his in-laws' home at 600 Ora Loma, Carson City, Nevada in the late 1960s.

Plaintiff currently contends decedent may have been exposed to asbestos during this remodeling work.


**Decedent:** <u>ROBERT LINDSEY **, deceased**</u>

**Decedent's injuries:** Decedent was diagnosed with lung cancer on or about July 2007. Decedent died on August 26, 2007.

**Defendants:** Plaintiffs contend that the asbestos-containing products to which Decedent was or may have been exposed to were manufactured, supplied, distributed, installed and/or contracted for by defendants and each of them.

Decedent's exposure to asbestos occurred at the following times and places, and involved exposure to dust created by the contractors and the products of the entities listed below. The exposure includes, <u>but is not limited,</u> to the following presently known contractors and the

manufacturers and distributors of asbestos-containing products

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Navy | Naval Training Center San Diego, CA | Trainee | 1954 |
| | Pearl Harbor Naval Shipyard Honolulu, HI | Shipfitter | 1954-1956 |
| | Hunters Point Naval Shipyard San Francisco, CA | Shipfitter | 1956-1958 |
| | <u>USS GENERAL A. E. ANDERSON</u> (AP-211); repair port, Naval Repair Facility Okinawa, Japan | | 11/16/1957-7/22/1958 |
| | <u>GENERAL J. C. BRECKINRIDGE</u> (AP-176) | Shipfitter | 9/16/1958-7/10/1961 |
| | Naval Repair Facility 32nd Street Annex San Diego, CA | Shipfitter | 7/11/1961-8/15/1963 |
| | <u>USS COCOPA</u> (ATF-101) | | 8/16/1963-7/6/1964 |
| | Pearl Harbor Naval Shipyard Honolulu, HI | Shipfitter | 7/7/1964-10/16/1964 |
| | <u>USS HASSAYAMPA</u> (AO-145); repair port, Naval Repair Facility Subic Bay, Philippines | Shipfitter | 10/17/1964-7/22/1968 |
| | Little Creek Naval | Shipfitter | 7/23/1968- |

| | | |
|---|---|---|
| Amphibious Base<br>Norfolk, VA | | 8/31/1968 |
| | Shipfitter | |
| USS CAMBRIA<br>(APA-36) | | 9/1/1968-<br>5/22/1970 |
| United States Naval<br>Recruiting Office<br>Evanston, IL | Recruiter | 1971 (3<br>months) |
| United States Naval<br>Recruiting Office<br>Waukegan, WI | Recruiter | 1971-1973 |

Job Duties: Decedent served in the United States Navy as a shipfitter and recruiter.

Decedent served as a shipfitter on multiple ships at the Pearl Harbor Naval Shipyard, Honolulu, Hawaii, from 1954 to 1956. Decedent worked with asbestos-containing insulation. Decedent's work conditions were very dusty.

Decedent served as a shipfitter on the USS GENERAL A.E. ANDERSON out of Hunters Point Naval Shipyard, San Francisco, California, from 1957 to 1958. Plaintiff recalls the USS ANDERSON went to the United States Naval Base in Okinawa, Japan for a major overhaul during this time.

Decedent served as a shipfitter on the USS GENERAL J.C. BRECKINRIDGE from 1958 to 1961.

Decedent served as a shipfitter on the USS COCOPA from 1963 to 1964. Plaintiff recalls this ship traveled to Vietnam for combat missions.

Decedent served as a shipfitter on the USS HAMPAYAMA out of the Naval Repair Facility, 32nd Street Annex, San Diego, California and the Pearl Harbor Naval Shipyard, Honolulu, Hawaii, from 1964 to 1967. Plaintiff recalls this ship underwent maintenance work at Subic Bay, Phillippines in approximately 1964 or 1965. Plaintiff recalls the following co-worker at Subic Bay, Philippines: Tom McGuire, North Charleston, South Carolina.

Decedent served on the USS CAMBRIA out of the Little Creek Naval Amphibious Base, Norfolk, Virginia between 1968 and 1971. Decedent worked as a shipfitter. Decedent's tour of duty took him to the Mediterranean Sea. Plaintiff recalls the following co-worker of the decedent on the USS CAMBRIA: H.R. Cherry, Gray, Tennessee.

Decedent's wife, Margaret Jo Lindsey, recalled the following co-workers from decedent's time in the US Navy: H.R. Cherry, Gray, TN; Tom McGuire, North Charleston, South Carolina; Pete

Lee, Bevard, South Carolina; David Goodwin, Nobleville IN; Herb Hebert, either Lafayette, Louisiana or Metairie, Louisiana.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| P.M. Tire Tupelo, MS | P.M. Tire Tupelo, MS | Quality Control Engineer | 1975-1977 |

Job Duties: Decedent worked in the quality control department for a tire manufacturer. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| New Albany Police Department New Albany, MS | City of New Albany New Albany, MS | Police Officer | 1977-1992 |

Job Duties: Decedent worked as a police officer in the city of New Albany, Mississippi. Plaintiff is currently unaware if decedent was exposed to asbestos during this employment.

PARA-OCCUPATIONAL EXPOSURE:
Decedent's father drove a tractor that dug trenches. Decedent's father did not do any work with asbestos-cement pipe.