1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   CHARLES T. SHELDON  (Bar No. 155598)
2  charles.sheldon@sdma.com
   DEREK S. JOHNSON  (Bar No. 220988)
3  derek.johnson@sdma.com
   One Market Plaza
4  Steuart Tower, 8th Floor
   San Francisco, California 94105
5  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
6
7  Attorneys for Defendant
   GENERAL ELECTRIC COMPANY
8
9
                        UNITED STATES DISTRICT COURT
10
                      NORTHERN DISTRICT OF CALIFORNIA
11
12
13  MARGARET McCUE, as Wrongful Death           CASE NO. CV 08-3181 EMC
    Heir, and as Successor-in-Interest to
14  STANLEY McCUE, Deceased; and                **GENERAL ELECTRIC COMPANY'S**
    STEPHANIE FINCH and JEFFERY                 **ANSWER TO FIRST AMENDED**
15  McCUE, as Legal Heirs of STANLEY            **COMPLAINT FOR SURVIVAL,**
    McCUE, Deceased, JOANN VALLADON,            **WRONGFUL DEATH -- ASBESTOS;**
16  as Wrongful Death Heir and as Successor-    **DEMAND FOR JURY TRIAL;**
    in-Interest to GEORGE VALLADON,             **CERTIFICATION OF INTERESTED**
17  Deceased; and BRAD VALLADON,                **ENTITIES**
    JOYCE SISSOM, TERRY VALLADON,
18  as Legal Heirs of GEORGE VALLADON,
    Deceased, MARGARET LINDSEY, as
19  Wrongful Death Heir and as Successor-in-
    Interest to ROBERT LINDSEY, Deceased;
20  and CYNTHIA LINDSEY TATE and
    MARCUS LINDSEY, as Legal Heirs of
21  ROBERT LINDSEY, Deceased

22          Plaintiffs,

23      v.

24  GENERAL ELECTRIC COMPANY,
    KAISER VENTURES LLC, NEWPORT
25  NEWS SHIPBUILDING AND DRY
    DOCK COMPANY, UNITED STATES
26  STEEL CORPORATION,

27          Defendants.

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

-1-

1    Defendant GENERAL ELECTRIC COMPANY ("GE") hereby answers for itself alone

2  and no others the Complaint For Survival, Wrongful Death (Asbestos), filed by plaintiffs

3  MARGARET LINDSEY, CYNTHIA LINDSEY TATE, and MARCUS LINDSEY("Plaintiffs")

4  on July 2, 2008, as follows:

5    1.    To the extent that paragraph 1 of the complaint consists of allegations of fact as to

6  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

7  allegations of paragraph 1, and on such basis the allegations are denied.  To the extent that

8  paragraph 1 of the complaint consists of allegations of fact as to Plaintiffs' decedent, GE lacks

9  sufficient knowledge or information to form a belief as to the truth of the allegations of

10  paragraph 1, and on such basis the allegations are denied.

11    2.    To the extent that paragraph 2 of the complaint consists of allegations of fact as to

12  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

13  of the allegations of paragraph 2, and on such basis the allegations are denied.  To the extent that

14  paragraph 2 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient

15  knowledge or information to form a belief as to the truth of the allegations of paragraph 2, and on

16  such basis the allegations are denied.

17    3.    To the extent that paragraph 3 of the complaint consists of allegations of fact as to

18  Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

19  allegations of paragraph 3, and on such basis the allegations are denied.

20    4.    To the extent that paragraph 4 of the complaint consists of allegations of fact as to

21  Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

22  of the allegations of paragraph 4, and on such basis the allegations are denied.  To the extent that

23  paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

24  sufficient knowledge or information to form a belief as to the truth of the allegations of

25  paragraph 4, and on such basis the allegations are denied.  To the extent that paragraph 4 of the

26  complaint consists of allegations of fact as to GE, GE denies such allegations.  GE denies the

27  allegation that each plaintiff claims damages for an asbestos-related disease arising from an

28  identical series of occurrences.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

1    5.    To the extent that paragraph 5 of the complaint consists of allegations of fact as to

2    Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

3    truth of the allegations of paragraph 5, and on such basis the allegations are denied.  To the

4    extent that paragraph 5 of the complaint consists of allegations of fact as to other defendants, GE

5    lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

6    paragraph 5, and on such basis the allegations are denied.  To the extent that paragraph 5 of the

7    complaint consists of allegations of fact as to GE, GE denies such allegations.

