1  Daniel J. Kelly (Bar No. 145088)
   Nairi Chakalian (Bar No. 212976)
2  HAIGHT BROWN & BONESTEEL LLP
   71 Stevenson Street, 20th Floor
3  San Francisco, California 94105-2981
   Telephone:  415.546.7500
4  Facsimile:  415.546.7505

5  Attorneys for Defendant NEWPORT NEWS
   SHIPBUILDING AND DRY DOCK COMPANY

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11 MARGARET McCUE, as Wrongful Death )   Case No. CV08-3181 EMC
   Heir, and as Successor-in-Interest to )
12 STANLEY McCUE, Deceased; and       )   **ANSWER OF NEWPORT NEWS**
   STEPHANIE FINCH and JEFFERY        )   **SHIPBUILDING AND DRY DOCK**
13 McCUE, as Legal Heirs of STANLEY   )   **COMPANY TO COMPLAINT;**
   McCUE, Deceased, JOANN VALLADON, ) **DEMAND FOR JURY TRIAL**
14 as Wrongful Death Heir, and as Successor- )
   in-Interest to GEORGE VALLADON,    )
15 Deceased; and BRAD VALLADON,       )
   JOYCE SISSOM, TERRY VALLADON,      )
16 as Legal Heirs of GEORGE VALLADON, )
   Deceased, MARGARET LINDSEY, as     )
17 Wrongful Death Heir, and as Successor-in- )  Complaint Filed:    July 2, 2008
   Interest to ROBERT LINDSEY, Deceased; )
18 and CYNTHIA LINDSEY TATE and       )
   MARCUS LINDSEY, as Legal Heirs of  )
19 ROBERT LINDSEY, Deceased,          )
                                      )
20          Plaintiffs,               )
                                      )
21      v.                            )
                                      )
22 GENERAL ELECTRIC COMPANY;          )
   KAISER VENTURES LLC; NEWPORT       )
23 NEWS SHIPBUILDING AND DRY          )
   DOCK COMPANY, UNITED STATES        )
24 STEEL CORPORATION,                 )
                                      )
25          Defendants.               )
   _____)
26

27        Defendant NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY

28 ("Newport" or "Defendant") in answer to the complaint of plaintiffs Margaret McCue, et.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

1

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

al. ("Plaintiffs") for asbestos wrongful death, admits, denies, and alleges as follows:

## I.

## **PARTIES**

1.      Newport lacks sufficient information to admit or deny the allegations contained in paragraph 1 and therefore denies each and every allegation.

2.      Newport admits that the term "Decedents" refers to Stanley McCue, George Valladon, and Robert Lindsey.  Newport lacks sufficient information to admit or deny the remaining allegations contained in paragraph 2 and therefore denies each and every allegation.

3.      Newport admits that the term "surviving spouse" refers to Margaret McCue, Joann Valladon, and Margaret Lindsey.  Newport lacks sufficient information to admit or deny the remaining allegations contained in paragraph 3 and therefore denies each and every allegation.

4.      Newport lacks sufficient information to admit or deny the allegations contained in paragraph 4 and therefore denies each and every allegation.

5.      Newport lacks sufficient information to admit or deny the allegations contained in paragraph 5 and therefore denies each and every allegation.

6.      To the extent that "defendants" includes Newport, Newport denies the allegations contained in paragraph 6.  As to the remaining allegations, Newport lacks sufficient information to admit or deny the allegations contained in paragraph 6 and therefore denies each and every allegation.

7.      Newport lacks sufficient information to admit or deny the allegations contained in paragraph 7 and therefore denies each and every allegation.

8.      Newport admits that it is a corporation.  Newport lacks sufficient information to admit or deny the remaining allegations contained in paragraph 8 and therefore denies each and every allegation.

