JEREMY D. HUIE, ESQ. (SBN 191145)
BASSI, MARTINI, EDLIN & BLUM LLP
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendant
KAISER VENTURES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO

MARGARET McCUE, as Wrongful Death Heir, and as Successor-in-Interest to STANLEY McCUE, Deceased; and STEPHANIE FINCH and JEFFREY McCUE, as Legal Heirs of STANLEY McCUE, Deceased; JOANN VALLADON, as Wrongful Death Heir and as Successor-in-Interest to GEORGE VALLADON, Deceased, and BRAD VALLADON, JOYCE SISSOM, TERRY VALLADON, as Legal Heirs of GEORGE VALLADON, Deceased; MARGARET LINDSEY, as Wrongful Death Heir and Successor-in-Interest to ROBERT LINDSEY, Deceased, and CYNTHIA LINDSEY TATE and MARCUS LINDSEY, as Legal Heirs of ROBERT LINDSEY, Deceased,

    Plaintiffs,

vs.

GENERAL ELECTRIC COMPANY, KAISER VENTURES LLC, NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, UNITED STATES STEEL CORPORATION,

    Defendants.

Case No. CV-08-3181

**DEFENDANT KAISER VENTURES LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant KAISER VENTURES LLC ("KVL") hereby answers the Complaint for Survival, Wrongful Death - Asbestos of Plaintiffs MARGARET McCUE, as Wrongful Death Heir, and as Successor-in-Interest to STANLEY McCUE, Deceased, STEPHANIE FINCH and JEFFREY McCUE, as Legal Heirs of STANLEY McCUE, Deceased (collectively "MCCUE"); JOANN VALLADON, as Wrongful Death Heir, and as Successor-in-Interest to GEORGE VALLADON, Deceased, BRAD VALLADON, JOYCE SISSOM, TERRY VALLADON, as Legal Heirs of GEORGE VALLADON, Deceased (collectively "VALLADON"); MARGARET LINDSEY, as Wrongful Dearth Heir, and as Successor-in-Interest to ROBERT LINDSEY, Deceased, and CYNTHIA LINDSEY TATE and MARCUS LINDSEY, as Legal Heirs of ROBERT LINDSEY, Deceased (collectively "LINDSEY") (all collectively as "PLAINTIFFS").

**PARTIES**

1. With regards to paragraphs 1-5, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph, as to all PLAINTIFFS.

2. With regards to paragraph 6, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph, as to MCCUE. KVL denies all allegations as to VALLADON and LINDSEY.

3. With regards to paragraph 7, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph, as to all PLAINTIFFS.

4. With regards to paragraph 8, KVL admits it is successor-in-interest to certain companies that have done business in California. KVL admits it is authorized to do business in California. KVL is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in paragraph 8, and on that basis denies all allegations contained in the paragraph, as to all PLAINTIFFS.

### JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

5. With regards to paragraph 9, KVL admits its principal place of business is in California. KVL denies it is a corporation incorporated under the laws of California. With regards to all else stated in paragraph 9, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph.

6. With regards to paragraph 10, KVL denies that venue is proper as none of the asserted claims against KVL by McCUE occurred within the jurisdiction of the Northern District of California, and none of the asserted claims against KVL by VALLADON occurred within the County of San Francisco. KVL denies all allegations as to LINDSEY.

### FIRST CAUSE OF ACTION

#### (Negligence- Survival)

7. With regards to paragraph 11, KVL admits that it is a successor by merger with and into Kaiser Ventures, Inc.; that Kaiser Ventures, Inc. was the Reorganized Successor to Kaiser Steel Corporation; that Kaiser Resources, Inc., and Kaiser Steel Resources, Inc. were names of the reorganized Kaiser Steel Corporation upon emerging from bankruptcy; that KSC Recovery, Inc. is a successor to the Bankruptcy Estate of Kaiser Steel Corporation; that Kaiser Steel Corporation formerly was known as Kaiser Company, Inc.; and that Kaiser Company, Inc. operated the Kaiser Vancouver Shipyard at certain times on behalf of the United States government. With regards to all else stated in paragraph 11, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all other allegations contained in the paragraph.

