DRATH, CLIFFORD, MURPHY & HAGEN, LLP
JOHN M. DRATH (State Bar No. 045031)
RAY Z. BACERDO (State Bar No. 139221)
1999 Harrison Street, Suite 700
Oakland, California 94612-3517
Telephone: (510) 287-4000
Facsimile: (510) 287-4050

Attorneys for Defendant
UNITED STATES STEEL CORPORATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET McCUE, as Wrongful Death Heir, and as Successor-in-Interest to STANLEY McCUE, Deceased; and STEPHANIE FINCH and JEFFERY mcCUE, as Legal Heirs of STANLEY McCUE, Deceased, JOANN VALLADON, as Wrongful Death Heir, and as Successor-in-Interest to GEORGE VALLADON, Deceased; and BRAD VALLADON, JOYCE SISSOM, TERRY VALLADON, as Legal Heirs of GEORGE VALLADON, Deceased, MARGARET LINDSEY, as Wrongful Death Heir, and as Successor-in-Interest to ROBERT LINDSEY, Deceased; and CYNTHIA LINDSEY TATE and MARCUS LINDSEY, as Legal Heirs of ROBERT LINDSEY, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL ECLECTRIC COMPANY, KAISER VENTURES LLC, NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY, UNITED STATES STEEL CORPORATION,<br><br>Defendants. | Case No.: CV 08 3181 EMC<br><br>UNITED STATES STEEL CORPORATION'S ANSWER TO COMPLAINT |

# I.
# PARTIES

1. Paragraph 1 of the Complaint identifies the plaintiffs in this lawsuit and no answer is required of Answering Defendant. Answering Defendant is without knowledge or information as to allegations concerning plaintiffs' relationships to the decedents.

2. Paragraph 2 of the Complaint identifies the decedents on whose behalf the suit is being brought, including the date of death, and as to these allegations no answer is required of Answering Defendant. However, Answering defendant denies that the decedent's injuries were caused or contributed to by Answering Defendant.

3. Paragraph 3 of the Complaint identifies the plaintiffs in this lawsuit and no answer is required of Answering Defendant. Answering Defendant is without knowledge or information as to allegations concerning plaintiffs' relationships to the decedents.

4. In response to paragraph 4 of the Complaint, Answering defendant denies that the decedents' alleged diseases were as a result of exposure to the decedent to any product that was manufactured, sold, or distributed by Answering Defendant.

5. In response to paragraph 5 of the Complaint, this Answering Defendant denies the pathogenesis of the decedents' disease as alleged therein and Exhibit A of the Complaint.

6. In response to paragraph 6 of the Complaint, this Answering Defendant denies the allegations therein.

7. In response to paragraph 7 of the Complaint, this Answering Defendant denies the allegations therein.

8. In response to paragraph 8 of the Complaint, this Answering Defendant lacks information and belief as to the legal status of other defendants. This Answering Defendant admits that it is a corporation authorized to conduct business in California as alleged in paragraph 8.

/ / /

/ / /

/ / /

## II.
## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

9.  In response to paragraph 9 of the Complaint, this Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations insofar as the State citizenship of each of the plaintiffs, and as to the place of incorporation and principal place of business of other defendants. This Answering Defendants denies the allegations that this Court has original jurisdiction to the extent the Judicial Panel on Multi-District Litigation entered an order transferring all asbestos cases pending in federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Statute"), and to the extent the MDL Statute applies to "tag-along actions." This Answering Defendants admits that it is a corporation incorporated under the laws of and has its principal place of business in the State of Pennsylvania.

10. This Answering Defendants denies the allegations that venue is proper herein to the extent the Judicial Panel on Multi-District Litigation entered an order transferring all asbestos cases pending in federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Statute"), and to the extent the MDL Statute applies to "tag-along actions."

## III.
## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
(Negligence - Survival)

11. Answering Defendant denies the allegations contained in paragraph 11 insofar as the allegations pertain to Answering Defendant or its alternate entities.