8    6.    To the extent that paragraph 4 of the complaint consists of allegations of fact as to

9    Plaintiffs' decedent, GE lacks sufficient knowledge or information to form a belief as to the truth

10    of the allegations of paragraph 4, and on such basis the allegations are denied.  To the extent that

11    paragraph 4 of the complaint consists of allegations of fact as to other defendants, GE lacks

12    sufficient knowledge or information to form a belief as to the truth of the allegations of

13    paragraph 4, and on such basis the allegations are denied.  To the extent that paragraph 4 of the

14    complaint consists of allegations of fact as to GE, GE denies such allegations.  GE denies the

15    allegation that each plaintiff claims damages for an asbestos-related disease arising from an

16    identical series of occurrences.

17    7.    To the extent that paragraph 6 of the complaint consists of allegations of fact as to

18    Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

19    truth of the allegations of paragraph 6, and on such basis the allegations are denied.  To the

20    extent that paragraph 6 of the complaint consists of allegations of fact as to other defendants, GE

21    lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

22    paragraph 6, and on such basis the allegations are denied.  To the extent that paragraph 6 of the

23    complaint consists of allegations of fact as to GE, GE denies such allegations.  GE denies the

24    allegation that each plaintiff claims damages for an asbestos-related disease arising from an

25    identical series of occurrences.  GE denies the allegation that each and every allegation of each

26    plaintiff regarding the nature of their decedent's asbestos-related diseases, the nature of asbestos,

27    the propensity of asbestos to cause disease, and the criteria for diagnosis of disease are all

28    identical.

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

-3-

8.    To the extent that paragraph 8 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 8 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 8, and on such basis the allegations are denied.

9.    To the extent that paragraph 9 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied.  To the extent that paragraph 9 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9, and on such basis the allegations are denied.  GE denies that it is a corporation incorporated under the laws of Connecticut.  GE admits that its principal place of business is in Connecticut.  GE lacks sufficient knowledge or information to form a belief as to the truth of the allegation that this court has original jurisdiction under 25 USC § 1332, and on such basis the allegation is denied.

10.    To the extent that paragraph 10 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 10 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied.  To the extent that paragraph 10 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10, and on such basis the allegations are denied.  GE lacks sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegation that the Northern District of California is the proper venue for this case, and on such basis the allegation is denied.

11.    To the extent that paragraph 11 of the complaint consists of conclusions of law, GE is not required to respond to it.  To the extent that paragraph 11 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

-4-

1 belief as to the truth of the allegations of paragraph 11, and on such basis the allegations are

2 denied. To the extent that paragraph 11 of the complaint consists of allegations of fact as to

3 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

4 allegations of paragraph 11, and on such basis the allegations are denied. To the extent that

5 paragraph 11 of the complaint consists of allegations of fact as to GE, GE lacks sufficient

6 knowledge or information to form a belief as to the truth of the allegations of paragraph 11, and

7 on such basis the allegations are denied.

8      12.     To the extent that paragraph 12 of the complaint consists of allegations of fact as

9 to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

10 of the allegations of paragraph 12, and on such basis the allegations are denied. GE admits that,

11 in the past, it manufactured, distributed, supplied and sold certain products which contained

12 some quantity of asbestos and/or had component parts which may have contained some quantity

13 of asbestos, during a time period which may or may not be relevant to this case. Except to the

14 extent admitted, GE denies all other allegations of fact as to GE in paragraph 12 of the

15 complaint.

16      13.     To the extent that paragraph 13 of the complaint consists of conclusions of law,

17 GE is not required to respond to it. To the extent that paragraph 13 of the complaint consists of

18 allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

19 belief as to the truth of the allegations of paragraph 13, and on such basis the allegations are

20 denied. To the extent that paragraph 13 of the complaint consists of allegations of fact as to

21 Plaintiffs, GE lacks sufficient knowledge or information to form a belief as to the truth of the

22 allegations of paragraph 13, and on such basis the allegations are denied. To the extent that

23 paragraph 13 of the complaint consists of allegations of fact as to GE, GE denies such

24 allegations.