/ / /

/ / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

2

Case No.  CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

9.     Jurisdiction:  Newport admits that it is a corporation and its principal place of business is in Virginia.  As to the remaining allegations of paragraph 9, Newport lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

10.     Venue/ Intradistrict Assignment:   Newport denies the allegations contained in paragraph 10.

## III.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION (Negligence-Survival)

11.     Newport denies that it is in any way responsible for Plaintiffs' or Decedent's alleged injuries or damages and further denies that it can be held responsible for the purported conduct of "Alternate Entities" or any of them as alleged in the complaint.  As to the remaining allegations of paragraph 11, Newport lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

12.     Newport denies the allegations contained in paragraph 12 as applied to it.  As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

13.     Newport denies the allegations contained in paragraph 13 as applied to it.  As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

14.     Newport denies the allegations contained in paragraph 14 as applied to it.  As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

15.     Newport denies the allegations contained in paragraph 15 as applied to it.  As to the remaining allegations of this paragraph, Defendant lacks sufficient information to admit or deny the allegations and therefore denies each and every allegation.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

3

Case No.  CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1    16.    Newport denies the allegations contained in paragraph 16 as applied to it.  As
2 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
3 admit or deny the allegations and therefore denies each and every allegation.

4    17.    Newport denies the allegations contained in paragraph 17 as applied to it.  As
5 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
6 admit or deny the allegations and therefore denies each and every allegation.

7    18.    Newport lacks sufficient information to admit or deny the allegations
8 contained in paragraph 18 and therefore denies each and every allegation.

9    19.    Newport lacks sufficient information to admit or deny the allegations
10 contained in paragraph 19 and therefore denies each and every allegation.

11    20.    Newport denies the allegations contained in paragraph 20 as applied to it.  As
12 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
13 admit or deny the allegations and therefore denies each and every allegation.

14    21.    Newport denies the allegations contained in paragraph 21 as applied to it.  As
15 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
16 admit or deny the allegations and therefore denies each and every allegation.

17    22.    Newport denies the allegations contained in paragraph 22 as applied to it.  As
18 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
19 admit or deny the allegations and therefore denies each and every allegation.

20    23.    Newport denies the allegations contained in paragraph 23 as applied to it.  As
21 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
22 admit or deny the allegations and therefore denies each and every allegation.

23    24.    Newport denies the allegations contained in paragraph 24 as applied to it.  As
24 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
25 admit or deny the allegations and therefore denies each and every allegation.

26    25.    Newport denies the allegations contained in paragraph 25 as applied to it.  As
27 to the remaining allegations of this paragraph, Defendant lacks sufficient information to
28 admit or deny the allegations and therefore denies each and every allegation.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

4

Case No.  CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1      26.    Newport denies the allegations contained in paragraph 26 as applied to it. As

2 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

3 admit or deny the allegations and therefore denies each and every allegation.

4      27.    Newport denies the allegations contained in paragraph 27 as applied to it. As

5 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

6 admit or deny the allegations and therefore denies each and every allegation.

7      **SECOND CAUSE OF ACTION (Products Liability-Survival)**

8      28.    Newport incorporates its responses to paragraphs 11-27 and by reference in

9 response to the allegations contained in paragraph 28.

10     29.    Newport denies the allegations contained in paragraph 29 as applied to it. As

11 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

12 admit or deny the allegations and therefore denies each and every allegation.

13     30.    Newport denies the allegations contained in paragraph 30 as applied to it. As

14 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

15 admit or deny the allegations and therefore denies each and every allegation.

16     31.    Newport denies the allegations contained in paragraph 31 as applied to it. As

17 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

18 admit or deny the allegations and therefore denies each and every allegation.

19     32.    Newport denies the allegations contained in paragraph 32 as applied to it. As

20 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

21 admit or deny the allegations and therefore denies each and every allegation.

22     33.    Newport denies the allegations contained in paragraph 33 as applied to it. As

23 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

24 admit or deny the allegations and therefore denies each and every allegation.

25     34.    Newport denies the allegations contained in paragraph 34 as applied to it. As

26 to the remaining allegations of this paragraph, Defendant lacks sufficient information to

27 admit or deny the allegations and therefore denies each and every allegation.