8. With regards to paragraph 12, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph, as to all PLAINTIFFS.

9. With regards to paragraphs 13-17, KVL denies those allegations pertaining specifically to KVL. As to the remainder, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

10. With regards to paragraph 18-19, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph, as to all PLAINTIFFS.

11. With regards to paragraphs 20-24, KVL denies those allegations pertaining specifically to KVL. As to the remainder, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

12. With regards to paragraphs 25-27, KVL denies those allegations pertaining specifically to KVL. As to the remainder, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

## SECOND CAUSE OF ACTION

### (Products Liability- Survival)

13. With regards to paragraph 28, KVL incorporates by reference its responses to the allegations of the First Cause of Action.

14. With regards to paragraphs 29-38, KVL denies those allegations pertaining specifically to KVL. As to the remainder, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

## THIRD CAUSE OF ACTION

### (Negligence- Wrongful Death)

15. With regards to paragraph 39, KVL incorporates by reference its responses to the allegations of the First Cause of Action.

16. With regards to paragraphs 40-41, KVL denies those allegations pertaining specifically to KVL. As to the remainder, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

17. With regards to paragraphs 42, 44 and 45, KVL denies those allegations pertaining specifically to KVL. As to the remainder, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

18. With regards to paragraphs 43, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies all allegations contained in the paragraph, as all PLAINTIFFS.

## FOURTH CAUSE OF ACTION

### (Products Liability- Wrongful Death)

19. With regards to paragraph 46, KVL incorporates by reference its responses to the allegations of the First, Second, and Third Causes of Action.

20. With regards to paragraph 47, KVL is without sufficient knowledge or information to form a belief as to the truth of allegations contained therein, and on that basis denies them.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against KVL.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication of this action.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs' claims are barred by laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that this Court does not have subject matter jurisdiction over this action or alternatively that the Court lacks jurisdiction due to insufficiency of process or the service thereof and/or improper venue.

### FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs have failed to commence this action within the time required by the applicable statutes of limitation.

### SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Plaintiffs' and/or Decedents' own fault and negligence in failing to exercise reasonable care for their own safety. Plaintiffs' recovery from KVL, if any, should therefore be reduced proportionate to such comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs failed to mitigate their alleged damages, if any there were.

### EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that if Plaintiffs and/or Decedents were injured in connection with products used or installed at KVL's premises, which is denied, such injury occurred after the expiration of the useful safe life of such products.

### NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that if Plaintiffs suffered any damages, which is denied, such damages were the sole and proximate result of an unavoidable accident.

### TENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that if Plaintiffs suffered any damages, which are denied, such damages were caused and/or contributed to by Plaintiffs' and/or Decedents' misuse of the product or products and Plaintiffs' recovery should be barred or reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that if Plaintiffs suffered any damages, which are denied, such damages were solely and proximately caused and/or contributed to by the negligence of third persons or entities over whom or which KVL had no control or supervision.

### TWELFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that this action is barred by the exclusivity provisions of the workers compensation statutes.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs and/or Decedents did not reasonably rely on any representation, disclaimer, warranty or other act or omission of KVL.

### FOURTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that KVL has "market share" liability or "enterprise liability," the complaint fails to state facts sufficient to constitute a cause of action against KVL.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that if Plaintiffs and/or Decedents suffered any injuries or damages, which are denied, the risk of any such injuries or damages was not foreseeable to KVL. KVL at all times material hereto acted in accordance with the state of scientific knowledge available to installers and/or users of asbestos-containing products.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that it received no notice of any dangerous, hazardous or defective condition or any breach of warranty, either expressed or implied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that at all times relevant to the matters alleged in Plaintiffs' complaint, Plaintiffs' and/or Decedents' employers were sophisticated users of asbestos-containing products and said employers' negligence in providing said products to its employees was a superseding and/or intervening cause of Plaintiff's injuries, if any there were.

### EIGHTEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that there was no concert of action among KVL and other defendants to this action and that any alleged liability or responsibility of KVL, which is denied, is minimal in proportion to the alleged liability and responsibility of other persons and entities including the other defendants herein. Plaintiffs should therefore be limited to seeking recovery from KVL for the proportion of alleged injuries and damages for which KVL is allegedly liable or responsible, all such alleged liability and responsibility being denied.

### NINETEENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that all creditors of KVL are permanently enjoined from instituting or continuing in any action or employing any process to collect any debt that arose before the entry of the Order Confirming the Second Amended Joint Plan of Reorganization, As Modified, as a personal liability of KVL, except pursuant to, and as specifically prescribed by, the Plan.

### TWENTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that it is entitled to set-off any settlements, judgments, or similar amounts received by Plaintiff, against any judgment rendered against it in a Plaintiff's favor herein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Plaintiffs' averments of fraud are not stated with sufficient particularity and are barred by Federal Rules of Civil Procedure Rule 9.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than KVL, for which KVL is not responsible.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that neither the complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiff to an award of punitive damages against KVL.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiffs' are not entitled to recover punitive or exemplary damages from KVL and that such damages violate the Constitutions of the United States and of the State of California.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendant KVL alleges that Plaintiff has failed to sufficiently allege successor liability against Defendant KVL.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that Plaintiff's instant action is barred and discharged, pursuant to Title 11, United States Code section 1141(d) and that Plaintiff action violates the pending injunction against such claims that exists, by operation of law, pursuant to Title 11, United States Code section 524(a)(2).

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, KVL alleges that effective on the date of the Order Confirming the Second Amended Joint Plan of Reorganization as modified, KVL was discharged from any Claim and any "debt" (as that

term is defined in section 101(11) of the Code) and, as a result of the entry of the Order, section 1141(d) of the Code and Article VIII of the Plan, KVL's liability in respect thereof was extinguished completed, whether reduced to judgment or not, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, fixed or not, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown, that arose from any agreement entered into or obligation incurred before the Confirmation Date, or from any conduct prior to the Confirmation Date, or that otherwise arose before the Confirmation Date, including, without limitation, all interests, if any, on any such debts, whether or not a proof of claim is filed or deemed filed under section 501 of the Code, such Claim is allowed under section 502 of the Code, or holder of such Claim has accepted the Plan.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to Plaintiffs' complaint, Defendant KVL alleges that its products were manufactured, produced, supplied, sold and distributed pursuant to contract with the United States government, and that any recovery by Plaintiffs on the complaint filed herein is barred by consequence of the judicially recognized doctrine of immunity conferred upon that contractual relationship, and any occurrences arising therefrom.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, Defendant KVL alleges that any asbestos-containing product or products alleged to have caused Plaintiffs' injuries were manufactured, used, installed and/or distributed in mandatory compliance with specifications promulgated by the United States government under its war powers, as set forth in the U.S. Constitution, and that any recovery by Plaintiffs is barred as a consequence of the exercise of those sovereign powers.

**PRAYER**

WHEREFORE, KVL prays for judgment as follows:

1. That Plaintiffs take nothing by reason of his complaint herein;
2. That judgment be entered in favor of KVL;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court may deem just and proper.

Date: August 11, 2008        BASSI, MARTINI, EDLIN & BLUM LLP

By: _____
JEREMY D. HUIE
Attorneys for Defendant
KAISER VENTURES LLC

Re: <u>McCue, Margaret (WD: Stanley) v. Asbestos Defendants</u>
<u>San Francisco County Superior Court Case No. CV-08-3181</u>

### PROOF OF SERVICE – CCP §1013(a)(3)

STATE OF CALIFORNIA/COUNTY OF San Francisco

I am a citizen of the United States and an employee in the County of San Francisco. I am over the age of eighteen (18) years and not a party to the within action. My business address is BASSI, MARTINI, EDLIN & BLUM LLP, 351 California Street, Suite 200, San Francisco, California 94104.

On the date executed below, I electronically served the document(s) via Northern District of California's Electronic Case Filing Website, described below, on the recipients designated on the Transaction Receipt located on the court's website.

**DEFENDANT KAISER VENTURES LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

on the following parties:

SEE SERVICE LIST PROVIDED BY ECF'S WEBSITE

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on August 11, 2008, at San Francisco, California.

/S/ CHRISTINE GILL
_____
CHRISTINE GILL

50387

1

PROOF OF SERVICE