12. Answering Defendant denies the allegations contained in paragraph 12 insofar as the allegations pertain to Answering Defendant or its alternate entities.

13. Answering Defendant denies the allegations contained in paragraph 13 insofar as the allegations pertain to Answering Defendant or its alternate entities.

14. Answering Defendant denies the allegations contained in paragraph 14 insofar as the allegations pertain to Answering Defendant or its alternate entities.

15. Answering Defendant denies the allegations contained in paragraph 15 insofar as the allegations pertain to Answering Defendant or its alternate entities.

16. Answering Defendant denies the allegations contained in paragraph 16 and Exhibit A as incorporated in the Complaint, insofar as the allegations pertain to Answering Defendant or its alternate entities.

17. Answering Defendant denies the allegations contained in paragraph 17 and Exhibit A as incorporated in the Complaint, insofar as the allegations pertain to Answering Defendant or its alternate entities.

18. Answering Defendant denies the allegations contained in paragraph 18 insofar as the allegations pertain to Answering Defendant or its alternate entities.

19. Answering Defendant denies the allegations contained in paragraph 19 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant further denies that it caused or contributed to plaintiffs' decedents' injuries or damages.

20. Answering Defendant denies the allegations contained in paragraph 20 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant further denies that it caused or contributed to plaintiffs' decedents' injuries or damages.

21. Answering Defendant denies the allegations contained in paragraph 21 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant further denies that it caused or contributed to plaintiffs' decedents' injuries or damages.

22. Answering Defendant denies the allegations contained in paragraph 22 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant further denies that it caused or contributed to plaintiffs' decedents' injuries or damages.

23. Answering Defendant denies the allegations contained in paragraph 23 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant further denies that it caused or contributed to plaintiffs' decedents' injuries or damages.

24. Answering Defendant denies the allegations contained in paragraph 24 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant further denies that it caused or contributed to plaintiffs' decedents' injuries or damages.

25. Answering Defendant denies the allegations contained in paragraph 25 insofar as the allegations pertain to Answering Defendant or its alternate entities.

26. Answering Defendant denies the allegations contained in paragraph 26 insofar as the allegations pertain to Answering Defendant or its alternate entities.

27. Answering Defendant denies the allegations contained in paragraph 27 insofar as the allegations pertain to Answering Defendant or its alternate entities.

## SECOND CAUSE OF ACTION
(Products Liability - Survival)

28. Answering Defendant incorporates herein by reference, as though fully set forth herein, each of its responses to each paragraph of the First Cause of Action.

29. Answering Defendant denies the allegations contained in paragraph 29 insofar as the allegations pertain to Answering Defendant or its alternate entities.

30. Answering Defendant denies the allegations contained in paragraph 30 insofar as the allegations pertain to Answering Defendant or its alternate entities.

31. Answering Defendant denies the allegations contained in paragraph 31 insofar as the allegations pertain to Answering Defendant or its alternate entities.

32. Answering Defendant denies the allegations contained in paragraph 32 insofar as the allegations pertain to Answering Defendant or its alternate entities.

33. Answering Defendant denies the allegations contained in paragraph 33 insofar as the allegations pertain to Answering Defendant or its alternate entities.

34. Answering Defendant denies the allegations contained in paragraph 34 insofar as the allegations pertain to Answering Defendant or its alternate entities.

35. Answering Defendant denies the allegations contained in paragraph 35 insofar as the allegations pertain to Answering Defendant or its alternate entities.

36. Answering Defendant denies the allegations contained in paragraph 36 insofar as the allegations pertain to Answering Defendant or its alternate entities.

37. Answering Defendant denies the allegations contained in paragraph 37 insofar as the allegations pertain to Answering Defendant or its alternate entities.

38. Answering Defendant denies the allegations contained in paragraph 38 insofar as the allegations pertain to Answering Defendant or its alternate entities.