25      14.     To the extent that paragraph 14 of the complaint consists of conclusions of law,

26 GE is not required to respond to it. To the extent that paragraph 14 of the complaint consists of

27 allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

28 belief as to the truth of the allegations of paragraph 14, and on such basis the allegations are

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

1   denied.  To the extent that paragraph 14 of the complaint consists of allegations of fact as to GE,

2   GE denies such allegations.

3        15.     To the extent that paragraph 15 of the complaint consists of allegations of fact as

4   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

5   of the allegations of paragraph 15, and on such basis the allegations are denied.  To the extent

6   that paragraph 15 of the complaint consists of allegations of fact as to Plaintiffs, GE lacks

7   sufficient knowledge or information to form a belief as to the truth of the allegations of

8   paragraph 15, and on such basis the allegations are denied.  To the extent that paragraph 15 of the

9   complaint consists of allegations of fact as to GE, GE denies such allegations.

10       16.     To the extent that paragraph 16 of the complaint consists of conclusions of law,

11  GE is not required to respond to it.  To the extent that paragraph 16 of the complaint consists of

12  allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

13  belief as to the truth of the allegations of paragraph 16, and on such basis the allegations are

14  denied.  To the extent that paragraph 16 of the complaint consists of allegations of fact as to

15  Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

16  truth of the allegations of paragraph 16, and on such basis the allegations are denied.  To the

17  extent that paragraph 16 of the complaint consists of allegations of fact as to GE, GE denies such

18  allegations.

19       17.     To the extent that paragraph 17 of the complaint consists of allegations of fact as

20  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

21  of the allegations of paragraph 17, and on such basis the allegations are denied.  To the extent

22  that paragraph 17 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

23  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

24  paragraph 17, and on such basis the allegations are denied.  To the extent that paragraph 17 of the

25  complaint consists of allegations of fact as to GE, GE denies such allegations.

26       18.     GE admits that, over time, inhalation or ingestion of asbestos fibers can

27  cause lung disease and cancer.  Except to the extent admitted, GE denies all allegations of

28  paragraph 18.

SEDGWICK
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

-6-

19.    To the extent that paragraph 19 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19, and on such basis the allegations are denied.

20.    To the extent that paragraph 20 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 20 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20, and on such basis the allegations are denied. To the extent that paragraph 20 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

21.    To the extent that paragraph 21 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 21 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21, and on such basis the allegations are denied. To the extent that paragraph 21 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

22.    To the extent that paragraph 22 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 22 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied. To the extent that paragraph 22 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on such basis the allegations are denied. To the

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

1    extent that paragraph 22 of the complaint consists of allegations of fact as to GE, GE denies such

2    allegations.

3          23.    To the extent that paragraph 23 of the complaint consists of conclusions of law,

4    GE is not required to respond to it. To the extent that paragraph 23 of the complaint consists of

5    allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6    belief as to the truth of the allegations of paragraph 23, and on such basis the allegations are

7    denied. To the extent that paragraph 23 of the complaint consists of allegations of fact as to

8    Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

9    truth of the allegations of paragraph 23, and on such basis the allegations are denied. To the

10   extent that paragraph 23 of the complaint consists of allegations of fact as to GE, GE denies such

11   allegations.

12         24.    To the extent that paragraph 24 of the complaint consists of allegations of fact as

13   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

14   of the allegations of paragraph 24, and on such basis the allegations are denied. To the extent

15   that paragraph 24 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

16   lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

17   paragraph 24, and on such basis the allegations are denied. To the extent that paragraph 24 of the

18   complaint consists of allegations of fact as to GE, GE denies such allegations.