28 / / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1    35.    Newport denies the allegations contained in paragraph 35 as applied to it.  As
2    to the remaining allegations of this paragraph, Defendant lacks sufficient information to
3    admit or deny the allegations and therefore denies each and every allegation.

4    36.    Newport denies the allegations contained in paragraph 36 as applied to it.  As
5    to the remaining allegations of this paragraph, Defendant lacks sufficient information to
6    admit or deny the allegations and therefore denies each and every allegation.

7    37.    Newport denies the allegations contained in paragraph 37 as applied to it.  As
8    to the remaining allegations of this paragraph, Defendant lacks sufficient information to
9    admit or deny the allegations and therefore denies each and every allegation.

10    38.    Newport denies the allegations contained in paragraph 38 as applied to it.  As
11    to the remaining allegations of this paragraph, Defendant lacks sufficient information to
12    admit or deny the allegations and therefore denies each and every allegation.

13    **THIRD CAUSE OF ACTION (Negligence-Wrongful Death)**

14    39.    Newport incorporates its responses to paragraphs 11-27 and 29-38 by
15    reference in response to the allegations contained in paragraph 38.

16    40.    Newport admits that the complaint alleges the relationship between Decedent
17    and Plaintiffs but Newport lacks sufficient information to admit the accuracy of the
18    allegations.

19    41.    Newport lacks sufficient information to admit or deny the allegations
20    contained in paragraph 41 and therefore denies each and every allegation.

21    42.    Newport denies the allegations contained in paragraph 42 as applied to it.  As
22    to the remaining allegations of this paragraph, Defendant lacks sufficient information to
23    admit or deny the allegations and therefore denies each and every allegation.

24    43.    Newport lacks sufficient information to admit or deny the allegations
25    contained in paragraph 43 and therefore denies each and every allegation.

26    44.    Newport denies the allegations contained in paragraph 44 as applied to it.  As
27    to the remaining allegations of this paragraph, Defendant lacks sufficient information to
28    admit or deny the allegations and therefore denies each and every allegation.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

6

Case No.  CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1   45.   Newport denies the allegations contained in paragraph 45 as applied to it.  As

2   to the remaining allegations of this paragraph, Defendant lacks sufficient information to

3   admit or deny the allegations and therefore denies each and every allegation.

4   **FOURTH CAUSE OF ACTION (Products Liability-Wrongful Death)**

5   46.   Newport incorporates its responses to paragraphs 11-27 and 29-38, and 40-

6   45 by reference in response to the allegations contained in paragraph 46.

7   47.   Newport denies the allegations contained in paragraph 47 as applied to it.  As

8   to the remaining allegations of this paragraph, Defendant lacks sufficient information to

9   admit or deny the allegations and therefore denies each and every allegation.

10   **FIRST AFFIRMATIVE DEFENSE**

11   48.   Plaintiffs' complaint fails to state a claim against Newport upon which relief

12   may be granted.

13   **SECOND AFFIRMATIVE DEFENSE**

14   49.   Newport alleges that the product involved was materially altered or changed

15   by a party or parties other than, and without the permission of, this answering defendant,

16   its employees, servants, or other agents, such alteration or change creating the alleged

17   defect, if any, which was the legal cause of Plaintiffs' and/or decedents' injuries, or

18   damages, if any.

19   **THIRD AFFIRMATIVE DEFENSE**

20   50.   Newport alleges that the defect in the product, if any, was known to

21   decedents, who used said product after full knowledge of said alleged defect; that, as a

22   result, Plaintiffs are barred from recovery herein, proportionately or totally, in that

23   decedents voluntarily exposed themselves and their property to a known danger and

24   thereby assumed the risk of any injury or damage resulting from that injury.