## THIRD CAUSE OF ACTION
(Negligence - Wrongful Death)

39. Answering Defendant incorporates herein by reference, as though fully set forth herein, each of its responses to each paragraph of the First and Second Causes of Action.

40. Answering Defendant is without knowledge or information as to allegations concerning plaintiffs' relationships to the decedents.

41. Answering Defendant is without knowledge or information as to allegations concerning plaintiffs' relationships to the decedents and/or they constitute all of the surviving heirs.

42. Answering Defendant denies the allegations contained in paragraph 42 insofar as the allegations pertain to Answering Defendant or its alternate entities.

43. Answering Defendant is without knowledge or information as to allegations in paragraph 43 concerning plaintiffs' relationships to the decedents.

44. Answering Defendant denies the allegations contained in paragraph 44 insofar as the allegations pertain to Answering Defendant or its alternate entities.

///
///
///

45.   Answering Defendant denies the allegations contained in paragraph 45 insofar as the allegations pertain to Answering Defendant or its alternate entities. Answering Defendant is without knowledge or information as to allegations concerning funeral expenses incurred by decedents' heirs.

FOURTH CAUSE OF ACTION
(Products Liability - Wrongful Death)

46.   Answering Defendant incorporates herein by reference, as though fully set forth herein, each of its responses to each paragraph of the First, Second and Third Causes of Action.

47.   Answering Defendant denies the allegations contained in paragraph 47 insofar as the allegations pertain to Answering Defendant or its alternate entities.

**IV.
DAMAGES AND PRAYERS**

Answering Defendant denies that Plaintiffs are entitled to damages sought in the Prayer for Damages as the allegations pertain to Answering Defendant or its alternate entities.

**AFFIRMATIVE DEFENSES**

1.   The complaint, and each of its causes of action, fails to state facts sufficient to constitute a cause of action against USS.

2.   USS contests plaintiffs' allegation that this Court has original jurisdiction to the extent the Judicial Panel on Multi-District Litigation entered an order transferring all asbestos cases pending in federal courts to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Statute"), and to the extent the MDL Statute applies to "tag-along actions."

3.   Plaintiffs' decedents' alleged injuries, losses or damages, if any, were aggravated by his failure to use reasonable diligence to mitigate them.

///

4.    Plaintiffs' decedents' injuries, if and to the extent they occurred, which occurrence is expressly denied, were caused solely by his recklessness, carelessness, and/or negligence.

5.    Plaintiffs' decedents' illnesses and injuries, if and to the extent they occurred, which occurrence is expressly denied, were contributed to by his own recklessness, carelessness and/or negligence. Plaintiffs' recovery from USS, if any, must be reduced by plaintiff's decedents' comparative fault.

6.    Plaintiffs' claims are barred by the applicable statutes of limitations, including California Code of Civil Procedure §§312, 338(1), 338(4), 339(1), 340(1), 340(3), 340.2, 343, 353 and 353(a); California Commercial Code §2725; and/or subject to discretionary and/or mandatory dismissal pursuant to California Code of Civil Procedure §§583.210; 583.250; 583.410; and/or by the doctrine of laches.

7.    Plaintiffs' decedents' illnesses and injuries, if and to the extent they occurred, which occurrence is expressly denied, pre-existed or were suffered after the alleged relationship between plaintiff and USS, and said injuries or illnesses were neither caused nor exacerbated by said relationship.

8.    Plaintiffs' decedents' illnesses and injuries, if and to the extent they occurred, which occurrence is expressly denied, were caused solely by the faults of third parties for which USS is not responsible.

9.    Plaintiffs' decedents' illnesses and injuries, if and to the extent they occurred, which occurrence is expressly denied, were contributed to by the faults of third parties for which AMI is not responsible.

10.    Plaintiffs' claims are barred by the applicable principles of waiver, unclean hands, and estoppel.

11.    This action, and plaintiffs' claims in it, are barred by the provisions of California Labor Code §§3300 *et seq.* and 3600 *et seq.*; and this court, accordingly, lacks subject matter jurisdiction as to this action.