19         25.    To the extent that paragraph 25 of the complaint consists of conclusions of law,

20   GE is not required to respond to it. To the extent that paragraph 25 of the complaint consists of

21   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

22   belief as to the truth of the allegations of paragraph 25, and on such basis the allegations are

23   denied. To the extent that paragraph 25 of the complaint consists of allegations of fact as to GE,

24   GE denies such allegations.

25         26.    To the extent that paragraph 26 of the complaint consists of conclusions of law,

26   GE is not required to respond to it. To the extent that paragraph 26 of the complaint consists of

27   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

28   belief as to the truth of the allegations of paragraph 26, and on such basis the allegations are

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH        CASE NO. CV 08-3181 EMC

1 | denied. To the extent that paragraph 26 of the complaint consists of allegations of fact as to GE,

2 | GE denies such allegations.

3 |     27.    To the extent that paragraph 27 of the complaint consists of conclusions of law,

4 | GE is not required to respond to it. To the extent that paragraph 27 of the complaint consists of

5 | allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

6 | belief as to the truth of the allegations of paragraph 27, and on such basis the allegations are

7 | denied. To the extent that paragraph 27 of the complaint consists of allegations of fact as to GE,

8 | GE denies such allegations.

9 |     28.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

10 | 27 of this Answer.

11 |     29.    To the extent that paragraph 29 of the complaint consists of allegations of fact as

12 | to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

13 | of the allegations of paragraph 29, and on such basis the allegations are denied. To the extent

14 | that paragraph 29 of the complaint consists of allegations of fact as to GE, GE denies such

15 | allegations.

16 |     30.    To the extent that paragraph 30 of the complaint consists of conclusions of law,

17 | GE is not required to respond to it. To the extent that paragraph 30 of the complaint consists of

18 | allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

19 | belief as to the truth of the allegations of paragraph 30, and on such basis the allegations are

20 | denied. To the extent that paragraph 30 of the complaint consists of allegations of fact as to

21 | Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the

22 | truth of the allegations of paragraph 30, and on such basis the allegations are denied. To the

23 | extent that paragraph 30 of the complaint consists of allegations of fact as to GE, GE denies such

24 | allegations.

25 |     31.    To the extent that paragraph 31 of the complaint consists of allegations of fact as

26 | to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

27 | of the allegations of paragraph 31, and on such basis the allegations are denied. To the extent

28 | that paragraph 31 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

SEDGWICK
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

-9-

1   lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

2   paragraph 31, and on such basis the allegations are denied.  To the extent that paragraph 31 of the

3   complaint consists of allegations of fact as to GE, GE denies such allegations.  GE lacks

4   sufficient knowledge or information to respond to the allegation that exposed persons did not

5   know of the substantial danger of using said products and, on that basis, denies it.

6       32.    To the extent that paragraph 32 of the complaint consists of allegations of fact as

7   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

8   of the allegations of paragraph 32, and on such basis the allegations are denied.  To the extent

9   that paragraph 32 of the complaint consists of allegations of fact as to GE, GE denies such

10  allegations.

11      33.    To the extent that paragraph 33 of the complaint consists of allegations of fact

12  as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the

13  truth of the allegations of paragraph 33, and on such basis the allegations are denied.  To the

14  extent that paragraph 33 of the complaint consists of allegations of fact as to GE, GE denies such

15  allegations.

16      34.    To the extent that paragraph 34 of the complaint consists of allegations of fact as

17  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

18  of the allegations of paragraph 34, and on such basis the allegations are denied.  To the extent

19  that paragraph 34 of the complaint consists of allegations of fact as to GE, GE denies such

20  allegations.

21      35.    To the extent that paragraph 35 of the complaint consists of allegations of fact as

22  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

23  of the allegations of paragraph 35, and on such basis the allegations are denied.  To the extent

24  that paragraph 35 of the complaint consists of allegations of fact as to Plaintiffs' decedents, GE

25  lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

26  paragraph 35, and on such basis the allegations are denied.  To the extent that paragraph 35 of the

27  complaint consists of allegations of fact as to GE, GE denies such allegations.

28      36.    To the extent that paragraph 36 of the complaint consists of conclusions of law,

**SEDGWICK**
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH     CASE NO. CV 08-3181 EMC

1   GE is not required to respond to it.  To the extent that paragraph 36 of the complaint consists of

2   allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a

3   belief as to the truth of the allegations of paragraph 36, and on such basis the allegations are

4   denied.  To the extent that paragraph 36 of the complaint consists of allegations of fact as to GE,

5   GE denies such allegations.

6          37.    To the extent that paragraph 37 of the complaint consists of allegations of fact as

7   to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

8   of the allegations of paragraph 37, and on such basis the allegations are denied.  To the extent

9   that paragraph 37 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

10  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

11  allegations of paragraph 37, and on such basis the allegations are denied.  To the extent that

12  paragraph 37 of the complaint consists of allegations of fact as to GE, GE denies such

13  allegations.