25   **FOURTH AFFIRMATIVE DEFENSE**

26   51.   Newport alleges that Plaintiffs' complaint and each and every cause of action

27   therein based upon warranty or breach thereof, is barred as a result of failure of Plaintiffs

28   or decedents to give notice required under *Commercial Code* section 2607(3)(a).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

7

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1

**FIFTH AFFIRMATIVE DEFENSE**

2      52.    Newport alleges that the product was improperly maintained and cared for by

3  decedents or their employers or agents; that such improper maintenance and care created

4  the defect, if any, that was the legal cause of Plaintiffs' and decedents' injuries and

5  damages, if any; that such improper maintenance and care was unforeseeable to this

6  answering defendant; and that Plaintiffs' claim is thereby reduced by the percentage of all

7  responsibility attributable to Plaintiffs, decedents, their employers or other agents by virtue

8  of said improper maintenance and care.

9

**SIXTH AFFIRMATIVE DEFENSE**

10      53.    Newport alleges that the loss, injury, or damage, if any, incurred by Plaintiffs

11  was the result of superseding or intervening causes arising from negligent or willful acts or

12  omissions by parties which Newport neither controlled nor had the right to control, and

13  said losses, injuries, or damages were not proximately or legally caused by any act,

14  omission, or other conduct of Newport.

15

**SEVENTH AFFIRMATIVE DEFENSE**

16      54.    Newport alleges that the Plaintiffs and decedents failed to mitigate their

17  damages, if any, in that they failed to use reasonable diligence in caring for decedents'

18  injuries and reasonable means to prevent their aggravation or to accomplish their healing.

19

**EIGHTH AFFIRMATIVE DEFENSE**

20      55.    Newport alleges that, if it is responsible to Plaintiffs, which responsibility is

21  expressly denied, Newport shall be liable only for the amount of non-economic damages

22  allocated to Newport in direct proportion to its percentage of fault, if any.

23

**NINTH AFFIRMATIVE DEFENSE**

24      56.    Newport alleges that Plaintiffs' claims are barred by the doctrine of laches.

25

**TENTH AFFIRMATIVE DEFENSE**

26      57.    Newport alleges that, if the products described in the complaint were

27  manufactured or distributed by this answering defendant, they were manufactured or

28  distributed in accordance with specifications and requirements supplied to defendant by

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

8

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1   persons other than defendant including, but not limited to, the government of the United

2   States of America.  Any defect in said products was caused by deficiencies in said

3   mandatory specifications and requirements supplied to defendant, which deficiencies were

4   neither known to defendant nor discoverable by it with the exercise of reasonable care.

### ELEVENTH AFFIRMATIVE DEFENSE

6       58.    Newport alleges that neither Plaintiffs nor decedents were in privity with

7   defendant and, therefore, may not rely upon the theory of any alleged breach of express or

8   implied warranty.

### TWELFTH AFFIRMATIVE DEFENSE

10      59.    Newport alleges that any exposure of decedents to defendant's products was

11  so minimal as to be insufficient to establish a reasonable degree of probability that any

12  such product caused any alleged injury, damage, or loss to Plaintiffs or decedents.

### THIRTEENTH AFFIRMATIVE DEFENSE

14      60.    Newport is informed and believes, and upon such information and belief

15  alleges that decedents were negligent, careless, reckless, and acted unlawfully in the use,

16  control, direction and application of their bodily movements and the equipment, safety

17  devices, and other facilities supplied to them, and existing as a part of their environment,

18  and the injuries, if any, and damages, if any, were directly and legally caused, contributed

19  to, and exacerbated by their own negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

21      61.    Newport is informed and believes and upon such information and belief

22  alleges that decedents misused the product and used same after knowledge of defect, if

23  any, existing therein.

### FIFTEENTH AFFIRMATIVE DEFENSE

25      62.    Newport alleges that the decedents' employers so negligently, carelessly,

26  recklessly, and unlawfully directed, controlled, and supplied decedents and their co-

27  employees with a working environment, including safety and protective equipment,

28  clothing or the lack thereof, so as to directly and proximately cause and contribute to the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

9

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1 injuries in question, if the same do exist, and to the extent that any sum or sums have been

2 paid to Plaintiffs by said employer, this claim is barred thereby.