///

12.  USS alleges that if the plaintiff is entitled to a joint judgment against USS and the remaining defendants, and each of them, USS prays this court order each of the judgment debtors to pay to the plaintiff their proportionate share of the joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if USS is required to pay to the plaintiff a disproportionate share of the judgment, USS prays leave of this court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

13.  USS alleges that plaintiffs' decedents assumed the risk of any injury and/or damages resulting from the matters set forth in the complaint, and that said assumption of risk by plaintiff was a proximate and/or legal cause of the injuries and/or damages sustained by plaintiff, if any there were.

14.  USS alleges that plaintiffs' decedents acknowledged, ratified and consented to, and acquiesced in the alleged acts or omissions, if any, USS, thus barring plaintiffs from any relief as prayed for herein.

15.  USS alleges that as a result of the matters alleged, plaintiffs' decedents have received, and will continue to receive, workers' compensation benefits from his employer or its insurance carrier, or both, in an amount not yet ascertained and determined; that the total amount of said payments is not yet known to USS and leave of court will be sought to amend this answer when the amount is determined; that by virtue of California Labor Code §3850, *et seq.*, said employer and its insurance carrier are subrogated to the rights of the plaintiff for any and all monies plaintiff may have received from defendants up to the amount paid to said plaintiff; that the plaintiff's damages arose as a direct and proximate result of the negligence and carelessness of plaintiff's said employer, and plaintiff's said employer and its insurance carrier are not entitled to reimbursement for monies paid or to be paid to plaintiff; and in the event of any judgment in favor of plaintiff and against USS, it should be reduced by the amount paid or the amount to be paid plaintiff by said employer or its insurance carrier.

///

16. USS alleges that all activities of USS alleged in the complaint conform to statutes, governmental regulations and industry standards based upon the state of knowledge existing at the time alleged in the complaint.

17. USS alleges that the injuries and damages, if any, alleged by plaintiff in his complaint, were proximately caused by the idiosyncrasy of plaintiff's bodily composition and, consequentially, unforeseeable allergic reaction to the products, chemicals and compounds referred to in plaintiff's complaint.

18. USS alleges that any injuries resulting from the use of the products, chemicals and compounds referred to in plaintiff's complaint, which injuries are hereby expressly denied, were not

foreseeable to USS given the state of knowledge and state-of-the-art at the time of the alleged injuries.

19. Plaintiff's claims for punitive damages violates USS' right to due process and equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 7, of the California Constitution in that:

    a. neither California Civil Code §3294 nor any other provision of California law provides an adequate or meaningful standard for determining the nature of conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of punitive damage award;

    b. neither California Civil Code §3294, nor any other provision of California law provides adequate procedural safeguards for the imposition of punitive damages, including, but not limited to,

        i. imposing such damages only upon the presentation of evidence beyond a reasonable doubt;

        ii. protecting the defendant's privilege against self-incrimination; and

        iii. providing for a unanimous jury verdict as to the punitive damages portion of any adverse judgment.

20. USS alleges that the injuries and/or damages alleged by plaintiffs' decedents were directly and proximately caused or contributed to by the tortious acts and/or omissions of third parties over whom AMI had no control nor which AMI had any duty to control.

21. USS alleges that plaintiff's claims are barred by his inability or failure to join as parties all persons and/or entities necessary and proper for the fair adjudication this action.

22. USS alleges that venue herein is improper as to it.

23. USS alleges that the jobs at worksites on which plaintiffs' decedents worked were controlled by entities other than USS; if plaintiff ever worked on A USS' premises, which USS expressly denies, USS lacked control over his worksite.

24. USS alleges that the complaint is not brought in good faith, and defendant is entitled to reasonable expenses, including attorneys' fees pursuant to California Code of Civil Procedure §128.5.