14         38.    To the extent that paragraph 38 of the complaint consists of allegations of fact as

15  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

16  of the allegations of paragraph 38, and on such basis the allegations are denied.  To the extent

17  that paragraph 38 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

18  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

19  allegations of paragraph 38, and on such basis the allegations are denied.  To the extent that

20  paragraph 38 of the complaint consists of allegations of fact as to GE, GE denies such

21  allegations.

22         39.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

23  38 of this Answer.

24         40.    To the extent that paragraph 40 of the complaint consists of conclusions of law,

25  GE is not required to respond to it.  To the extent that paragraph 40 of the complaint consists of

26  allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or

27  information to form a belief as to the truth of the allegations of paragraph 40, and on such basis

28  the allegations are denied.

**SEDGWICK**
Detert, Moran & Arnold
Moran & Arnold,
LLP

SF/1527594v1

-11-

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-3181 EMC

41.    To the extent that paragraph 41 of the complaint consists of conclusions of law, GE is not required to respond to it. To the extent that paragraph 41 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 41, and on such basis the allegations are denied.

42.    To the extent that paragraph 42 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42, and on such basis the allegations are denied. To the extent that paragraph 42 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 42, and on such basis the allegations are denied. To the extent that paragraph 42 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

43.    To the extent that paragraph 43 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 43, and on such basis the allegations are denied.

44.    To the extent that paragraph 44 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44, and on such basis the allegations are denied. To the extent that paragraph 44 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs' decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44, and on such basis the allegations are denied. To the extent that paragraph 44 of the complaint consists of allegations of fact as to GE, GE denies such allegations.

45.    To the extent that paragraph 45 of the complaint consists of allegations of fact as to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45, and on such basis the allegations are denied. To the extent

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

-12-

1  that paragraph 45 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

2  decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

3  allegations of paragraph 45, and on such basis the allegations are denied.  To the extent that

4  paragraph 45 of the complaint consists of allegations of fact as to GE, GE denies such

5  allegations.

6      46.    GE incorporates by reference as though fully set forth herein paragraphs 1 through

7  45 of this Answer.

8      47.    To the extent that paragraph 47 of the complaint consists of allegations of fact as

9  to other defendants, GE lacks sufficient knowledge or information to form a belief as to the truth

10 of the allegations of paragraph 47, and on such basis the allegations are denied.  To the extent

11 that paragraph 47 of the complaint consists of allegations of fact as to Plaintiffs and/or Plaintiffs'

12 decedents, GE lacks sufficient knowledge or information to form a belief as to the truth of the

13 allegations of paragraph 47, and on such basis the allegations are denied.  To the extent that

14 paragraph 47 of the complaint consists of allegations of fact as to GE, GE denies such

15 allegations.

16                              **PRAYER**

17     GE further denies that Plaintiffs are entitled to any damages to the extent Plaintiffs seek

18 damages from GE and denies that Plaintiffs are entitled to any relief from GE to the extent

19 Plaintiffs seek any relief from GE.  Further answering, GE lacks information or knowledge

20 sufficient to respond to each and every allegation in Plaintiffs' prayer for judgment and, on that

21 basis, denies them.

22          **SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES**

23     48.    By alleging the Separate and Additional Affirmative Defenses set forth below, GE

24 is not in any way agreeing or conceding that it has the burden of proof or burden of persuasion on

25 any of these issues.

26                    **FIRST AFFIRMATIVE DEFENSE**

27     49.    GE alleges that said complaint and each cause of action therein fails to state facts

28 sufficient to constitute a cause of action against GE.