### SIXTEENTH AFFIRMATIVE DEFENSE

4     63.   Newport alleges that the complaint, and each and every cause of action

5 therein, fails to state facts sufficient to constitute a cause of action against defendant and is

6 barred by the provisions of *Labor Code* sections 3600, 3601, and/or 3602.

### SEVENTEENTH AFFIRMATIVE DEFENSE

8     64.   The complaint, and each and every cause of action therein, is barred by the

9 applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

11     65.   Newport alleges that the statutory authority, including but not limited to *Civil*

12 *Code* section 3294, pursuant to which plaintiffs claims punitive damages is invalid on its

13 face and/or as applied to this answering defendant pursuant to the First, Fifth, Eighth and

14 Fourteenth Amendments of the Constitution of the United States and Article I of the

15 Constitution of the State of California.

### NINETEENTH AFFIRMATIVE DEFENSE

17     66.   Newport alleges that, insofar as the Complaint alleges punitive damages

18 against defendant, such damages are not permitted in actions based upon wrongful death.

### TWENTIETH AFFIRMATIVE DEFENSE

20     67.   The complaint, and every purported cause action against Newport is barred

21 by the "Government Contractor Defense" recognized in *Boyle v. United Technologies*

22 *Corp.* 487 U.S. 500 (1988).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

24     68.   The complaint, and every purported cause action against Newport is barred

25 by the derivative sovereign immunity defense recognized in *Yearsley v. W.A. Ross*

26 *Construction Co.* 309 U.S. 18 (1940).

27 / / /

28 / / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

10

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2        69.      The complaint, and every purported cause action against Newport is barred

3 by the "Sophisticated User" doctrine recognized in *Johnson v. American Standard, Inc.*

4 (2008) 43 Cal.4th 56, 71 [74 Cal.Rptr.3d 108]. A manufacturer is not liable to a

5 sophisticated user of its product for failure to warn of a risk, harm, or danger, if the

6 sophisticated user knew or should have known of that risk, harm, or danger. The

7 "Sophisticated User" defense applies to both negligence and strict liability causes of

8 action. At all relevant times, decedents knew or should have known of the risk, harm or

9 danger, if any, posed by the use of the products allegedly at issue in this case.

10

## TWENTY-THIRD AFFIRMATIVE DEFENSE

11        70.      Defendant is informed and believes and thereon alleges that to the extent that

12 the "consumer expectations" test is applicable to any design defect claim, if any, it would

13 depend upon the reasonable expectation of the "sophisticated user" and not the reasonable

14 expectation of an ordinary consumer, employee, or any individual member of the

15 "sophisticated user" group.

16        WHEREFORE, defendant Newport News Shipbuilding and Dry Dock Company

17 prays for judgment as follows:

18        1.      That Plaintiffs take nothing by way of their complaint and that the complaint

19 be dismissed with prejudice;

20        2.      That Newport News Shipbuilding and Dry Dock Company be awarded its

21 costs of suit and attorney fees, as applicable; and

22        3.      For such other relief as the court deems just and proper.

23 Dated: August 11, 2008            HAIGHT BROWN & BONESTEEL LLP

24

25                         By: *Nairi Chakalian*

26                          Daniel J. Kelly
Nairi Chakalian
Attorneys for Defendant

27                          NEWPORT NEWS SHIPBUILDING
AND DRY DOCK COMPANY

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

11

Case No. CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING

1

## **DEMAND FOR JURY TRIAL**

2      Defendant Newport News Shipbuilding and Dry Dock Company hereby demands a

3  trial by jury in this action.

4  Dated:  August 11, 2008                    HAIGHT BROWN & BONESTEEL LLP

5

6                                  By: *Nairi Chakalian*

7                                      Daniel J. Kelly
                                       Nairi Chakalian
8                                      Attorneys for Defendant
                                       NEWPORT NEWS SHIPBUILDING
                                       AND DRY DOCK COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
San Francisco

NG06-0000188
3428407.1

12

Case No.  CV08-3181 EMC
ANSWER TO COMPLAINT BY NEWPORT
NEWS SHIPBUILDING