25. USS alleges that all alleged USS products were furnished according to contracts or government and/or purchase specifications, and USS is not liable for any resulting injuries by materials that conformed to such specifications.

26. USS alleges that it is entitled to the full benefits and protections provided under Civil Code §1431.1 *et seq.*, otherwise entitled the Fair Responsibility Act of 1986.

27. USS alleges that plaintiffs decedents' employers were, and are, sophisticated users and knew independently, or should have known, of any danger or hazard associated with the use of a product containing asbestos and of exposure to high levels of dust of any sort. Defendant further alleges that plaintiff's decedents' employers failed to protect plaintiff from the danger or hazard associated with the use of asbestos-containing products, resulting in alleged damages due to plaintiff and plaintiff's employers' act or omission and failure to act as sophisticated users of such products.

28. USS alleges that at all times and places mentioned in the complaint, plaintiffs' decedents and/or other persons used this answering defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to this defendant, and for a purpose for which the products were not intended, manufactured, or designed. Plaintiffs

injuries and damages, if any, were, therefore, directly and proximately caused by plaintiff's misuse and abuse of such products.

29. USS alleges that plaintiffs lack standing to bring an action for wrongful death.

30. Because of the generality of the allegations in the Complaint, USS reserves the right to amend its answer and affirmative defenses if investigation and discovery and further information should warrant such an amendment, and further, to assert any applicable matters of law during the pendency of this action.

WHEREFORE, defendant prays that plaintiffs take nothing by way of the complaint on file herein, and that defendant recover its costs and such other and further relief as the court deems proper.

### JURY DEMAND

Defendant hereby demands trial by jury of all issues of this cause.

DATED: August 18, 2008          DRATH, CLIFFORD, MURPHY & HAGEN, LLP

By_____
Ray Z. Bacerdo
Attorneys for Defendant UNITED STATES STEEL CORPORATION

## PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen (18) years and not a party to the within action.

My business address is 1999 Harrison Street, Suite 700, Oakland, California.

On August 18, 2008 I served the within:

UNITED STATES STEEL CORPORATIONS ANSWER TO COMPLAINT

on all interested parties in said action, addressed as follows.

| | |
|---|---|
| Alan R. Brayton<br>David R. Donadio<br>Brayton Purcell LLP<br>222 Rush Landing Road<br>Novato, CA 94948<br>P: 415-898-1555<br>F: 4152-898-1247<br>DDonadio@braytonlaw.com<br>Attorneys for PLAINTIFFS | Derek S. Johnson<br>Sedgwick Detert Moran & Arnold<br>One Market Plaza<br>Steuart Tower, 8th Floor<br>San Francisco, CA 94105<br>P: 415-781-7900 x 1569<br>F: 415-781-2635<br>derek.johnson@sdma.com<br>Attorneys for GENERAL ELECTRIC COMPANY, KAISER VENTURES LLC |
| Nairi Chakalian<br>Daniel J. Kelly<br>Haight Brown and Bonsteel LLP<br>71 Stevenson Street, 20th Floor<br>San Francisco, CA 94105<br>dkelly@hbblaw.com; jybarra@hbblaw.com<br>Attorneys for NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY | Jeremy D. Huie<br>BASSI, MARTINI, EDLIN & BLUM LLP<br>351 California Street, Suite 200<br>San Francisco, CA 94104<br>jhuie@bmeblaw.com<br>Counsel for KAISER VENTURES LLC |

**✘**_____**MAIL:** By placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Post Office in Oakland, California. I am readily familiar with the firm's practice of collection and processing correspondence/documents for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party or parties served that service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of depositing for mailing.

_____**FAX:** By causing a true copy to be transmitted via facsimile to the addressee(s) noted above at the facsimile number shown.

_____**E-MAIL** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**✘**_____**ELECTRONIC:** Pursuant to court order, I submitted said document electronically to ECF to be posted to the website, and notice was given to all parties that the document has been served.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 18, 2008, at Oakland, California.

_____
LISA L. BROWN