SEDGWICK
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

-13-

## SECOND AFFIRMATIVE DEFENSE

50.     GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure Sections 335.1, 338, 340.2. and 340(3).

## THIRD AFFIRMATIVE DEFENSE

51.     GE alleges that the causes of action, if any, attempted to be stated and set forth in said complaint are barred in whole or in part by the equitable doctrines of waiver, estoppel, and laches.

## FOURTH AFFIRMATIVE DEFENSE

52.     GE alleges that Plaintiffs' decedents, ALBERT RICE and JOSEPH LUJAN ("Decedents") and others were negligent or otherwise at fault in and about the matters referred to in said complaint, and that such negligence and/or other fault bars or diminishes Plaintiffs' recovery against GE.

## FIFTH AFFIRMATIVE DEFENSE

53.     GE alleges that Decedents were solely negligent in and about the matters alleged in said complaint and that such negligence on the part of Decedents was the sole proximate cause of the injuries and damages complained of by Plaintiffs, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

54.     GE alleges that Decedents assumed the risk of the matters referred to in said complaint, that Decedents knew and appreciated the nature of the risk, and that Decedents voluntarily accepted the risk.

## SEVENTH AFFIRMATIVE DEFENSE

55.     GE is informed and believes and thereon alleges that Decedents misused and abused the products referred to in said complaint, and failed to follow instructions, and that such misuse, abuse and failure to follow instructions on the part of Decedents proximately caused and contributed to the injuries and damages complained of in said complaint, if any there were.

## EIGHTH AFFIRMATIVE DEFENSE

56.     GE alleges that if Decedents sustained injuries attributable to the use of any

SEDGWICK
Detert, Moran & Arnold,
Moran & Arnold,
LLP

SF/1527594v1

-14-

product manufactured, supplied, or distributed by GE, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose and improper use which was made of the product.

### NINTH AFFIRMATIVE DEFENSE

57.    GE alleges that if there was any negligence proximately causing the injuries or damages sustained by Plaintiffs, if any, such negligence, if any, was solely that of the defendants, persons, firms, or entities other than GE.

### TENTH AFFIRMATIVE DEFENSE

58.    GE alleges that there is no privity between Plaintiffs or Decedents and GE.

### ELEVENTH AFFIRMATIVE DEFENSE

59.    GE alleges that it gave no warranties, either express or implied, to Decedents and that neither Decedents nor others ever notified GE of any claims of breach of warranty, if any there were.

### TWELFTH AFFIRMATIVE DEFENSE

60.    GE alleges that said complaint and each cause of action therein is barred with respect to this answering defendant by the provisions of the Workers' Compensation Act, including but not limited to Sections 3600, 3601, and 5300 of the Labor Code of the State of California.

### THIRTEENTH AFFIRMATIVE DEFENSE

61.    GE alleges that if there was any negligence proximately causing the injuries or damages, if any, sustained by Decedents, such negligence, if any, is collateral negligence, as that term is used and defined in Restatement 2d Torts, Section 426 and derivative authority.

### FOURTEENTH AFFIRMATIVE DEFENSE

62.    GE alleges that at the time of the matters referred to in the complaint, Decedents were employed by employers other than GE and were entitled to and received workers' compensation benefits from their employers; and that if there was any negligence proximately causing the injuries and damages sustained by Plaintiffs, if any, such negligence, if any, was that of Decedents' employers.

## FIFTEENTH AFFIRMATIVE DEFENSE

63.     GE alleges that Plaintiffs' claims, and each of them, and this action, are preempted by federal statutes and regulations governing work place exposure to asbestos.

## SIXTEENTH AFFIRMATIVE DEFENSE

64.     GE alleges that the products referred to in said complaint, if manufactured by GE at all, were manufactured in strict compliance with United States government specifications, and that the hazards associated with use of the products, if any, were known equally to the government and GE. Boyle v. United Technologies Corp., 487 U.S. 500 (1988).

## SEVENTEENTH AFFIRMATIVE DEFENSE

65.     GE alleges that to the extent said complaint purports to state a cause of action or basis for recovery under Sindell v. Abbott Laboratories (1990) 26 Cal. 3d 588, it is barred by Plaintiffs' failure to join as defendants the manufacturers of a substantial share of the asbestos products market, to which asbestos products Decedents were allegedly exposed, thereby causing the damages alleged; and, should it prove impossible to identify the manufacturer of the product that allegedly injured Decedents, said purported claim or cause of action is barred by the fault of Plaintiffs and their agents in making identification of the manufacturer impossible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

66.     GE alleges that, to the extent said complaint purports to state a cause of action or basis for recovery upon lack of identification of the manufacturer of the alleged injury-causing product, it fails to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for relief which, if allowed, would contravene GE's constitutional rights to substantive due process of law, as preserved by the Fourteenth Amendment to the Constitution of the United States and by Article I, Section 7 of the Constitution of the State of California.

## NINETEENTH AFFIRMATIVE DEFENSE

67.     GE alleges that said complaint, to the extent that it seeks exemplary or punitive damages pursuant to California Civil Code Section 3294, violates GE's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I,

/ / /

SEDGWICK
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH     CASE NO. CV 08-3181 EMC

1  Section 7 of the Constitution of the State of California, and therefore fails to state a cause of

2  action upon which either punitive or exemplary damages can be awarded.

3                          **TWENTIETH AFFIRMATIVE DEFENSE**

4         68.      GE alleges that said complaint, to the extent that is seeks punitive or exemplary

5  damages pursuant to California Civil Code Section 3294, violates GE's right to protection from

6  "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

7  Article I, Section 17 of the Constitution of the State of California, and violates GE's right to

8  substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

9  Constitution and the Constitution of the State of California, and therefore fails to state a cause of

10  action supporting the punitive or exemplary damages claimed.

11                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

12         69.      GE alleges that said complaint, and each cause of action therein, fails to state facts

13  sufficient to warrant an award of punitive or exemplary damages against GE.

14                       **TWENTY-SECOND AFFIRMATIVE DEFENSE**

15         70.      GE alleges that at all relevant times Decedents' employers were sophisticated

16  users of asbestos-containing products, and that said employers were aware of the dangers, if any,

17  of asbestos-containing products, and that said employers' negligence in providing the products to

18  their employees in a negligent, careless and reckless manner was a superseding intervening cause

19  of Decedents' injuries, if any.

20                        **TWENTY-THIRD AFFIRMATIVE DEFENSE**

21         71.      GE alleges that at all relevant times Decedents were sophisticated users of

22  asbestos-containing products, that Decedents were aware, or should have been aware, of the

23  dangers, if any, of asbestos-containing products, and that the sophisticated user doctrine is a

24  complete bar to Plaintiffs' claims against GE as a matter of law.  <u>Johnson v. American Standard,</u>

25  <u>Inc.</u>, 43 Cal. 4th 56 (Cal. 2008).

26                       **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

27         72.      GE alleges that the "peculiar risk" doctrine is not applicable to the causes of

28  action attempted to be stated and set forth against this defendant, because the injuries and

**SEDGWICK**
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-3181 EMC

1 damages complained of in the complaint, if any there were, arose in the course and scope of

2 Decedents' employment by an independent contractor.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

4    73.    GE alleges that Plaintiffs are barred from recovery in that all products produced

5 by GE were in conformity with the existing state-of-the-art, and as a result, these products were

6 not defective in any manner.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

8    74.    GE alleges that the causes of action, if any, attempted to be stated and set forth in

9 said complaint for negligence per se are barred by California Labor Code Section 6304.5, and

10 derivative authority.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

12    75.    GE alleges that Plaintiffs and/or Decedents failed to exercise due diligence to

13 mitigate their losses, injuries or damages, if any, and, accordingly, the amount of damages to

14 which Plaintiffs are entitled, if any, should be reduced by the amount of damages which

15 otherwise would have been mitigated.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

17    76.    GE alleges that it had no knowledge, either actual or constructive, and by the

18 application of reasonable, developed human skills and foresight had no reason to know of the

19 propensities, if any, of any product allegedly manufactured, supplied, applied and/or sold by GE

20 to cause or contribute to the creation of medical conditions or circumstances involving alleged

21 injuries to the lungs, respiratory and cardiovascular systems, including cancer, mesothelioma, or

22 any other illness or any type whatsoever.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

24    77.    GE alleges that the provisions of California Civil Code Section 1431.2 are

25 applicable to the Complaint and each cause of action therein.

### THIRTIETH AFFIRMATIVE DEFENSE

27    78.    GE alleges that unforeseen and unforeseeable acts and omissions by others

28 constitute a superseding, intervening cause of Plaintiffs' injuries, if any.

SEDGWICK
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-3181 EMC

1               **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2         79.     GE alleges that each of Plaintiff's claims, and this entire action, are preempted by

3  all applicable federal law relating to railroads, their equipment, and/or alleged injuries and

4  damages arising therefrom, including but not limited to the Locomotive Boiler Inspection Act, 49

5  U.S.C. sections 20701 et seq.

6              **THIRTY-SECOND AFFIRMATIVE DEFENSE**

7         80.     The matters alleged in said complaint are encompassed within and barred by a

8  settlement and release agreement reached by the parties, which operates as a merger and bar

9  against any further litigation on matters raised or potentially raised in connection with the

10  settlement and release.

11              **THIRTY-THIRD AFFIRMATIVE DEFENSE**

12         81.     To the extent that Plaintiffs and/or Decedents have reached an accord with GE

13  regarding this litigation and this accord was then properly satisfied, the claims, causes of action,

14  and theories of liability asserted in said complaint are barred by the doctrine of accord and

15  satisfaction.

16              **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

17         82.     To the extent that Plaintiffs and/or Decedents released, settled, entered into an

18  accord and satisfaction, or otherwise compromised the claims herein, said claims are barred.

19              **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

20         83.     The claims asserted in said complaint have been settled, compromised or

21  otherwise discharged and GE is due a set off.

22              **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

23         84.     To the extent that Plaintiffs and/or Decedents previously filed a dismissal in court

24  dismissing with prejudice all of the asserted claims, causes of action , and other theories of

25  liability against GE, the matters alleged in said complaint are barred by retraxit.

26             **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

27         85.     Plaintiff's claims herein are barred based on the primary right and res judicata

28  doctrines which prohibit splitting a single cause of action into successive suits, and seeking new

**SEDGWICK**
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH    CASE NO. CV 08-3181 EMC

1  recovery for injuries for which the plaintiff was previously compensated by alleged joint

2  tortfeasors.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

4      86.     GE alleges that Plaintiffs do not assert any right to relief in respect of or arising

5  out of the same transaction, occurrence, or series of transactions or occurrences, and that no

6  question of law or fact common to all the Plaintiffs will arise in this action, and that therefore

7  Plaintiffs have been improperly joined in one action.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

9      87.     GE alleges that the causes of action, if any, attempted to be stated and set forth in

10  said complaint are barred by laches.

### FORTIETH AFFIRMATIVE DEFENSE

12      88.     Defendant alleges that the causes of action, if any, attempted to be stated and set

13  forth in said complaint are barred by applicable statutes of repose, including statutes of repose in

14  other states that are applicable to this action pursuant to California Code of Civil Procedure

15  section 361.

### <u>PRAYER</u>

17      WHEREFORE, GE prays that Plaintiffs take nothing by reason of their complaint as to

18  GE and that GE has judgment for its costs of suit and attorneys' fees and for such other and

19  further relief as this Court may deem just and proper.

20

21  DATED: August 6, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

22

23                          By:         /S/   Derek S. Johnson
                                    Derek S. Johnson
24                                  Attorneys for Defendant
                                    GENERAL ELECTRIC COMPANY
25

26

27

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH     CASE NO. CV 08-3181 EMC

**JURY DEMAND**

GE hereby demands a trial by jury of the captioned matter.

DATED: August 6, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:_____/S/  Derek S. Johnson_____
            Derek S. Johnson
            Attorneys for Defendant
            GENERAL ELECTRIC COMPANY

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil Local Rule 3/16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.


DATED: August 6, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:_____/S/   Derek S. Johnson_____
            Derek S. Johnson
            Attorneys for Defendant
            GENERAL ELECTRIC COMPANY

SEDGWICK
DETERT, MORAN & ARNOLD
Moran & Arnold,
LLP

SF/1527594v1

ANSWER TO COMPLAINT FOR WRONGFUL DEATH     CASE NO. CV 08-3181 EMC